# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 21-14208

Donnahue George, Plaintiff -Appellant

v.

Ken Griffin et al

Defendant- Appellees

On Appeal from

the United States District Court

for the Southern District of Florida

Case No. 21-CV- 61719

**INITIAL BRIEF OF PLAINTIFF- APPELLANT**

Donnahue George

1012 NW 2nd Street

Fort Lauderdale Fl 33311

(347) 216-5257

Email: DonnahueGeorge@gmail.com

1

# **STATEMENT OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT**

Plaintiff- Appellant does not have a parent corporation and is not a publicly held corporation.

Interested parties are as follows:

Ken Griffin, Defendant- Appellee

Citadel Securities. Defendant-Appellee

Citadel LLC, Defendant-Appellee

FINRA, Defendant-Appellee

DTCC, Defendant-Appellee

Robinhood, Defendant- Appellee

SEC, Defendant-Appellee

Donnahue George, Plaintiff- Appellant

Jason Sternberg, Attorney for Defendant

David Mandel, Attorney for Defendant

Adam Unikowsky, Attorney for Defendant

Gustavo Membiela, Attorney for Defendant

David Mandel, Attorney for Defendant

Honorable Judge K. Michael Moore U.S. District Court Judge

2

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant requests Oral argument because Plaintiff-Appellant continues to suffer irrevocable losses because of the actions of the Defendants and he believes it could significantly aid in the decisional process in this case.

# TABLE OF CONTENTS

STATEMENT OF INTERESTED PERSONS..................................2

STATEMENT REGARDING ORAL ARGUMENT.......................3

TABLE OF CONTENTS..................................................4

TABLE OF AUTHORITIES..............................................5

JURISDICTIONAL STATEMENT.........................................6

STATEMENT OF ISSUES ON APPEAL..................................6

STATEMENT OF THE CASE............................................7

COURSE OF PROCEEDINGS AND DISPOSITION BELOW.............7

STATEMENT OF FACTS...............................................10

STANDARD OF REVIEW..............................................14

SUMMARY OF ARGUMENT...........................................14

ARGUMENT..........................................................16

CONCLUSION........................................................25

CERTIFICATE OF COMPLIANCE WITH FED.R. APP.P.32(a).........27

CERTIFICATE OF SERVICE............................................28

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Epson Corp v. Kravchuk et al.*

*18-15124 &18-15245 (9th Cir, Dec 27,2019…… … … … … … … ..… 18*

*Guice v Sec,y, Dep't of Labor*

*754 F. App x 789, 791, (11th Cir 2018}… … … … … … … … … … …18*

*Zhang v, Am, Gem SeafoodsInc,*

*339 F.3d 1020. 1028 (9th Cir 2003)…………………………………20*

*Hickman v.  Taylor 329 U.S. 495, 500(1947)… … …… …… …… …..20*

*See Yeti by Molly Ltd v, Deckers Outdoor Corp*

*259 F.3d 110. 1106 (9th Cir 2001)…………………………………21*

*Granny Goose Food, Inc v. Brotherhood of Teamsters & Auto Truck Drivers,*

*415 U.S. 423 441 (1974)…… … … …… … …… …… … … … …… …22*

*SEC v. Unique Fin Concepts Inc. 196 F .3d 1195, 1199 n. 2(11th Cir. 1999) (citing Mgmt Dynamics, Inc, 515 F.2d at 806-07; SEC v. Manor Nursing Ctrs. Inc, 458 F.2d 1082, 1100 (2d Cir. 1972) see also SEC v. Schooler, 902 F, Supp. 2d 1341, 1345 (S.D Cal. 2012)… … …… … …… …… … … …… … …… … …22*

*See Dymo Indus, Inc v TapePrinter, Inc,*

*326 F.2d 141, 143 (9th Cir. 1964)… …… … …… … …… …… … …..23*

*Rabkin v. Oregon Health Sciences Univ.*

*350 F.3d 967. 977 (9th Cir 2003)… …… … …… … …… …… …..…14*

*E,T v, Cantil- Sakauye,*

*No. 10-15248,  F.3d 2012 WL 76351 (9th Cir. March 12 2012)…..… 14*

*U.S. v. Laurienti, 611 F.3d 530, 551 (9th Cir 2010)… …… …… ……14*

*Federal Statutes*

*Fed. R.Civ 60(b)(1)…………………………………………………8*

*18 USC Section 1962 ……………………………………………12*

*Sherman act of 1890 the Clayton Act of 1914 and the Federal Trade Commission act of 1914 ……………………………………………………14*

*Fed R. Civ 26 (d) Procedure Time for initial disclosures for parties served or joined later………………………………………………17*

*Fed. Rules of Civil procedures (37) Failure to make disclosures or participate in Discovery…………………………………………………18*

*Fed. R. Civ. P. 37(b)(1) Failure to Comply with a court order…20*

*Fed R. Civ P 26(a) Required Disclosures……………………20,21*

*Fed. R. Civ. P. 37(c)(1) self executing provision………………20,21*

**Local Rules**

*16(b)(2) Time to issue scheduling order…………………………16*

*S.D. Fla. L.R. 16.1(b) Joint Scheduling Report………………17*

*Fla. L.R. 16.1 (b)(2)(C)(i) proposed limits on the time to join the parties and to amend the pleading……………………………………………18*

## JURISDICTIONAL STATEMENT

Jurisdiction is proper in this case under 28 U.S.C. 1331, as this appeal arises from a judgment closing plaintiff-appellants case on October 29, 2021 because a Joint Scheduling report was not done and the denial of the motion for reconsideration on November 3, 2021 and the denial of Plaintiff-Appellants motion on November 17, 2021 requesting the courts order the defendants to participate in preparing the Joint Scheduling report, not accepting Plaintiffs-Appellants Joint Scheduling Report and request for sanctions for not complying plus request that defendants are precluded from presenting any evidence contrary to Plaintiff-Appellants claim because Defendants refused to participate in Discovery in the United States District Court for the Southern District of Florida. The court has appellate jurisdiction pursuant to

28 U.S.C 1291. The District Court entered a final judgment denying Donnahue George motion for reconsideration on November 3, 2021. A notice of appeal was timely filed on December 2, 2021.

## STATEMENT OF ISSUES ON APPEAL

(1) Whether the District Court erred by closing Plaintiff- Appellant case because a Joint scheduling report was not done and then denying Plaintiffs motion for enlargement and refusing to accept Plaintiffs-Appellants signed Joint scheduling order

(2) Whether the District Court erred by denying Plaintiff-Appellant Donnahue George motion requesting that the court order the Defendants to participate in preparing the Joint Scheduling Order and Plaintiff-Appellant Donnahue George request for sanctions including precluding Defendants from presenting evidence contrary to Plaintiff-Appellants claims because defendants refused to participate in discovery

(3) Whether the District Court erred by denying Plaintiff-Appellant Donnahue George motion for Preliminary Injunction as moot when court entered the motion as a permanent injunction on court records because Court prematurely closed the case because of failure to submit a joint scheduling order causing Plaintiff-Appellant irrevocable harm.

## STATEMENT OF THE CASE

### 1. COURSE OF PROCEEDINGS AND DISPOSITION BELOW

Plaintiff-Appellant Donnahue George filed a complaint against the defendants on August 17, 2021 alleging Rico violations, Breach of Contract, Fraud and Anti-trust violations.(See ECF#1) On August 18, 2021 The judge ordered that the parties hold a scheduling conference within 20 days of filing the first responsive pleading by the last served defendant or within 60 days of filing complaint whatever came first. (See ECF#5) However if all defendants were not served Plaintiff could request an enlargement not to exceed 90 days from the filing of the complaint.

Plaintiff Donnahue George filed an amended complaint and a Motion for Preliminary Injunction on September 7, 2021.(See ECF#10) Someone in the Courts entered it into the record as a Permanent injunction. Plaintiff has no idea why that was done. On September 8, 2021 the courts ruled that they would not hear the preliminary injunction. (See ECF#12)

On September 30, 2021 the Judge set a briefing schedule on the motion for preliminary injunction (See ECF# 21) On November 4, 2021 Plaintiff filed a amend the complaint (see ECF#54)

On October 29, 2021 the Courts ruled that the case was dismissed without prejudice because the parties did not file the Joint Scheduling report and denying the preliminary injunction as moot, and that parties could reopen the case upon parties filing the joint scheduling report.(See ECF#51)

8

On November 2, 2021 Plaintiff filed a motion requesting that the court reopen the case pursuant to Fed. R.Civ 60(b)(1) and that the courts rule on the preliminary injunction (See ECF#52) on November 3, 2021 the courts denied that request. (See ECF#53)

Plaintiff Donnahue George then attempted to get the defendants together to prepare the Joint scheduling Report and the Defendants refused stating until all defendants were served they were not going to participate in preparing the joint scheduling report. On November 4, 2021 Plaintiff Donnahue George filed a motion with the courts requesting that the courts order the defendants to participate in preparing the Joint scheduling report (see ECF#55) and that motion was denied without prejudice on November 5, 2021(see ECF#57)

On November 5, 2021 Plaintiff Filed a request for enlargement of the time to prepare the Joint scheduling order pursuant to the judges order on October 18, 2021 because all the defendants had not been served. (See ECF#56) On November 8, 2021 the court denied the plaintiffs motion for an enlargement(See ECF#58) so that he could get all the defendants served and then get the Joint scheduling order prepared.

On November 15, 2021 Plaintiff Donnahue George filed a motion in opposition of Defendants motion to for refusal to participate in the joint scheduling order and requesting that courts sanction defendants for not participating in discovery and

9

failure to make disclosure. (See ECF#59) Plaintiff Donnahue George also submitted a Joint Proposed scheduling order signed by Plaintiff Donnahue George(See ECF#60) On November 17, 2021 The courts denied Plaintiff Donnahue George motion for sanctions denied Plaintiffs Motion to order Defendants to participate in preparing Joint scheduling report and refused to accept the Joint Scheduling report that was submitted by Plaintiff.(See ECF#64) Defendants said they were refusing to participate in preparing the Joint scheduling report because all defendants were not served even though there are federal rules in place to deal with that scenario. Plaintiff Donnahue George filed a notice of dismissal on November 29, 2021 in regards to CTFC and Webull so that would make all the defendants served. After Plaintiff Donnahue George filed the dismissal of CTFC and WEbull Now the Defendants were saying that they were not going to participate in preparing the Joint scheduling report because they were questioning the service to the SEC. Plaintiff Donnahue George explained to the Defendnats that they did not have any standing to contest the service to the SEC and that they were required to participate in preparing the Joint Scheduling order and defendants refused.

On November 30, 2021 Plaintiff Donnahue George once again filed a motion for the courts to order the defendants to participate in preparing the Joint Scheduling order.

10

On December 2, 2021 Plaintiff Donnahue George filed his Notice of Appeal with the District Court because even though DTCC and the SEC are government agencies and Plaintiff should have had 60 days to appeal Plaintiff Donnahue George did not want to take the chance that the Courts might hold that they were not government agencies and that plaintiff only had 30 days to file his appeal to the district court final orders

On December 3, 2021 The court denied Plaintiffs motion requesting that court order defendants to participate in preparing the Joint Scheduling order

## 2. STATEMENT OF FACTS

1. This case arises out of the fact that the SEC and other government agencies have breached the contract that they have with myself and other United States Citizens. We pay them to protect our interest as retail investors and insure a fair and open Market, and by accepting those payments they contract to protect the integrity of the market. .The SEC FINRA  CFTC and the DTCC have breached the contract that they have with myself other American citizens and the entire worlds economic system. They breached the contract by turning a blind eye to the irregularities and illegal acts in the market and allow this malfeasance to continue, costing Donnahue George losses of $1,700,000.00 and other retail investors millions of dollars. Even when these government agencies put on an appearance of fining theses bad actors in our markets, the fines and punishments are so small that instead of acting as a

deterrent the fines and punishments actually embolden the bad actors to continue their bad behavior.

2. Plaintiff legal research has also come to the conclusion that the rules and regulations put in place by the SEC the DTCC and FINRA violate the defendants 14th amendment rights and are therefore unconstitutional.

   The Government agencies actions are similar to a bank robbery. The bank robbers are caught by the police but instead of arresting the bank robbers and taking them to jail the police take a cut of the ill-gotten proceeds and then let the bank robbers keep the rest of their ill gotten gains, never requiring them to return the funds to the entities that suffered the losses. In what other industry in this world would this type of behavior be acceptable.

3. Robinhood, Webull along with Ken Griffin Citadel, Citadel Connect , Citadel Securities SEC, FINRA, CFTC and DTCC have created an Enterprise and Conspired and participated in conduct that manipulated the Market and controlled the prices of stocks, to the detriment of myself and other retail investors. The Defendants pattern of behavior of allowing market manipulation or participating in Market Manipulation is ongoing and continuous and a violation of United States Antitrust Laws. The Defendants established a private Dark pool in order to manipulate the price of securities and derivatives. The Defendants actions and the Government agencies inaction were direct cause of my monetary losses. Citadel

12

Connect acts as a private Dark Pool and while the SEC has strict regulations regarding dark pool registration Citadel Connect has been given free rein by SEC FINRA CFTC and DTCC to operate outside the law to the detriment of Donnahue George and other retail investors nationally and internationally.

4. The Defendants committed substantive Rico Violations per 18 USC Section 1962 resulting in the plaintiff Donnahue George losing money and the Injury occurred because of the Defendants substantive RICO violations. The Defendants committed counterfeiting and wire fraud by counterfeiting and selling fake synthetic shares into the market that they knew did not exist and then sending electronic wire to plaintiff alleging they wired the stocks and derivatives through WEbull and Robinhood that Plaintiff purchased when in reality they wired nothing.

5. They call the transactions synthetic shares in order to minimize the criminality of the transaction. What are synthetic $100 bills, synthetic car titles, synthetic property deeds, synthetic GUCCI bags? We would call them counterfeit. What they are doing in putting counterfeit shares into the market in order to manipulate the price of AMC and GME stock.

6. The abusive shorting are not the random act of renegade hedge funds and market makers with the SEC FINRA CFTC and DTCC turning a blind eye, but rather a coordinated business plan that is carried out by a collusive consortium and

enterprise of hedge funds prime brokers and Market makers under the closed eyes of the Government agencies that we are paying to protect our interests.

7. The predicate actions of all the defendants were continuous and interrelated

8. The Defendants participated in conduct that was interrelated. The action of the Defendants created an enterprise because they all benefited from their illegal activity. The Defendants have established a pattern of behavior over the past years in furtherance of their market manipulation and illegal activities. The Defendants action and the Government agencies inactions are the direct reason for Donnahue George losses.

9. The actions of Defendants Ken Griffin Citadel LLC Citadel Securities and Citadel Connect actions are a direct violation of the Sherman act of 1890 the Clayton Act of 1914 and the Federal Trade Commission act of 1914 They have an illegal monopoly on the market and the SEC FNRA CFTC and DTCC turn a blind eye to these violations. The Defendants illegal Monopoly are the direct cause of Donnahue George monetary losses.

## 10. STANDARD OF REVIEW

The Standard of Review is Abuse of Discretion. " An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, a judgement that is clearly against the logic and effect of the facts as are found *(see Rabkin v. Oregon Health Sciences Univ. 350 F.3d 967. 977 (9th Cir 2003)*

14

In some cases the court has elected not to decide which standard of review is applicable on the ground that the outcome would not be changed by applying different standards of review (*See E,T v, Cantil- Sakauye, No. 10-15248, F.3d 2012 WL 76351 (9th Cir. March 12 2012) U.S. v. Laurienti, 611 F.3d 530, 551 (9th Cir 2010)*

## <u>SUMMARY OF THE ARGUMENT</u>

The District Court's decision should be reversed because its legal conclusion is contrary to the facts and the law. The facts and evidence in the case prove beyond a reasonable doubt that Plaintiff-Appellant Donnahue George case should not have been dismissed because a joint scheduling report wasn't submitted to the courts signed by all the parties and the courts should have ordered that all the served defendants that already appeared on the record should be required to participate in preparing joint scheduling report. The court should have granted the enlargement of the case in order to get report done pursuant to the courts own order on August 18, 2021 (see ECF#5) The court should have issued sanctions to the defendants that refused to participate in discovery relating to the preparing the joint scheduling report and including precluding them from presenting evidence contrary to Plaintiff Donnahue George claim in his amended complaint. The Court should have accepted Plaintiff-Appellants Joint Scheduling report The Court also should have submitted the preliminary injunction as a preliminary injunction instead of a

15

permanent injunction on the court record (See ECF#10) and held a hearing and made a decision on the preliminary injunction prior to prematurely closing the case.

For all these reasons, this court should reverse and vacate the District Court's decision and order that the preliminary injunction should have been granted, that the Defendants should be sanctioned for not participating in discovery relating to the preparation of the joint scheduling order and order the case back to the district court so a trial can be held to determine the legitimacy of Plaintiff-Appellant Donnahue George claims in his amended complaint.

## **ARGUMENT**

1.  **Whether the District Court erred by closing Plaintiff- Appellant case because a Joint scheduling report was not done and then denying Plaintiffs motion for enlargement and refusing to accept Plaintiffs-Appellants signed Joint scheduling order**

1.  Rule 16(b)(2) Time to issue scheduling order. The Judge must issue the scheduling order as soon as practicable but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served or 60 days after a defendant has appeared. The attorneys for Citadel securities did not appear until 09/28/ 2021 so according to Rule 16(b)(2) 60 days from 09/28/2021 is 11/27/2021 The District Court ordered the case

closed on October 29, 2021(See ECF#51) without giving Plaintiff-Appellant sufficient time to get the Scheduling Report done.

2. The Plaintiff-Appellant requested an enlargement of the date to prepare the Joint Scheduling order (See ECF#56 ) in compliance with the courts order on August 18, 2021(See ECF#5)  because at this time the Defendant SEC was still not served. The court denied Plaintiff-Appellant request for enlargement on November 2, 2021 (see ECF#58 ) even though the courts own order said that the Plaintiff-Appellant had the right to request an enlargement when all parties were not served

3. Defendants had no legal argument to disobey the courts order(See ECF#5) and (See ECF #53) requiring them to participate in preparing the joint scheduling report. The only purpose of their refusal to follow the courts order serve is to further prejudice the Plaintiff-Appellant Donnahue George. *Fed R. Civ 26 (d) Procedure Time for initial disclosures for parties served or joined later*, has specific guidelines in place to accommodate parties that would be served after the initial Joint Scheduling report was done.  The rule states that a party first served or otherwise joined after  the rule 26(f) conference must make the initial disclosures within 30 days of being served or joined unless the courts order another stipulation. The defendants refusal to participate served no legal purpose but to complicate the lawsuit and stop it from moving forward.

4. Plaintiff-Appellant submitted a Joint Scheduling report Pursuant to *S.D. Fla. L.R. 16.1(b)* but the courts refused to accept the report. *S.D. Fla. L.R. 16.1 (b)(2)(C)(i) proposed limits on the time to join the parties and to amend the pleading.* This rule establishes guidelines and timeframes with regards to discovery for parties that were not already served. Defendants were aware of this local rule and still refused to participate and the court refused to order them to do so.

5. The longer the defendants take to participate in preparing the joint scheduling report the more losses Plaintiff Donnahue George incurs because the Preliminary injunction has been denied as Moot and the Defendants continue to trade AMC and GME shares through the dark pools further manipulating the price of the stocks and clouding the true and accurate share count of AMC and GME shares

6. *Fed. Rules of Civil procedures (37) Failure to make disclosures or participate in Discovery,* gives the court the authority to obligate the defendants to follow the courts order to participate in preparing the joint scheduling report and if the Defendants still refuse to follow the courts orders Rule (37) gives the court the authority to impose extreme sanctions to the defendants for non compliance of the courts order. In *Epson Corp v. Kravchuk et al. 18-15124 & 18-15245 (9th Cir, Dec 27, 2019)* the courts issued the severest sanction possible because the parties refused to follow the courts orders.

18

7. The SEC was served on November 10, 2021 The United States Courts are fair and transparent unlike the United States stock market. So Plaintiff Donnahue George is confident that if the attorneys for the SEC filed a motion to have the courts adjust the Joint scheduling order to give them an opportunity to come up to speed the Courts would approve the adjustment and Plaintiff Donnahue George would not object to any adjustment to the current Joint Scheduling report that plaintiff prepared for the courts. The risk of any prejudice to any unserved defendant is absolutely zero, so the illogical argument that the defendants ae using to defy the courts order is absolutely ridiculous.

8. A district court has unquestionable authority to control its own docket and broad discretion in how best to manage cases before it *See Guice v Sec,y, Dep't of Labor 754 F. App x 789, 791, (11ᵗʰ Cir 2018}* The court had the authority to order the defendants to participate in the preparation of the joint scheduling report.

**2. Whether the District Court erred by denying Plaintiff-Appellant Donnahue George motion requesting that the court order the Defendants to participate in preparing the Joint Scheduling Order and Plaintiff-Appellant Donnahue George request for sanctions including precluding Defendants from presenting evidence contrary to Plaintiff-Appellants claims because defendants refused to participate in discovery**

*1.* Plaintiff Donnahue George seeks the Courts entry of an Order precluding any of

the Defendants that refused to participate in discovery and preparation of the Joint Scheduling Report from presenting any defenses, evidence or testimony contrary to Plaintiffs amended complaint pursuant to *Fed. R. Civ. P. 37(b)(1) Failure to Comply with a court order* because Defendants refused to participate in discovery related to preparing the Joint scheduling report, as ordered by court(See ECF#5) Defendants actions were in direct violation of *Fed R. Civ. P 26(a) Required Disclosures*

2. Defendants refusal to participate in preparation of the Joint scheduling report and failure to discuss the validity of Plaintiff Donnahue George allegations in the amended complaint in direct defiance of this courts orders should preclude the defendants from using evidence to the contrary of Plaintiffs allegation in his amended complaint "at trial, at a hearing or on a motion" under *Fed. R. Civ. P. 37(c)(1) self executing provision*. This issue is especially relevant when all served defendants followed the lead of attorney Jason Sternberg and refused to participate in preparing and discussing plaintiffs allegation therefore attempting to prejudice Plaintiff Donnahue George by attempting to have the time frame to appeal the decision and serve the other defendants expire therefore terminating the lawsuit. This blatant refusal and inaction prevented Plaintiff Donnahue George from getting a fair assessment of the defendants assessment of the case therefore making it impossible to come to any kind of conclusion or settlement of the case

3. *Fed. R. Civ. P. 37(c)(1)* establishes a self executing sanction for discovery violations (*see. Zhang v, Am, Gem SeafoodsInc, 339 F.3d 1020. 1028 (9ᵗʰ Cir 2003)* The Federal rules of Civil Procedure Discovery rules are intended to bring clarity to the issues, and allow the parties to ascertain relevant facts and information. The defendants by refusing to follow the courts order denied Plaintiff Donnahue George the opportunity to bring clarity to the issues (*See Hickman v. Taylor 329 U.S. 495, 500(1947)* therefore making it impossible for Plaintiff to determine the best course of action towards a settlement.

4. *Rule 37(C)(1)* does not require the movant to show "willfullness, fault, or bad faith" unless moving to dismiss the action as the rule 37 sanction. Once the movant demonstrates that *Rule 26(a)* has been violated the sanction is automatic unless the respondent demonstrates a substantial justification for his failure. (*See Yeti by Molly Ltd v, Deckers Outdoor Corp 259 F.3d 110. 1106 (9ᵗʰ Cir 2001*) Plaintiff Donnahue George is not seeking dismissal of the case.

5. **Fed R. Civ 26 (d)** Procedure Time for initial disclosures for parties served or joined later, has specific guidelines in place to accommodate parties that would be served after the initial Joint Scheduling report was done. The rule states that a party first served or otherwise joined after the *rule 26(f) conference* must make the initial disclosures within 30 days of being served or joined unless the courts order another stipulation. *S.D. Fla. L.R. 16.1 (b)(2)(C)(i)*

*proposed limits on the time to join the parties and to amend the pleading.* This rule establishes guidelines and timeframes with regards to discovery for parties that were not already served. The district court should have ordered the defendants to participate and then issue sanctions when the defendants refused to participate.

3. **Whether the District Court erred by denying Plaintiff-Appellant Donnahue George motion for Preliminary Injunction as moot when court entered the motion as a permanent injunction on court records because Court prematurely closed the case because of failure to submit a joint scheduling order causing Plaintiff-Appellant irrevocable harm.**

1. The District court entered Plaintiff-Appellant motion for Preliminary injunction as a permanent injunction(ECF#10) therefore giving the appearance that there was no expedience required in the decision.

2. The Party moving for a preliminary injunction bears the burden to demonstrate the factors justifying relief. *Granny Goose Food, Inc v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423 441 (1974)* The courts have adopted a two part test requiring the Plaintiff to show (1) a prima facie case of previous violations of federal securities law and (2) a reasonable likelihood that the wrong will be repeated See *SEC v. Unique Fin Concepts Inc. 196 F .3d 1195, 1199 n. 2(11th Cir. 1999) (citing Mgmt Dynamics, Inc, 515 F.2d at 806-07; SEC v. Manor Nursing*

*Ctrs. Inc, 458 F.2d 1082, 1100 (2d Cir. 1972) see also SEC v. Schooler, 902 F, Supp. 2d 1341, 1345 (S.D Cal. 2012)* (using the two-part standard when determining when whether to issue a preliminary injunction.

"The granting of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it" On application for preliminary injunction the court is not bound to decide doubtful and difficult questions of law or disputed questions of facts *See Dymo Indus, Inc v TapePrinter, Inc, 326 F.2d 141, 143 (9th Cir. 1964)*

### 4. <u>Prima Facie Case of Past Securities Violations</u>

3. Defendant Citadel Securities have been fined multiple times in the past for violations of Securities laws. In Jan of 2017 Citadel securities was fined 22 million dollars for misleading investors. In March of 2021 was fined $275,000 for FINRA reporting violations in July of 2020 Citadel was fined $700,000 for violating FNRA rule 5320 (See ECF# 10 Exhibit A) In 2016 Citadel was fined $180,000 for reporting 6.5 million shares as log positions when they were actually short positions(see ECF# 10 exhibit B) Citadel has filed requests to be exempt from the 1940 Investment act on several occasions and it always seems to be granted (see ECF#10 exhibit C) The failures to deliver of AMC stock according to a SEC report was 1088% which was more than 150 times the failure to deliver of Apple stock which is 11 times the size of AMC (See ECF#10 Exhibit D) The FINRA website is

very clear that naked shorting and failures to delivers are meant to "enrich an oligarchy, and defraud investors (See ECF#10 exhibit E)

## 4. <u>Reasonable Likelihood the Wrong Will be Repeated</u>

5. Citadel Securities have continued to trade AMC stocks in the dark pool after the lawsuit was filed. The Dark Pool was designed for large institutional trades to not disrupt the market, Yet Citadel Securities is using the dark pool to manipulate the price of AMC stock by routing retail buy orders through the dark pool so that they are not reflected on the NYSE and therefore they keep the price down. On September 2, 2021 68% of AMC shares were traded in the dark pool (see exhibit F)Investopedia states that " The prices at which trades are executed in the dark pools ,may diverge from prices displayed in the public Markets which puts retail investors at a huge disadvantage" if 10% of stock is traded in the dark pool that is considered excessive yet AMC shares are being traded at almost 70% in the dark pool . This abuse continued after the lawsuit was filed and sent by certified mail return receipt to all defendants with a copy of waiver of the service of summons plus a stamped return envelope.

6.     Defendants past violations of securities laws on multiple occasions and their continued naked shorting of AMC shares while also continuing to route retail orders through the dark pool in order to  manipulate the price of AMC and GME shares meets the 2 requirements set forth by federal case law in order for this

24

honorable court to grant this preliminary injunction. This honorable court should issue the preliminary injunction until a true and correct share count of AMC shares are verified by the court.

## CONCLUSION

**Wherefore** Plaintiff Donnahue George respectfully submits that substantial evidences supports that Defendants were legally required to participate in preparing the Joint Scheduling report and the Defendants failure to do so violated Fed. R. Civ. P 26(a) and therefore sanctions should have been issued The preliminary injunction was erroneously marked as a permanent injunction and should have been granted prior to the dismissal of this case in the District court and Plaintiff-Appellant signed Joint scheduling order should have been accepted by the District court. Plaintiff Appellant requests that this honorable court sanction the Defendants for not participating in preparing joint scheduling order, order that the district court has to accept Plaintiff Appellants Joint scheduling report, grant Plaintiff-Appellants Preliminary Injunction and send the case back to the district court so a trial can be held to determine the legitimacy of Plaintiff-Appellants allegations in his amended complaint and whatever else the courts finds just and equitable.

25

Respectfully Submitted

Date: December 9, 2021

Donnahue George
1012 NW 2nd Street
Fort Lauderdale Fl
33311
(347) 216-5257
Email: DonnahueGeorge@gmail.com

## CERTFICATE OF COMPLIANCE WITH FED .R.APP.P.32(a)

1. This brief complies with the type-volume limitations of Fed. R. App.P. 32 and Fed. R. P. 29 because it is less than 30 pages.

2. This brief complies with the typeface requirements of Fed.R. App. P. 32(a)(6) because it has been prepared in a proportionally- spaced typeface using Microsoft Word in 14- point Times New Roman

Dated December 09, 2021

Donnahue George

27

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Appellants Brief and Appendix by U.S. Mail on December 10, 2021 to all counsel or parties of record on the Service List

Donnahue George

SERVICE LIST

**SEC**

100 F st NE Washington DC 20549

**Quinn Emmanuel trial Attorneys**

2601 s. Bayshore drive suite 1550 Miami FL 33133

**CITADEL CONNECT DARK POOL**

131 S Dearborn st Chicago IL 60603

**CITADEL LLC HEDGE FUND**

131 S Dearborn st   Chicago IL 60603

**Mandel & Mandel LLP**

169 East Flager st Suite 1224 Miami FL 33131

**DTCC**

55 Water St  New York NY 10041

**Cravath Swaine & Moore LLP**

825 8th ave New York NY 10019

**WEBULL FINANCIAL LLC**

44 Wall st Suite 501 New York NY 10005