# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

No. 21-14208

---

Donnahue George, Plaintiff -Appellant

v.

Ken Griffin et al

Defendant- Appellee

On Appeal from

the United States District Court

for the Southern District of Florida

Case No. 21-CV- 61719

## APPENDIX

Donnahue George

1012 NW 2nd Street

Fort Lauderdale Fl 33311

(347) 216-5257

Email: DonnahueGeorge@gmail.com

## INDEX of APPENDIX

Docket/Tab#

District Court Docket Sheet ---------------------------------- A

Complaint ----------------------------------------------------ECF#1

Court Order Scheduling-------------------------------------ECF#5 (A)

Preliminary Injunction-------------------------------------ECF#10

Order Closing Case-----------------------------------------ECF#51(A)

Motion to Reopen Case------------------------------------ECF#52

Order Denial to Reopen Case-----------------------------ECF#53(A)

Motion for enlargement-----------------------------------ECF#56

Order Denial of enlargement-----------------------------ECF#58(A)

Motion to order Defendants to participate--------------ECF#55

Denial of Order---------------------------------------------ECF#57(A)

Amended Complaint---------------------------------------ECF#54

Joint Scheduling Report-----------------------------------ECF#60

Notice of Appeal-------------------------------------------ECF#68

Certificate of Service------------------------------------- 70

A

CLOSED,LSS,REF_DISCOV

# U.S. District Court
## Southern District of Florida (Ft Lauderdale)
## CIVIL DOCKET FOR CASE #: 0:21-cv-61719-KMM

George v. Griffin et al                               Date Filed: 08/17/2021
Assigned to: Judge K. Michael Moore                   Date Terminated: 10/29/2021
Referred to: Magistrate Judge Lurana S. Snow          Jury Demand: Plaintiff
Cause: 18:1962 Racketeering (RICO) Act                Nature of Suit: 160 Stockholders Suits
                                                      Jurisdiction: Diversity

**Plaintiff**

**Donnahue George**                    represented by **Donnahue George**
                                                      1012 NW 2nd Street
                                                      Fort Lauderdale, FL 33311
                                                      PRO SE


V.

**Defendant**

**Ken Griffin**                        represented by **Jason David Sternberg**
                                                      Quinn Emanuel
                                                      2601 South Bayshore Drive, Suite 1550
                                                      Miami, FL 33133
                                                      561-213-5635
                                                      Email: jasonsternberg@quinnemanuel.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Citadel Securities Market Maker**    represented by **Jason David Sternberg**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Citadel Connect Dark Pool**

**Defendant**

**Citadel LLC Hedge Fund**             represented by **Jason David Sternberg**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*

**Defendant**

**Robinhood Financial LLC**                    represented by   **Gustavo Javier Membiela**
Hunton Andrews Kurth LLP
333 SE 2nd Avenue, 24 Floor
Miami, FL 33131
305-810-2500
Fax: 305-810-2460
Email: gmembiela@huntonak.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maria Alina Castellanos Alvarado**
Hunton Andrews Kurth LLP
333 S.E. 2 Avenue
Suite 2400
Miami, FL 33131
305-810-2523
Fax: 305-810-2460
Email: mcastellanos@hunton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel Alberto Danon**
Hunton Andrews Kurth LLP
333 S.E. 2 Avenue
Suite 2400
Miami, FL 33131
305-810-2500
Fax: 305-810-1610
Email: sdanon@huntonak.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antony L. Ryan**
Cravath Swaine & Moore LLP
825 8th Avenue
New York, NY 10019-7475
212-474-1000
Fax: 212-474-3700
Email: aryan@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brittany L. Sukiennik**
Cravath Swaine & Moore LLP

**Defendant**

**Securities Exchange Commission**

**Defendant**

**FINRA**                                represented by    **David Scott Mandel**
                                                          Mandel & Mandel LLP
                                                          Alfred I. Dupont Building
                                                          169 E Flagler Street
                                                          Suite 1224
                                                          Miami, FL 33131
                                                          305-374-7771
                                                          Fax: 305-374-7776
                                                          Email: dsm@mandel.law
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**DTCC**                                 represented by    **Adam G. Unikowsky**
                                                          Jenner & Block, LLP
                                                          1099 New York Avenue, NW
                                                          Suite 900
                                                          Wasington, DC 20001-4412
                                                          202-639-6041
                                                          Fax: 202-661-4925
                                                          Email: aunikowsky@jenner.com
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Curtis David Carlson**
                                                          Carlson & Associates, P.A.
                                                          One SE Third Avenue
                                                          Suite 1200
                                                          Miami, FL 33131
                                                          305-372-9700
                                                          Fax: 305-372-8265
                                                          Email: carlson@carlson-law.net
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Gregory M. Boyle**
                                                          Jenner & Block LLP
                                                          353 N. Clark Street
                                                          Chicago, IL 60654
                                                          (312) 923-2651
                                                          Email: GBoyle@jenner.com
                                                          *PRO HAC VICE*

825 Eighth Avenue
New York, NY 10019
212-474-1000
Email: bsukiennik@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin J. Orsini**
Cravath Swaine and Moore LLP
825 Eighth Avenue
New York, NY 10019
212-474-1596
Email: korsini@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Webull Financial LLC**

**Defendant**

**CFTC**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2021 | 70 | RESPONSE in Opposition re 69 MOTION Requesting Court to Order the Defendants to Participate in Preparing Joing Scheduling Report *The Citadel Defendants' Response in Opposition to Plaintiff's Motion Requesting Court to Order the Defendants to Participate in Preparing Joint Scheduling Report* filed by Citadel LLC Hedge Fund, Citadel Securities Market Maker, Ken Griffin. Replies due by 12/8/2021. (Sternberg, Jason) (Entered: 12/01/2021) |
| 11/30/2021 | 69 | MOTION Requesting Court to Order the Defendants to Participate in Preparing Joint Scheduling Report by Donnahue George. (cds) (Entered: 11/30/2021) |
| 11/29/2021 | 68 | NOTICE OF DISMISSAL Parties to be Dismissed Webull and CFTC by Donnahue George. (cds) Modified Text on 11/29/2021 (cds). (Entered: 11/29/2021) |
| 11/19/2021 | 67 | PAPERLESS ORDER. THIS CAUSE came before the Court upon Plaintiff's Motion to Remove Defendants CTFC and Webull from the Lawsuit. 66 . Therein, Defendant requests the Court remove Defendants CFTC and Webull from the above-captioned case. Id. Federal Rule of Civil Procedure 41(a)(1)(A) provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the defendant serves an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii). Here, if Plaintiff would like to dismiss his claims as to Defendants CTFC and Webull, he must do so by following the procedure set forth in Rule 41(a). Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion 66 is DENIED. |

| | | |
|---|---|---|
| | | Signed by Judge K. Michael Moore on 11/19/2021. (thn) (Entered: 11/19/2021) |
| 11/18/2021 | 66 | MOTION to Remove Defendants CFTC and Webull from the Lawsuit Pursuant to Rule 4(m) time Limit of Service and Plaintiffs Voluntary Request for their Removal by Donnahue George. (cds) Modified relief on 11/19/2021 (asl). (Entered: 11/18/2021) |
| 11/18/2021 | 65 | REPLY to Response/Answer in Oppositioin to Motion re 59 MOTION Motion in Opposition of the Defendants Refusal to Participate in Submitting Joint Scheduling Report re 5 Pretrial Order,,,,,,,,,,,,,, 51 Order Dismissing Case,,,,, filed by Donnahue George. (cds) (Entered: 11/18/2021) |
| 11/17/2021 | 64 | PAPERLESS ORDER. THIS CAUSE came before the Court upon Plaintiff's Motion in Opposition to Defendants' Refusal to Participate in Scheduling Conference 59 , Joint Proposed Scheduling Report 60 , and Motion to Reopen Case 62 . To begin, Plaintiff's "Joint Proposed Scheduling Report" is not actually a joint submission by the Parties. 60 . Rather, it informs the Court that Plaintiff had a zoom conference with some, but not all, of Defendants. Id. This document was not signed by any of Defendants and is, therefore, not a joint submission. It remains the case that Plaintiff has failed to comply with the Court's Order 5 because not all of Defendants have been served in this case. 5 . The Defendants who have been served have informed the Court that they have agreed to hold a scheduling conference within seven (7) days of completion of service on the remaining Defendants. 63 . Despite Plaintiff's insistence to the contrary, it appears that Defendants have made every reasonable effort to comply with Court Orders and the Federal Rules of Civil Procedure, while Plaintiff has not. Plaintiff's Motion to Reopen Case 62 must be denied because (1) not all of Defendants have been served, and (2) the Joint Scheduling Report filed by Plaintiff was not actually a joint submission. Additionally, for the same reasons, Plaintiff's request for sanctions under Federal Rule of Civil Procedure 37 is without merit. Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Plaintiff's Motions 59 and 62 are DENIED. Signed by Judge K. Michael Moore on 11/17/2021. (thn) (Entered: 11/17/2021) |
| 11/16/2021 | 63 | RESPONSE to Motion re 59 MOTION Motion in Opposition of the Defendants Refusal to Participate in Submitting Joint Scheduling Report re 5 Pretrial Order,,,,,,,,,,,,,, 51 Order Dismissing Case,,,,,, 62 MOTION to Reopen Case *Defendants Ken Griffin, Citadel Enterprise Americas LLC, and Citadel Securities LLC's Omnibus Response to Plaintiff's Motion Regarding Scheduling Conference, Scheduling Report, and Motion to Reopen* filed by Citadel LLC Hedge Fund, Citadel Securities Market Maker, Ken Griffin. Replies due by 11/23/2021. (Sternberg, Jason) (Entered: 11/16/2021) |
| 11/15/2021 | 62 | MOTION to Reopen Case by Donnahue George. (For Image See DE# 59 ) (cds) (Entered: 11/15/2021) |
| 11/15/2021 | 61 | SUMMONS (Affidavit) Returned Executed on 54 Amended Complaint/Amended Notice of Removal, with a 21 day response/answer filing deadline pursuant to Fed. R. Civ. P. 12 by Donnahue George. Securities Exchange Commission served on 11/10/2021, response/answer due 12/1/2021. (cds) (Entered: 11/15/2021) |
| 11/15/2021 | 60 | JOINT PROPOSED SCHEDULING REPORT - **Rule 16.1** by Donnahue George (cds) (Entered: 11/15/2021) |

| 11/15/2021 | 59 | MOTION in Opposition of the Defendants Refusal to Participate in Submitting Joint Scheduling Report as Per Court Order Doc 5 Pretrial Order 21 Order Dismissing and Pursuant to Federal Rules of Civil Procedure 26. Duty to Disclose and Fed Rules of Civil Procedure 37. Failure to Make Disclosure or to Cooperate in Discovery Sanctions by Donnahue George. (cds) (Entered: 11/15/2021) |
|---|---|---|
| 11/08/2021 | 58 | PAPERLESS ORDER. THIS CAUSE came before the Court upon Plaintiff's Motion to Request a 30 Day Enlargement of Time To Submit Joint Scheduling Report. 56 . On October 29, 2021, the Court dismissed this case without prejudice due to the Parties' failure to file a joint scheduling report. 51 . Now, Plaintiff is requesting an extension of time to file a joint scheduling report because the Court's Order 5 states: "if all defendants have not been served by the expiration of this deadline, Plaintiff shall move for an enlargement of time to hold the scheduling conference, not to exceed 90 days from the filing of the Complaint." 5 . Plaintiff argues that because he has not served all Defendants, he is entitled to move for an extension in order to obtain more time to file a joint scheduling report. Plaintiff's request is without merit for two reasons. First, the Court's Order 5 requires a plaintiff to move for an extension when not all defendants have been served in order to accommodate a plaintiff's efforts to serve process. Here, Plaintiff is requesting an additional thirty (30) days to confer with Defendants regarding a joint scheduling report, not to serve the remaining Defendants who have yet to be served. Accordingly, Plaintiff's request for an extension on these grounds is without merit. Second, in any event, Plaintiff's request for an extension comes after the deadline has already passed, and his instant request is therefore untimely under the Court's Order 5 . Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion 56 is DENIED. Signed by Judge K. Michael Moore on 11/8/2021. (thn) (Entered: 11/08/2021) |
| 11/05/2021 | 57 | PAPERLESS ORDER. THIS CAUSE came before the Court upon pro se Plaintiff Donnahue George's ("Plaintiff") "Motion to Obligate the Defendants to Contact Me to Put Together a Joint Scheduling Order." 55 . On October 29, 2021, the Court dismissed this case without prejudice due to the Parties' failure to file a joint scheduling report. 51 . Now, Plaintiff requests that the Court compel Defendants to contact him in order to prepare a joint scheduling report. 55 at 2. Plaintiff states in his Motion that he made his first attempt to contact Defendants by mail to schedule a scheduling conference on November 2, 2021. 55 . At this point, it would be premature for the Court to order Defendants to contact Plaintiff because Plaintiff did not even attempt to contact Defendants until three days ago. Id. Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion 55 is DENIED WITHOUT PREJUDICE. The Court expects that the Parties can utilize the contact information listed on the docket and in Plaintiff's Motion 55 to schedule a scheduling conference without a court order to do so. Plaintiff may refile his Motion 55 if Defendants make no attempt to contact him by November 10, 2021. Signed by Judge K. Michael Moore on 11/5/2021. (thn) (Entered: 11/05/2021) |
| 11/05/2021 | 56 | Motion to Request a 30 day Enlargement of the Time to Submit Joint Scheduling Report Pursuant to 5 Pretrial Order by Donnahue George. (cds) (Entered: 11/05/2021) |
| 11/04/2021 | 55 | MOTION to Obligate the Defendants to Contact me to Put Together a Joint Scheduling |

| | | Order by Donnahue George. (cds) (Entered: 11/04/2021) |
|---|---|---|
| 11/04/2021 | 54 | AMENDED COMPLAINT against CFTC, Citadel Connect Dark Pool, Citadel LLC Hedge Fund, Citadel Securities Market Maker, DTCC, FINRA, Ken Griffin, Robinhood Financial LLC, Securities Exchange Commission, Webull Financial LLC, filed by Donnahue George.(cds) (Entered: 11/04/2021) |
| 11/03/2021 | 53 | PAPERLESS ORDER. THIS CAUSE came before the Court upon the filing of Pro Se Plaintiff Donnahue George's ("Plaintiff") Request to Reopen Case and File an Amended Complaint. 52 . On November 1, 2021, the Court dismissed this case without prejudice due to the Parties' failure to file a joint scheduling report. 51 . Now, Plaintiff requests, pursuant to Federal Rule of Civil Procedure 60, to file an Amended Complaint to address the Court's dismissal of this case. 52 . The Court offers the following clarification for Plaintiff: this case has been dismissed for failure to file a joint scheduling report, not for any deficiency with the Complaint. Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion 52 is DENIED. Plaintiff is encouraged to review, and comply with, the Court's Order 51 . Signed by Judge K. Michael Moore on 11/3/2021. (thn) (Entered: 11/03/2021) |
| 11/02/2021 | 52 | Request to Reopen Case and to File an Amended Complaint and Reconsideration re 51 Order Dismissing Case; of Judges Decision to Dismiss Case Pursuant to Fed. R. Civ. P.6(b)(1)(b) if the Party Acted Because of Excusable Neglect and Rule R. Civ. P. 60(b)(1) Provides for a Party to Obtain Relief for an Adverse Judgment of a Federal Court for Mistake, Inadvertance Surprise or Excusable Neglect by Donnahue George. (cds) (Entered: 11/02/2021) |
| 10/29/2021 | 51 | PAPERLESS ORDER. THIS CAUSE came before the Court upon a sua sponte examination of the record. On August 18, 2021, the Court entered a Pretrial Order 5 which ordered the Parties to "hold a scheduling conference no later than twenty (20) days after the filing of the first responsive pleading by the last responding defendant, or within sixty (60) days after the filing of the complaint, whichever occurs first... Within ten (10) days of the scheduling conference, counsel shall file a joint scheduling report. " 5 . Thus, the deadline for the Parties to submit a joint scheduling report was October 27, 2021. The Order cautioned, "[f]ailure of counsel to file a joint scheduling report may result in remand or dismissal, default, and the imposition of other sanctions including attorney's fees and costs." Id. Now, the October 27, 2021 deadline has passed and no Joint Scheduling Report has been filed in this case. Accordingly, based on the foregoing, it is ORDERED AND ADJUDGED that this action is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is instructed to CLOSE this case. All pending motions, if any, are DENIED AS MOOT. The Parties may move to reopen this matter upon the Parties filing a joint scheduling report. Signed by Judge K. Michael Moore on 10/29/2021. (thn) (Entered: 10/29/2021) |
| 10/27/2021 | 50 | NOTICE of Compliance *With The Court's Request for Instruction* by FINRA re 46 Order on Motion to Amend/Correct,,,,,, (Mandel, David) (Entered: 10/27/2021) |
| 10/25/2021 | 49 | NOTICE of Compliance *Defendants Ken Griffin, Citadel Enterprise Americas LLC, and Citadel Securities LLC"s Notice of Compliance With the Court's Request for Instruction* |

| | | by Citadel LLC Hedge Fund, Citadel Securities Market Maker, Ken Griffin re 46 Order on Motion to Amend/Correct,,,,,, (Sternberg, Jason) (Entered: 10/25/2021) |
|---|---|---|
| 10/25/2021 | 48 | NOTICE of Compliance by DTCC re 46 Order on Motion to Amend/Correct,,,,,, (Carlson, Curtis) (Entered: 10/25/2021) |
| 10/21/2021 | 47 | NOTICE of Compliance *with the Court's Request for Instruction* by Robinhood Financial LLC re 46 Order on Motion to Amend/Correct,,,,,, (Danon, Samuel) (Entered: 10/21/2021) |
| 10/19/2021 | | Reset Deadlines Per DE#46. Second Amended Complaint due by 10/22/2021. (cqs) (Entered: 10/19/2021) |
| 10/18/2021 | 46 | PAPERLESS ORDER. THIS CAUSE came before the Court upon pro se Plaintiff George Donnahue. 42 . Therein, Plaintiff requests leave to file a second amended complaint to include allegations regarding the deprivation of his constitutional rights. Id. at 1. Rule of Civil Procedure 15(a)(2) permits a plaintiff to amend its pleading with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend is committed to the sound discretion of the trial court. Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618, 622 (11th Cir. 1983). However, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 (5th Cir. 1981). Here, none of Defendants have responded to Plaintiff's Amended Complaint 8 and the Court does not find a substantial reason to deny leave to amend. Accordingly, UPON CONSIDERATION of Motion 28 , the pertinent portions of the record, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED that Plaintiffs Motion to Amend the Complaint 42 is GRANTED. Plaintiff shall file a second amended complaint on or before October 22, 2021. Further, the Parties are INSTRUCTED to inform the Court as to what impact, if any, the filing of a second amended complaint would have on Plaintiff's Motion for Preliminary Injunction 10 . *Clerks Notice: Filer must separately re-file the amended pleading pursuant to Local Rule 15.1, unless otherwise ordered by the Judge.* Signed by Judge K. Michael Moore on 10/18/2021. (thn) (Entered: 10/18/2021) |
| 10/15/2021 | 45 | PAPERLESS ORDER. THIS CAUSE came before the Court upon Defendant Depository Trust & Clearing Corporation's Motions to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notice of Electronic Filing. 33 , 34 . UPON CONSIDERATION of the Motions 33 , 34 , the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motions 33 , 34 are GRANTED. Adam G. Unikowsky and Gregory M. Boyle may appear pro hac vice in this matter. The Clerk of Court shall provide electronic notification of all electronic filings to: (1) AUnikowsky@jenner.com, and (2) GBoyle@jenner.com. Signed by Judge K. Michael Moore on 10/15/2021. (thn) (Entered: 10/15/2021) |
| 10/15/2021 | 44 | OMNIBUS PAPERLESS ORDER. THIS CAUSE came before the Court upon Defendant Robinhood Financial's Motions to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notice of Electronic Filings. 36 , 37 , 38 . UPON CONSIDERATION of the Motions 36 , 37 , 38 , the pertinent portions of the record, and |

| | | |
|---|---|---|
| | | being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motions 36, 37, 38 are GRANTED. Brittany L. Sukiennik, Kevin J. Orsini, and Antony L. Ryan may appear pro hac vice in this matter. The Clerk of Court shall provide electronic notification of all electronic filings to: (1) bsukiennik@cravath.com, (2) korsini@cravath.com, and (3) aryan@cravath.com. Signed by Judge K. Michael Moore on 10/15/2021. (thn) (Entered: 10/15/2021) |
| 10/15/2021 | 43 | REPLY to 41 CORRECTED RESPONSE in Opposition re 10 MOTION for Preliminary Injunction filed by Donnahue George. (cds) (Entered: 10/15/2021) |
| 10/15/2021 | 42 | Request/Motion to Amend re 8 Amended Complaint/Amended Notice of Removal by Donnahue George. Pursuant to Fed Civ. P 15. (a)(2) Responses due by 10/29/2021 (cds) (Entered: 10/15/2021) |
| 10/15/2021 | 41 | CORRECTED RESPONSE in Opposition re 10 MOTION for Permanent Injunction MOTION for Hearing filed by Robinhood Financial LLC. Replies due by 10/22/2021. (Danon, Samuel) Modified Text on 10/15/2021 (cds). (Entered: 10/15/2021) |
| 10/15/2021 | 40 | NOTICE of Striking 39 Clerks Notice of Docket Correction and Instruction to Filer - Attorney,, 35 Response in Opposition to Motion filed by Robinhood Financial LLC by Robinhood Financial LLC (Danon, Samuel) (Entered: 10/15/2021) |
| 10/15/2021 | 39 | Clerks Notice to Filer re 35 Response in Opposition to Motion. **Login/Signature Block Violation**; CORRECTIVE ACTION REQUIRED - The name of attorney e-filing this document via their CM/ECF login does not match the name of attorney on the signature block of the document. The name used for login must match the typed name on signature block of the document. This filing is a violation of Section 3J(1) of CM/ECF Admin Procedures and Local Rule 5.1(b). Filer must File a Notice of Striking, then refile document pursuant to CM/ECF Admin Procedures and Local Rules. (cds) (Entered: 10/15/2021) |
| 10/14/2021 | 38 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Antony L. Ryan. Filing Fee $ 200.00 Receipt # AFLSDC-15093510 by Robinhood Financial LLC. Responses due by 10/28/2021 (Attachments: # 1 Certification Certification of Antony L. Ryan, # 2 Proposed Order Granting Motion Pro Hac Vice)(Danon, Samuel) (Entered: 10/14/2021) |
| 10/14/2021 | 37 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Kevin J. Orsini. Filing Fee $ 200.00 Receipt # AFLSDC-15093507 by Robinhood Financial LLC. Responses due by 10/28/2021 (Attachments: # 1 Certification Certification of Kevin Orsini, # 2 Proposed Order Granting Motion Pro Hac Vice)(Danon, Samuel) (Entered: 10/14/2021) |
| 10/14/2021 | 36 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Brittany L. Sukiennik. Filing Fee $ 200.00 Receipt # AFLSDC-15093496 by Robinhood Financial LLC. Responses due by 10/28/2021 (Attachments: # 1 Certification Certification of Brittany L. Sukiennik, # 2 Proposed Order Granting Motion Pro Hac Vice)(Danon, Samuel) (Entered: 10/14/2021) |
| 10/14/2021 | 35 | (STRICKEN PER DE# 40 ) RESPONSE in Opposition re 10 MOTION for Permanent Injunction MOTION for Hearing filed by Robinhood Financial LLC. Replies due by |

| | | |
|---|---|---|
| | | 10/21/2021. (Castellanos Alvarado, Maria) Modified Text on 10/15/2021 (cds). (Entered: 10/14/2021) |
| 10/14/2021 | 34 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Gregory M. Boyle. Filing Fee $ 200.00 Receipt # AFLSDC-15093363 by DTCC. Responses due by 10/28/2021 (Attachments: # 1 Text of Proposed Order Proposed Order)(Carlson, Curtis) (Entered: 10/14/2021) |
| 10/14/2021 | 33 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Adam G. Unikowsky. Filing Fee $ 200.00 Receipt # AFLSDC-15093357 by DTCC. Responses due by 10/28/2021 (Attachments: # 1 Text of Proposed Order Proposed Order)(Carlson, Curtis) (Entered: 10/14/2021) |
| 10/14/2021 | 32 | RESPONSE in Opposition re 10 MOTION for Permanent Injunction MOTION for Hearing *Defendants Ken Griffin, Citadel Enterprise Americas LLC (Formerly Citadel LLC), and Citadel Securities LLC's Opposition to Plaintiff's Motion for Preliminary Injunction* filed by Citadel LLC Hedge Fund, Citadel Securities Market Maker, Ken Griffin. Replies due by 10/21/2021. (Sternberg, Jason) (Entered: 10/14/2021) |
| 10/14/2021 | 31 | RESPONSE to Motion re 10 MOTION for Permanent Injunction MOTION for Hearing filed by DTCC. Replies due by 10/21/2021. (Carlson, Curtis) (Entered: 10/14/2021) |
| 10/14/2021 | 30 | Corporate Disclosure Statement by DTCC identifying Corporate Parent The Depository Trust & Clearing Corporation for DTCC (Carlson, Curtis) (Entered: 10/14/2021) |
| 10/14/2021 | 29 | Defendant's Corporate Disclosure Statement by Robinhood Financial LLC identifying Corporate Parent Robinhood Markets, Inc. for Robinhood Financial LLC (Danon, Samuel) (Entered: 10/14/2021) |
| 10/14/2021 | 28 | NOTICE of Attorney Appearance by Maria Alina Castellanos Alvarado on behalf of Robinhood Financial LLC. Attorney Maria Alina Castellanos Alvarado added to party Robinhood Financial LLC(pty:dft). (Castellanos Alvarado, Maria) (Entered: 10/14/2021) |
| 10/14/2021 | 27 | NOTICE of Attorney Appearance by Gustavo Javier Membiela on behalf of Robinhood Financial LLC. Attorney Gustavo Javier Membiela added to party Robinhood Financial LLC(pty:dft). (Membiela, Gustavo) (Entered: 10/14/2021) |
| 10/14/2021 | 26 | NOTICE of Attorney Appearance by Samuel Alberto Danon on behalf of Robinhood Financial LLC. Attorney Samuel Alberto Danon added to party Robinhood Financial LLC(pty:dft). (Danon, Samuel) (Entered: 10/14/2021) |
| 10/13/2021 | 25 | Corporate Disclosure Statement by FINRA (Mandel, David) (Entered: 10/13/2021) |
| 10/13/2021 | 24 | RESPONSE in Opposition re 10 MOTION for Permanent Injunction MOTION for Hearing filed by FINRA. Attorney David Scott Mandel added to party FINRA(pty:dft). Replies due by 10/20/2021. (Mandel, David) (Entered: 10/13/2021) |
| 10/11/2021 | 23 | Corporate Disclosure Statement *of Defendants Citadel Enterprise Americas LLC and Citadel Securities LLC* by Citadel LLC Hedge Fund, Citadel Securities Market Maker identifying Corporate Parent Citadel Securities GP LLC, Other Affiliate Citadel Securities LLC for Citadel Securities Market Maker; Corporate Parent Citadel GP LLC, Other Affiliate Citadel Enterprise Americas LLC (Formerly Citadel LLC) for Citadel LLC Hedge Fund (Sternberg, Jason) (Entered: 10/11/2021) |

| | | |
|---|---|---|
| 10/01/2021 | 22 | WAIVER OF SERVICE Returned Executed by Donnahue George. DTCC waiver sent on 9/30/2021, answer due 11/29/2021. (cds) (Entered: 10/01/2021) |
| 10/01/2021 | | Reset Deadlines Per DE#21. Responses due by 10/14/2021 (cqs) (Entered: 10/01/2021) |
| 09/30/2021 | 21 | PAPERLESS ORDER SETTING BRIEFING SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION 10 . THIS CAUSE came before the Court upon Plaintiff's Motion for Preliminary Injunction. 10 . On September 8, 2021, the Court stayed briefing on Plaintiff's Motion for Preliminary Injunction 10 , pending Defendants' appearance in the above-captioned case. 12 . Now, almost all of Defendants have filed an appearance or waiver of service in this case, and are thus on adequate notice as to Plaintiff's Motion 10 . Therefore, the Court will consider Plaintiff Motion in accordance with the briefing schedule set forth below.<br><br>The Defendants who have appeared in this case, or filed a waiver of service, are hereby ORDERED to respond to Plaintiff's Motion for Preliminary Injunction 10 on or before October 14, 2021. Plaintiff shall have up to seven (7) days to file a reply. If Plaintiff opts not to file a reply, he shall inform the Court at his earliest convenience. If necessary, a hearing in this matter will be set by separate order after briefing on Plaintiff's Motion for Preliminary Injunction 10 has been completed. Signed by Judge K. Michael Moore on 9/30/2021. (thn) (Entered: 09/30/2021) |
| 09/29/2021 | 20 | PAPERLESS ORDER. THIS CAUSE came before the Court upon Defendants Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC) and Citadel Securities LLC's (collectively, the "Citadel Defendants") Unopposed Motion for Extension of Time to Respond to Amended Complaint. 17 . Therein, the Citadel Defendants inform the Court that they conferred with Plaintiff and agreed on September 24, 2021 to accept service of process via email. Id. at 1. The Citadel Defendants note that Defendant Robinhood Financial LLC's ("Defendant Robinhood") deadline to respond to the Amended Complaint is November 22, 2021, pursuant to the Waiver of Service 15 filed by Defendant Robinhood on November 22, 2021. 17 at 2. Now, the Citadel Defendants request an extension to respond to the Amended Complaint on or before November 22, 2021, in order to allow the Citadel Defendants and Defendant Robinhood to respond on the same schedule. Id. Plaintiff does not oppose the requested relief. Id. The Court agrees with the Citadel Defendants that setting a response deadline consistently amongst the Defendants, to the extent possible, will benefit judicial economy in this case. Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion 17 is GRANTED. The Citadel Defendants shall respond to the Amended Complaint on or before November 22, 2021. Signed by Judge K. Michael Moore on 9/29/2021. (thn) (Entered: 09/29/2021) |
| 09/29/2021 | 19 | WAIVER OF SERVICE Returned Executed by Donnahue George. FINRA waiver sent on 9/7/2021, answer due 11/8/2021. (cds) (Entered: 09/29/2021) |
| 09/28/2021 | 18 | PAPERLESS ORDER. THIS CAUSE came before the Court upon the Pro Se Plaintiff's Motion for Alternative Service. 16 . Therein, Plaintiff informs the Court that he has attempted to arrange service of process on several of the Defendants, which are agencies of the U.S. Government ("the Government Defendants"). Id. at 2-3. However, Plaintiff |

has had difficulties because the Government Defendants "have been using security officers at the front desk of the building to avoid service[.]" Id. at 3. Plaintiff requests the Court arrange alternative service arrangements in light of these difficulties. Id. at 4.

Federal Rule of Civil Procedure 4(i)(2) states that "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Thus, in addition to serving an agency by certified mail, the United States must also be served in a manner that complies with Federal Rule of Civil Procedure 4(i)(1).

Here, Plaintiff's Motion 16 makes no reference to Rule 4(i) and does not indicate that he attempted to serve process in a manner that complies with the requirements of the Federal Rules of Civil Procedure. Although Plaintiff is a pro se litigant, he is required to comply with the Federal Rules of Civil Procedure. The Court will not provide an alternative service arrangement under circumstances where Plaintiff has not attempted to comply with the applicable Federal Rules of Civil Procedure in the first instance. Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion 16 is DENIED. Plaintiff is encouraged to review Federal Rule of Civil Procedure 4(i) which sets forth the correct procedures for service of process on government agencies, and to comply with those procedures. Signed by Judge K. Michael Moore on 9/28/2021. (thn) (Entered: 09/28/2021)

| | | |
|---|---|---|
| 09/28/2021 | 17 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer as to 8 Amended Complaint/Amended Notice of Removal *Unopposed Motion of Defendants Ken Griffin, Citadel Enterprise Americas LLC (Formerly Citadel LLC) and Citadel Securities LLC for Extension of Time to Respond to Amended Complaint* by Citadel LLC Hedge Fund, Citadel Securities Market Maker, Ken Griffin. Attorney Jason David Sternberg added to party Citadel LLC Hedge Fund(pty:dft), Attorney Jason David Sternberg added to party Citadel Securities Market Maker(pty:dft), Attorney Jason David Sternberg added to party Ken Griffin(pty:dft). (Attachments: # 1 Exhibit A - Proposed Order)(Sternberg, Jason) (Entered: 09/28/2021) |
| 09/27/2021 | 16 | MOTION for Alternative Service by Donnahue George. (cds) (Entered: 09/27/2021) |
| 09/23/2021 | 15 | WAIVER OF SERVICE Returned Executed by Donnahue George. Robinhood Financial LLC waiver sent on 9/23/2021, answer due 11/22/2021. (cds) (Entered: 09/23/2021) |
| 09/17/2021 | 14 | SUMMONS (Affidavit) Returned Executed on 8 Amended Complaint/Amended Notice of Removal with a 21 day response/answer filing deadline pursuant to Fed. R. Civ. P. 12 by Donnahue George. Ken Griffin served on 9/14/2021, answer due 10/5/2021. (cds) (Entered: 09/17/2021) |
| 09/17/2021 | 13 | SUMMONS (Affidavit) Returned Executed on 8 Amended Complaint/Amended Notice of Removal with a 21 day response/answer filing deadline pursuant to Fed. R. Civ. P. 12 by Donnahue George. Citadel Connect Dark Pool served on 9/14/2021, answer due 10/5/2021. (cds) (Entered: 09/17/2021) |

| 09/08/2021 | 12 | PAPERLESS NOTICE REGARDING MOTION FOR PRELIMINARY INJUNCTION 10 : THIS CAUSE came before the Court upon Plaintiff's Motion for Preliminary Injunction. 10 . Under the Federal Rules of Civil Procedure, a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). However, Defendants have yet to appear in the above-captioned case. Additionally, although Plaintiff certifies that the Motion 10 was served upon Defendants by certified mail, the addresses listed merely indicate that the Motion 10 was mailed to the various government agencies and businesses that are named as defendants in this case, but not to their counsel. District courts have "broad discretion to stay proceedings as incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citation omitted). And, the Court is "given considerable leeway in the exercise of its judgment" of whether to grant a stay. Bos. Sci. Corp. v. Cook Grp. Inc., No. 1:17-cv-03448-JRS-MJD, 2019 WL 2511162, at *1 (S.D. Ind. June 17, 2019) (citing Ultratec, Inc. v. CaptionCall, LLC, 611 F. App'x 720, 721-23 (Fed. Cir. 2015)). Indeed, "district courts have inherent, discretionary authority to issue stays in many circumstances." Advanced Bodycare Sols., LLC v. Thione Int'l, Inc., 524 F.3d 1235, 1241 (11th Cir. 2008). "Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency." Morrissey v. Subaru of Am., Inc., No. 1:15-CV-21106-KMM, 2015 WL 4512641, at *2 (S.D. Fla. July 24, 2015) (citation omitted). The moving party bears the burden of demonstrating that a stay is appropriate. Friends of the Everglades v. United States, No. 08-21785-CIV-ALTONAGA/Brown, 2008 WL 11410108, at *2 (S.D. Fla. Nov. 7, 2008).<br><br>Plaintiff's statement that he mailed a copy of the Motion 10 to the addresses listed in the Motion, alone, provides an insufficient basis for the Court to determine whether Defendants are in fact on notice of Plaintiff's Motion 10 . Accordingly, briefing on Plaintiff's Motion for Preliminary Injunction 10 is hereby STAYED. The Court will set a briefing schedule for Plaintiff's Motion for Preliminary Injunction 10 upon a showing that Defendants are on notice as to the Motion 10 , or, upon Defendants' appearance in the above-captioned case. Signed by Judge K. Michael Moore on 9/8/2021. (thn) (Entered: 09/08/2021) |
| 09/07/2021 | 11 | Summons Issued as to CFTC, FINRA. (Entered: 09/07/2021) |
| 09/07/2021 | 10 | MOTION for Permanent Injunction and MOTION for Hearing Within 21 Days. by Donnahue George. (cqs) (Entered: 09/07/2021) |
| 09/07/2021 | 9 | CERTIFICATE OF SERVICE by Donnahue George re 8 Amended Complaint(cqs) (Entered: 09/07/2021) |
| 09/07/2021 | 8 | AMENDED COMPLAINT against Citadel Connect Dark Pool, Citadel LLC Hedge Fund, Citadel Securities Market Maker, DTCC, FNRA, Ken Griffin, Robinhood Financial LLC, Securities Exchange Commission, Webull Financial LLC, filed by Donnahue George. (cqs) (Entered: 09/07/2021) |
| 08/22/2021 | 7 | GENERAL ORDER ON DISCOVERY OBJECTIONS AND PROCEDURES signed by Magistrate Judge Lurana S. Snow on 8/22/2021. (jz) (Entered: 08/22/2021) |
| 08/18/2021 | 6 | PAPERLESS ORDER REFERRING PRETRIAL DISCOVERY MATTERS TO MAGISTRATE JUDGE LURANA S. SNOW. PURSUANT to 28 U.S.C. § 636 and the |

Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is referred to United States Magistrate Judge Lurana S. Snow to take all necessary and proper action as required by law with respect to any and all pretrial discovery matters. Any motion affecting deadlines set by the Court's Scheduling Order is excluded from this referral, unless specifically referred by separate Order. It is FURTHER ORDERED that the parties shall comply with Magistrate Judge Lurana S. Snow's discovery procedures, which the parties shall be advised of by the entry of an Order. Signed by Judge K. Michael Moore on 8/18/2021. (thn) (Entered: 08/18/2021)

| 08/18/2021 | 5 | PAPERLESS PRETRIAL ORDER. This order has been entered upon the filing of the complaint. Plaintiff's counsel is hereby ORDERED to forward to all defendants, upon receipt of a responsive pleading, a copy of this Order. It is further ORDERED that S.D. Fla. L.R. 16.1 shall apply to this case and the parties shall hold a scheduling conference no later than twenty (20) days after the filing of the first responsive pleading by the last responding defendant, or within sixty (60) days after the filing of the complaint, whichever occurs first. However, if all defendants have not been served by the expiration of this deadline, Plaintiff shall move for an enlargement of time to hold the scheduling conference, not to exceed 90 days from the filing of the Complaint. Within ten (10) days of the scheduling conference, counsel shall file a joint scheduling report. Failure of counsel to file a joint scheduling report within the deadlines set forth above may result in dismissal, default, and the imposition of other sanctions including attorney's fees and costs. The parties should note that the time period for filing a joint scheduling report is not tolled by the filing of any other pleading, such as an amended complaint or Rule 12 motion. The scheduling conference may be held via telephone. At the conference, the parties shall comply with the following agenda that the Court adopts from S.D. Fla. L.R. 16.1: (1) Documents (S.D. Fla. L.R. 16.1.B.1 and 2) - The parties shall determine the procedure for exchanging a copy of, or a description by category and location of, all documents and other evidence that is reasonably available and that a party expects to offer or may offer if the need arises. Fed. R. Civ. P. 26(a)(1)(B). (a) Documents include computations of the nature and extent of any category of damages claimed by the disclosing party unless the computations are privileged or otherwise protected from disclosure. Fed. R. Civ. P. 26(a)(1)(C). (b) Documents include insurance agreements which may be at issue with the satisfaction of the judgment. Fed. R. Civ. P. 26(a)(1)(D). (2) List of Witnesses - The parties shall exchange the name, address and telephone number of each individual known to have knowledge of the facts supporting the material allegations of the pleading filed by the party. Fed. R. Civ. P. 26(a)(1)(A). The parties have a continuing obligation to disclose this information. (3) Discussions and Deadlines (S.D. Fla. L.R. 16.1.B.2) - The parties shall discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case. Failure to comply with this Order or to exchange the information listed above may result in sanctions and/or the exclusion of documents or witnesses at the time of trial. S.D. Fla. L.R. 16.1.I.<br><br>Pursuant to Administrative Order 2016-70 of the Southern District of Florida and consistent with the Court of Appeals for the Eleventh Circuit's Local Rules and Internal Operating Procedures, within three days of the conclusion of a trial or other proceeding, parties must file via CM/ECF electronic versions of documentary exhibits admitted into evidence, including photographs of non-documentary physical exhibits. The Parties are |

| | | directed to comply with each of the requirements set forth in Administrative Order 2016-70 unless directed otherwise by the Court.<br><br>Telephonic appearances are not permitted for any purpose. Upon reaching a settlement in this matter the parties are instructed to notify the Court by telephone and to file a Notice of Settlement within twenty-four (24) hours. Signed by Judge K. Michael Moore on 8/18/2021. (thn) (Entered: 08/18/2021) |
|---|---|---|
| 08/17/2021 | 4 | Summons Issued as to Citadel Connect Dark Pool, Citadel LLC Hedge Fund, Citadel Securities Market Maker, DTCC, FNRA, Ken Griffin, Robinhood Financial LLC, Securities Exchange Commission, Webull Financial LLC. (ebz) (Main Document 4 replaced on 8/17/2021) (ebz). (Entered: 08/17/2021) |
| 08/17/2021 | 3 | Clerks Notice of Receipt of Filing Fee received on 8/17/2021 in the amount of $ 402.00, receipt number FLS000014595 (ebz) (Entered: 08/17/2021) |
| 08/17/2021 | 2 | Clerks Notice of Judge Assignment to Judge K. Michael Moore.<br><br>Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Lurana S. Snow is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent.<br><br>Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (ebz) (Entered: 08/17/2021) |
| 08/17/2021 | 1 | COMPLAINT against Citadel Connect Dark Pool, Citadel LLC Hedge Fund, Citadel Securities Market Maker, DTCC, FNRA, Ken Griffin, Robinhood Financial LLC, Securities Exchange Commission, Webull Financial LLC. Filing fees $ 402.00 Receipt#: FLS000014595, filed by Donnahue George. (Attachments: # 1 Civil Cover Sheet)(ebz) (Entered: 08/17/2021) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/02/2021 06:46:44 | | |
| **PACER Login:** | Donnahue | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 0:21-cv-61719-KMM |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |

ECF#1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-CV-61719 KMW

DONNAHUE GEORGE

**VERFIED COMPLAINT**

**JURY TRIAL DEMAND**

Plaintiff

v.

**KEN GRIFFIN**

**CITADEL SECURITIES MARKET MAKER**

**CITADEL CONNECT DARK POOL**

**CITADEL LLC HEDGE FUND**

**SECURITIES EXCHANGE COMMISSION**

**FNRA**

**DTCC**

**ROBINHOOD**

**WEBULL**

Defendants

## PARTIES

**Plaintiff**

Donnahue George at 1012 NW 2nd st Fort Lauderdale Florida 33311

**Defendants**

**SECURITY EXCHANGE COMMISSION**

100 F st NE Washington DC 20549

**KEN GRIFFIN**

131 S Dearborn St Chicago IL 60603

**CITADEL SECURITIES MARKET MAKER**

425 Park Ave New York NY 10022

**CITADEL CONNECT DARK POOL**

131 S Dearborn st Chicago IL 60603

**CITADEL LLC HEDGE FUND**

131 S Dearborn st   Chicago IL 60603

**FNRA**

55 West Monroe St suite 2600 Chicago IL 60603

**DTCC**

55 Water St  New York NY 10041

**ROBINHOOD FINANCIAL LLC**

85 Willow road Menlo Park CA 94025

**WEBULL FINANCIAL LLC**

44 Wall st Suite 501 New York NY 10005

**Basis of Jurisdiction**

The Basis of federal court Jurisdiction is a Federal Question

  A. Violation of my 4th 5th and 14th Amendment of Constitution
  B. U.S. Code 1983 Civil action for deprivation of Rights
  C. The amount in controversy is over $75,000  and $100,000,000 in punitive damages
  D. RICO Violations 18 U.S.C. § 1962(c),
  E. Diversity Parties are from different jurisdictions 28 U.S.C 1332
  F. Antitrust laws Sherman Act 1890 Clayton Act 1940 Federal Trade Commision act of 1914

The Plaintiff, Donnahue George upon information and belief, as and for his

complaint against the Defendants, say:

## **INTRODUCTION**

1. This case arises out of the fact that the SEC and other government agencies have breached the contract that they have with myself and other United States Citizens. We pay them to protect our interest as retail investors and insure a fair and open Market, and by accepting those payments they contract to protect the integrity of the market. .The SEC FNRA and the DTCC have breached the contract that they have with myself other American citizens and the entire worlds economic system. They breached the contract by turning a blind eye to the irregularities and illegal acts in the market and allow this malfeasance to continue, costing Donnahue George losses of $1,700,000.00 and other retail investors millions of dollars. Even when these government agencies put on an appearance of fining theses bad actors in our markets, the fines and punishments are so small that instead of acting as a deterrent the fines and punishments actually embolden the bad actors to continue their bad behavior.

2. Robinhood, Webull along with Ken Griffin Citadel, Citadel Connect , Citadel Securities SEC, FNRA and DTCC have created an Enterprise and Conspired and participated in conduct that manipulated the Market and controlled the prices of stocks, to the detriment of myself and other retail investors. The Defendants pattern of behavior of allowing market

manipulation or participating in Market Manipulation is ongoing and continuous and a violation of United States Antitrust Laws. The Defendants established a private Dark pool in order to manipulate the price of securities and derivatives. The Defendants actions and the Government agencies inaction were direct cause of my monetary losses. Citadel Connect acts as a private Dark Pool and while the SEC has strict regulations regarding dark pool registration Citadel Connect has been given free rein by SEC FNRA and DTCC to operate outside the law to the detriment of Donnahue George and other retail investors nationally and internationally.

3. The Defendants committed substantive Rico Violations per 18 USC Section 1962 resulting in the plaintiff Donnahue George losing money and the Injury occurred because of the Defendants substantive RICO violations. The Defendants committed counterfeiting and wire fraud by counterfeiting and selling fake synthetic shares into the market that they knew did not exist and then sending electronic wire to plaintiff alleging they wired the stocks and derivatives through WEbull and Robinhood that Plaintiff purchased when in reality they wired nothing.

4. The abusive shorting are not the random act of renegade hedge funds and market makers with the SEC FNRA and DTCC turning a blind eye, but rather a coordinated business plan that is carried out by a collusive

consortium and enterprise of hedge funds prime brokers and Market makers

under the closed eyes of the Government agencies that we are paying to

protect our interests.

5. The predicate actions of all the defendants were continuous and interrelated

6. The Defendants participated in conduct that was interrelated. The action of

the Defendants created an enterprise because they all benefited from their

illegal activity. The Defendants have established a pattern of behavior over

the past years in furtherance of their market manipulation and illegal

activities. The Defendants action and the Government agencies inactions are

the direct reason for Donnahue George losses.

7. The actions of Defendants Ken Griffin Citadel LLC Citadel Securities and

Citadel Connect actions are a direct violation of the Sherman act of 1890 the

Clayton Act of 1914 and the Federal Trade Commission act of 1914 They

have an illegal monopoly on the market and the SEC FNRA and DTCC turn

a blind eye to these violations. The Defendants illegal Monopoly are the

direct cause of Donnahue George monetary losses.

## **Breach of Contract**

8. The elements for a breach of contract require that 1. The existence of a

contract 2. Performance by the Plaintiff 3, failure to perform the contract on

the part of the defendant 4. Resulting damages to the plaintiff.

9. The SEC FNRA and DTCC had a Contract with the American people to insure an open and fair market, 2 The Plaintiff performed buy paying the SEC FNRA and the DTCC their salary every year 3 The SEC FNRA and the DTCC failed to perform by turning a blind eye for years to all the illegal activities of the Hedgefunds Market Makers and Dark Pools and when acting like they were fulfilling their obligations under the contract by punishing the bad actors they only fined the bad actors a small amount compared to the profits the bad actors received from their bad behavior. These miniscule fines instead of deterring bad behavior, encouraged the bad behavior and the bad actors just looked at the petty fines as a cost of doing business 4 The Defendants failure to perform was the direct result of Plaintiff Donnahue George monetary losses.

## RICO Violations

10. In order to establish a RICO violation, four basic elements must be proven: a pattern of racketeering activity, a culpable person with the requisite mens rea, an enterprise, and an effect on interstate commerce. However, additional elements may be necessary depending on the nature of the claim for civil liability.

11. To prevail on a civil RICO claim, a plaintiff must identify a culpable person who actually committed the RICO violation or conspired to do so. However,

under the RICO statute, the "culpable person" can be any individual or entity capable of holding a legal or beneficial interest in property. The plaintiff must also be able to demonstrate that the culpable person possessed the mental state required to commit the alleged predicate offenses. In other words, it must be shown that the defendant intended to commit predicate acts despite having the knowledge that those acts were illegal.

12. The SEC DTCC FNRA Ken Griffin Citadel Connect Citadel Securities Citadel LLC Robin Hood and WEbull are individuals under the definition established by the RICO statute and possess the Mental State required to commit the predicate offenses alleged in this complaint. The Defendants committed these acts despite having complete knowledge that their actions were illegal and contrary to multiple federal laws and statutes.

13. Under RICO, any legal entity, individual, or group of associated individuals may be considered an enterprise. Informal associations, or association-in-fact enterprises, may still be considered enterprises if it can be shown that the individuals involved worked together in furtherance of a common illegal interest. Additionally, the enterprise must be a distinct and separate entity from the established culpable individual.

14. The SEC DTCC FNRA Ken Griffin Citadel Connect Citadel Securities Citadel LLC Robinhood and WEbull are distinct and separate individuals and

worked together to manipulate the price of AMC and GME shares to benefit themselves at the detriment of myself and other retail investors nationally and internationally.

15. Predicate acts are independently illegal, racketeering activities. Under RICO, certain specifically enumerated federal crimes and certain state offenses are prohibited and are deemed "predicate acts" necessary to state a claim under RICO. The list of prohibited activities includes, among others, wire or mail fraud, money laundering, counterfeiting, embezzlement, illegal gambling, extortion, and bribery.

16. The Defendants committed wire fraud by electronically sending fake counterfeit shares that they knew did not exist through my Webull and Robinhood account electronically. The Defendants committed counterfeiting by fabricating and counterfeiting fake synthetic shares and selling them into the market and shorting them into the market even though they knew that selling fake naked shorts was illegal and banned since 2008.

17. The Defendants Citadel LLC Citadel Connect Citadel Securities along with Robinhood and Webull conspired to hold our buy orders in order to buy in front of me in order to gain a distinctive illegal advantage. Citadel was fined $700,000 in the past for this illegal activity but that fine was not significant enough to stop that bad behavior. They routed buy orders through the dark

pool and flooded the regular market with sell orders in order to manipulate the price of AMC and GME stock. The Dark pool volume for AMC and GME is over 60% no other stock has that type of Dark Pool volume. Retail traders do not trade on the Dark Pool so this is further evidence of the Defendants utilizing the Dark Pools to Manipulate the market. They coordinated Ladder attacks to control and manipulate the price of AMC and GME stock buying and selling shares between them at pre determined prices in order to bring down the stock. The Defendants Manipulation of the AMC stock in the dark pool resulted in losses to Plaintiff Donnahue George

18. Even though naked shorts have been illegal since 2008 The Defendants continue to fabricate naked shorts of AMC and GME to flood the markets with the naked shorts in order to manipulate the stock price. Until a correct and accurate share  count is done we will not know how many counterfeit shares are being traded. There are probably Billions of fake synthetic shares of AMC and GME flooding the market. The SAY technology website showed that 1% of retail investors owned 10% of AMC shares. That suggests billion of fake shares being traded in the market.

19. The Defendants abuse the Failure to Deliver system (FTD) to further manipulate the market. The Defendants never covered the Failure to Delivers instead they just move the Debt from bank to bank to give the appearance of

covering further manipulating the market and putting the entire United States economic system at risk. Citadel Securities was fined 58 times for in the last few years, In February of 2021 They were fined again a mere $10,000 for failing to deliver shares again during the GME squeeze. How can fines like that deter bad behavior? The Defendants continue on this illegal course of action resulting in daily losses to Plaintiff Donnahue George because there are no consequences that deter their bad behavior.

20. The Defendants are also using round lot and odd lot algorithmic trading to further manipulate the market. They set up the algorithmic system in order to keep the price down by not counting shares bought below the block amount of 100 shares the same as blocks of shares bought in 100 share blocks.

21. The Defendants also utilized the short exempt rule to further manipulate the market. The short exempt rule is unregulated and works on the honor system. It puts the burden on the hedge fund to report any violation of the Short exempt rule. Whenever a stock goes down more than 10% in a day The next day hedge funds are not allowed to short the stock at a lower price but the short exempt rule allows the hedge funds to ignore the uptick rule and continue to short a stock into oblivion. They utilize the short exempt rule in order to ignore the uptick rule to further manipulate the price action.

22. The Defendants have utilized mass media and social media as another way to manipulate stock prices. They have co conspirators in mass media who write and broadcast information that they know to be incorrect in order to manipulate stock prices. They utilize bots and paid shills which are people that are paid to enter social media rooms to spread lies and FUD Fear Uncertainty Doubt in order to get retail investors to buy or sell their stocks.

23. The Defendant Citadel LLC has paid Janet Yellen $7,000,000 in speaking fees this same defendant has donated $68,000,000 to Government funds and donated money to all the individuals who voted against the investment security act, creating a conflict of interest that cannot be ignored.

24. Generally, RICO prohibits four different types of activities: investment of racketeering income in an enterprise, acquisition or control of an enterprise due to a pattern of racketeering activity, operation of a RICO enterprise, and RICO conspiracy. Of these four types of activities, plaintiffs in civil RICO actions most commonly rely on 18 U.S.C. § 1962(c), conducting the affairs of an enterprise through a common pattern of racketeering activity.

25. The Defendants actions violated RICO statute by rackerteering activities a RICO enterprise and a RICO conspiracy

26. The Defendants Citadel connect Citadel Securities and Citadel LLC along with Robinhood and Webull  conspired to move investors shares of AMC and

GME through dark pools and Citadel connect in order to manipulate the price and reduce the real value of the AMC and GME shares

## **ANTITRUST LAWS**

27. Antitrust laws are statutes developed by governments to protect consumers from predatory business practices and ensure fair competition. The actions of Ken Griffin Citadel LLC Citadel Securities and Citadel Connect are in direct violation of the antitrust statutes

28. Under Section 2 of the Sherman act a Monopoly exists when an actor possess Monopoly power in the relevant market and the willful acquisition or maintenance of that power as distinguished from growth or development of a superior product business acumen or historic accident.

29. Ken Griffin is in possession of monopoly power over the stock market because of his ownership of the Hedge Fund the Market Maker and the unregulated Dark Pool

30. The unprecedented growth of Citadel and its Business acumen meets all the requirements for a violation of the Sherman act and establishes Ken Griffin , Citadel LLC Citadel Securities and Citadel Connect as an illegal monopoly.

31. The Defendants Ken Griffin Citadel LLC The Hedge Fund and Citadel Securities the Market Maker along with Citadel Conect The unregistered Dark pool have a unfair monopoly on the market. The Company that is shorting

AMC and GME stock is also the company directing the orders, with the option to divert and hold orders on its unregistered dark pool and fill the orders. They utilize this monopoly to control the price of any stock that they have set their sights on. All these Companies are owned by Ken Griffin. This is an unfair monopoly that would not be accepted in any other industry and is ripe for abuse and illegal activity.

These actions are in direct violation of the antitrust and monopoly laws instituted by our legislature. Sherman Act 1890 Clayton Act 1940 Federal Trade Commission act of 1914

The Defendants Violation of the antitrust losses contributed to Plaintiff Donnahue George continuing to lose money.

32. The Defendants SEC FNRA and DTCC were aware of these illegal activities and instead of fining these bad actors in an amount that would deter this bad behavior, the fines and punishments actually motivated the bad actors to continue violating the law. If an institution commits an illegal act and profits ($100,000,000.00) 100 Million Dollars from that illegal act. but if they get caught doing these illegal activities the fine is only ($1,000,000.00) 1 Million Dollars why would they stop doing illegal activities? Robinhood was fined $70 million dollars but the amount of money they made shutting down trading and deceiving investors made that $70 million dollar fine seem insignificant.

Robinhood even admitted in their IPO filing that they would probably engage in the same illegal conduct again. How was that fine a deterrent to future bad behavior?

33. For years the Hedge Funds Market Makers and investment Banks have called us "Dumb Money" while they steal our homes, retirement funds and our childrens future while the government turns a blind eye. We retail investors are tired of the corruption and abuse that we have suffered at the hands of the so called "Smart Money" We have adopted the moniker of "The Apes" We have adopted this moniker because we are unconventional and think outside the box. The AI algorithms that worked to control the prior generation of retail investors has little affect on us. We retail Investors "Apes" are sick and tired of watching our hard earned savings and our childrens future stolen because of manipulation and corruption that has permeated the stock market for decades. We plan on taking control of our financial future. We will insure that a fair and transparent market is the legacy that we leave our children.

## **RELIEF**

34. The plaintiff requests that this honorable court grant Plaintiff actual damages in the amount of $1,700,000.00 for the Defendants illegal actions plus punitive damages in the amount of $100,000,000.00 to punish the defendants and insure that they do not commit these illegal acts again in the future. The

Plaintiff requests that this honorable Courts order the SEC FNRA and

DTCC to issue fines to the illegal actors 10 times their gains from their

illegal activities to deter them from doing them in the future , that this

honorable Court order the Defendants to submit to the courts the actual

number of shares of AMC and GME that they are allegedly holding That this

honorable court order the SEC DTCC and FNRA to follow the rules that

they put in place that they appear to turn a blind eye  to and order Citadel

LLC Citadel Securities and Citadel Connect to dismantle the Monopoly they

have on the Stock market and whatever else the courts find fair and equitable

Respectfully Submitted

     August 16 2021

Donnahue George

ECF#10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 21-cv-61719-KMM

**DONNAHUE GEORGE**

**PRELIMINARY INJUNCTION**

**Hearing within 21 Days**
**Requested**

Plaintiff

v.

**KEN GRIFFIN**

**CITADEL SECURITIES MARKET MAKER**

**CITADEL CONNECT DARK POOL**

**CITADEL LLC HEDGE FUND**

**SECURITIES EXCHANGE COMMISSION**

**FINRA**

**CFTC**

**DTCC**

**ROBINHOOD**

**WEBULL**

Defendants

---

# PLAINTIFFS MOTION FOR PRELIMINARY INJUNCTION
## INTRODUCTION

Plaintiff Donnahue George respectfully move this Court for a preliminary

injunction as set out below and for the reasons set out in the accompanying

Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction. Fed. R.

Civ. P. 65(a). Plaintiffs respectfully request that this honorable court issue a preliminary injunction barring defendants from destroying any documents  whether paper or electronic related to AMC and GME shares, and barring defendants from continuing trading  AMC and GME shares in the Dark Pools until a correct share count is done and verified by this honorable court

WHEREFORE, Plaintiffs respectfully request the Court grant their Motion and issue a preliminary injunction.

Dated: September 6, 2021

Donnahue George

## PLAINTIFFS MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION

### INTRODUCTION

Plaintiff Donnahue George filed a lawsuit against the Defendants on August 17, 2021 for RICO violations anti trust violations wire fraud and breach of contract. Plaintiff alleges that Defendants engaged in illegal activities such a selling naked counterfeit shares into the market. Pushing retail orders through the dark pools in order to manipulate the price of AMC and GME shares. Even after the lawsuit was filed Defendants continued to push naked shorts and counterfeit shares into the market. Plaintiff has highly likelihood of success on the merits, will suffer irreparable harm without an injunction and an injunction will not substantially injure others while furthering the public interest. The Court should therefore grant Plaintiffs request for a preliminary injunction.

### FACTS

1. Robinhood, Webull along with Ken Griffin Citadel, Citadel Connect , Citadel Securities SEC, FINRA, CFTC and DTCC have created an Enterprise and  Conspired and participated in conduct  that manipulated the Market and controlled the prices of stocks, to the detriment of myself and other retail investors. The Defendants pattern of behavior of allowing market

counterfeit. What they are doing in putting counterfeit shares into the market in order to manipulate the price of AMC and GME stock.

4.  The abusive shorting are not the random act of renegade hedge funds and market makers with the SEC FINRA CFTC and DTCC turning a blind eye, but rather a coordinated  business plan that is carried out by a collusive consortium and enterprise of hedge funds prime brokers and Market makers under the closed eyes of the Government agencies that we are paying to protect our interests.

## **Preliminary Injunction**

The Party moving for a preliminary injunction bears the burden  to demonstrate the factors justifying relief. Granny Goose Food, Inc v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423 441 (1974) The courts have adopted a two part test requiring the Plaintiff to show (1) a prima facie case of previous violations of federal securities law and (2) a reasonable likelihood that the wrong will be repeated See SEC v. Unique Fin Concepts Inc. 196 F .3d 1195, 1199 n. 2(11th Cir. 1999) (citing Mgmt Dynamics, Inc, 515 F.2d at 806-07; SEC v. Manor Nursing Ctrs. Inc, 458 F.2d 1082, 1100 (2d Cir. 1972) see also SEC v. Schooler, 902 F, Supp. 2d 1341, 1345 (S.D Cal. 2012) (using the two-part standard when determining when whether to issue a preliminary injunction.

manipulation or participating in Market Manipulation is ongoing and continuous and a violation of United States Antitrust Laws. The Defendants established a private Dark pool in order to manipulate the price of securities and derivatives. The Defendants actions and the Government agencies inaction were direct cause of my monetary losses. Citadel Connect acts as a private Dark Pool and while the SEC has strict regulations regarding dark pool registration Citadel Connect has been given free rein by SEC FINRA CFTC and DTCC to operate outside the law to the detriment of Donnahue George and other retail investors nationally and internationally.

2. The Defendants committed substantive Rico Violations per 18 USC Section 1962 resulting in the plaintiff Donnahue George losing money and the Injury occurred because of the Defendants substantive RICO violations. The Defendants committed counterfeiting and wire fraud by counterfeiting and selling fake synthetic shares into the market that they knew did not exist and then sending electronic wire to plaintiff alleging they wired the stocks and derivatives through WEbull and Robinhood that Plaintiff purchased when in reality they wired nothing.

3. They call the transactions synthetic shares in order to minimize the criminality of the transaction. What are synthetic $100 bills, synthetic car titles, synthetic property deeds, synthetic GUCCI bags? We would call them

"The granting of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it" On application for preliminary injunction the court is not bound to decide doubtful and difficult questions of law or disputed questions of facts Dymo Indus, Inc v TapePrinter, Inc, 326 F.2d 141, 143 (9th Cir. 1964)

## **Prima Facie Case of Past Securities Violations**

Defendant Citadel Securities have been fined multiple times in the past for violations of Securities laws. In Jan of 2017 Citadel securities was fined 22 million dollars for misleading investors. In March of 2021 was fined $275,000 for FINRA reporting violations in July of 2020 Citadel was fined $700,000 for violating FNRA rule 5320 (See Exhibit A) In 2016 Citadel was fined $180,000 for reporting 6.5 million shares as log positions when they were actually short positions(see exhibit B) Citadel has filed requests to be exempt from the 1940 Investment act on several occasions and it always seems to be granted (see exhibit C) The failures to deliver of AMC stock according to a SEC report was 1088% which was more than 150 times the failure to deliver of Apple stock which is 11 times the size of AMC (See Exhibit D) The FINRA website is very clear that naked shorting and failures to delivers are meant to "enrich an oligarchy, and defraud investors (See exhibit E)

## **Reasonable Likelihood the Wrong Will be Repeated**

Citadel Securities have continued to trade AMC stocks in the dark pool after the lawsuit was filed. The Dark Pool was designed for large institutional trades to not disrupt the market, Yet Citadel Securities is using the dark pool to manipulate the price of AMC stock by routing retail buy orders through the dark pool so that they are not reflected on the NYSE and therefore they keep the price down. On September 2, 2021 68% of AMC shares were traded in the dark pool (see exhibit F)Investopedia states that " The prices at which trades are executed in the dark pools ,may diverge from prices displayed in the public Markets which puts retail investors at a huge disadvantage" if 10% of stock is traded in the dark pool that is considered excessive yet AMC shares are being traded at almost 70% in the dark pool . This abuse continued after the lawsuit was filed and sent by certified mail return receipt to all defendants with a copy of waiver of the service of summons plus a stamped return envelope.

Defendants past violations of securities laws on multiple occasions and their continued naked shorting of AMC shares while also continuing to route retail orders through the dark pool in order to manipulate the price of AMC and GME shares meets the 2 requirements set forth by federal case law in order for this honorable court to grant this preliminary injunction. This honorable court should

issue the preliminary injunction until a true and correct share count of AMC shares are verified by the court.

## **CONCLUSION**

For the foregoing reasons, this court should grant Plaintiffs motion for Preliminary injunction barring defendants from destroying any documents whether written or electronic related to AMC and GME shares and barring Defendants from trading AMC and GME shares through the dark pools and whatever else the court finds fair and equitable.

Respectfully Submitted

Date September 6, 2021

Donnahue George

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Preliminary injunction was served by Certified Mail on September 7, 2021 to all counsel or parties of record on the Service List

Donnahue George

SERVICE LIST

**SEC**

100 F st NE Washington DC 20549

**KEN GRIFFIN**

131 S Dearborn St Chicago IL 60603

**CITADEL SECURITIES MARKET MAKER**

425 Park Ave New York NY 10022

**CITADEL CONNECT DARK POOL**

131 S Dearborn st Chicago IL 60603

**CITADEL LLC HEDGE FUND**

131 S Dearborn st  Chicago IL 60603

**FINRA**

1735 K street NW Washington DC 20581

**DTCC**

55 Water St  New York NY 10041

**ROBINHOOD FINANCIAL LLC**

85 Willow road Menlo Park CA 94025

**WEBULL FINANCIAL LLC**

44 Wall st Suite 501 New York NY 10005

**EXHIBIT A**

5:24 ⏎                                    .ıl  5G 🔋

 citadel finra fine                    

**All**      News      Shopping      Images      Maps

# $700,000 fine

Citadel Securities landed with **$700,000 fine** from
FINRA for trading ahead of clients. FINRA claimed that
from 2012 to 2014 the market maker traded over the
counter stocks for its personal account while delaying
client orders for the same stocks.  1 day ago

▌▌ https://www.thetradenews.com › cita...
Citadel Securities landed with $700,000
fine from FINRA for trading ahead of ...

About featured snippets          Feedback

Google

🔍  fines paid by citadel securities                                                            ✕

All    News    Images    Maps    Videos    Shopping    Books    Flights    Search tools

☰  https://financefeeds.com › citadel-se...

# Citadel Securities fined $275k for reporting violations after $700k fine ...

Mar 26, 2021 — Citadel Securities LLC has been fined $275,000 by FINRA amid reporting violations. The firm has been a FINRA member since 2005 and had no ...

You visited this page on 9/5/21.

ℍ  https://www.financemagnates.com › ...

# FINRA Slaps $275K Fine on Citadel Securities for Reporting Violations

Mar 26, 2021 — The Financial Industry Regulatory Authority (FINRA) has fined market-making and execution services provider Citadel Securities $275,000 for ...

https://tokenist.com › deep-dive-cita...

# A Deep Dive into Citadel Securities' Track Record of Anti-Transparency

Apr 8, 2021 — As recent as March 26, 2021, FINRA fined Citadel Securities with $275,000 for various reporting violations. This is similar to the previous fine ...

You visited this page on 9/5/21.

⚙  https://www.sec.gov › pressrelease

# Citadel Securities Paying $22 Million for Misleading Clients About Pricing ...

Jan 13, 2017 — The Securities and Exchange Commission today announced that Citadel Securities LLC has agreed to pay $22.6 million to settle charges that ...

You visited this page on 9/5/21.

🅰  https://atozmarkets.com › ... › News

# Citadel Securities Fined by FINRA for Reporting Violations - AtoZ Markets

Mar 26, 2021 — FINRA has fined Citadel Securities $275,000 over allegations of lapses in regulatory reporting. The market-maker neither agreed nor denied ...

## Citadel Securities Fined by Finra for Trading Ahead of Clients - Bloomberg

Jul 21, 2020 — Citadel Securities, the brokerage majority owned by billionaire Ken Griffin, agreed to pay $700,000 to resolve an industry-backed ...

## People also search for

🔍  Citadel fined by SEC 2021

🔍  Citadel Securities net worth

🔍  Citadel fined 2021

🔍  Citadel Securities fined by FINRA for trading ahead of clients

FT  https://www.ft.com › content

## US regulator fines Citadel Securities over trading breach | Financial Times

Jul 20, 2020 — Citadel Securities will pay a fine of $700,000 under the terms of a settlement with the regulator without admitting or denying the claims.

https://digitaledition.chicagotribune.com › ...

## Citadel among firms fined over trading errors - South Southwest

Chicago-based Citadel will pay $3.5 million over violations stemming from incorrect reporting for nearly 80 million trades from 2012 to 2016, the SEC said in a ...

You visited this page on 9/5/21.

https://www.spglobal.com › finra-fi...

## FINRA fines Citadel Securities over trading system violations - S&P Global

Jul 21, 2020 — The Financial Industry Regulatory Authority fined Citadel Securities LLC for violating certain FINRA rules in relation to the company's ...

https://files.brokercheck.finra.org › ...  PDF

## BrokerCheck Report - CITADEL SECURITIES LLC - FINRA

Jul 30, 2021 — THE FIRM WAS CENSURED AND FINED $275,000. FINE PAID IN FULL ON.


Image courtesy of 123rf.

NEWS / PERSONAL FINANCE

# A Deep Dive into Citadel Securities' Track Record of Anti-Transparency

Citadel claims to serve brokerages as an impartial market maker—but the data suggests otherwise.

By Tim Fries 
Last updated on April 08, 2021

Neither the author, Tim Fries, nor this website, The Tokenist, provide financial advice. Please consult our website policy prior to making financial decisions.

Citadel Securities' involvement in the GameStop revolt has shone a spotlight on underhanded dealings. Public records show how Citadel has been fined multiple times—yet such fines seem to be chalked up as the cost of doing business. The real expense burdens retail investors however, which certain regulatory agencies were designed to protect. What happens when regulators have little to no effect in discouraging such activity?

## Inevitable Foibles of a Centralized Financial System

As with most things in life where human interest is involved, there is a chasm between how something is supposed to work and how it actually works. This has long-been accepted as predictable, something that has to be taken into account of doing business. At times when this self-evident truth was rejected, utopian ideologies stepped in, only to make life far worse.

However, we have largely moved on from all-encompassing ideologies onto piecemeal fixing of problems. The chasm between the nominal and the practical is now bridged by regulatory agencies. Their purpose is to balance public interest with the private one. Unfortunately, the evidence is growing that this technocratic approach too is failing:

- Financial Crisis of 2007 – 2008 caused by banks joining hands with hedge funds to engage

in speculative derivatives trading. The government had to bail them out via TARP (Troubled Asset Relief Program), putting the **$498 billion bailout's bill to taxpayers]** which accounted for 3.5% of 2009's GDP.

- The famous 2014 Princeton study which revealed that average citizens have near-zero influence on the formation of policies. This was later confirmed in 2019 by USA TODAY and the Arizona Republic after a two-year investigation revealed that about 10,000 bills introduced during an 8-year span were directly copy-pasted from corporate lobby groups. Of those, 2,100 became laws.

- The global sensation of GameStop's short squeeze became in many ways digital reincarnation of the defunct Occupy Wall Street movement. Social media platforms were flooded with the sentiment that you should buy GME stock not to make a profit but to bring pain to short-selling hedge funds. One could say it pushed the envelope of socially responsible investing (SRI)—an entirely different manner than what is conventionally known.

All of this leads us to the current predicament. When trying to play by the rules of engagement, retail investors tend to be de-platformed from the battle.

## Acute Conflict of Interest between Market Makers and Brokerages

In January 2020, popular stock trading brokerages implemented trading restrictions on GME, along with other short-squeezed stocks, as soon at became apparent that hedge funds would lose even more billions than they already had lost. However, the relationship between the most popular trading app, Robinhood, and Citadel Securities, one of the key hedge funds involved with GME's short-squeeze, is particularly troubling.

To offset its pioneering zero-commission trading feature, Robinhood's income comes from selling order flows. As a market maker, Citadel buys them for the purported purpose of ensuring that traders get the best market prices. To give you an idea how lucrative the selling of these order flows is, Robinhood sold them for $271 million in the first half of 2020 alone.

Likewise, a competing online brokerage, TD Ameritrade, made $560 million during the same time period. While Citadel may say they use this data to improve their trading algorithms, the fact remains that order flows give market makers like Citadel critical trading patterns from retail investors. If the same market maker, Citadel Securities, is also a hedge fund trying to short-sell GME, would it be reasonable to think they would not leverage trading patterns from order flows?

## How Big is Citadel Securities?

Everyone understands that you can accurately gauge a person by their past behavior. At the end of last year, the SEC had already fined Robinhood for $65 million for failing to disclose its income sources. Furthermore, recent hearings before the U.S. House Committee on Financial Services had revealed multiple problems with the short-selling process itself.

One could speculate whether this was intentionally set up in such a manner. Of more importance is contextualizing Citadel Securities within the established trend we have noticed for the last couple of decades. If we assume the following trajectories to be true, how does Citadel come out looking?

- Debt-based economy is becoming increasingly fragile to perceptions and smaller failures.
- Therefore, financial institutions that become too big, in large part due to risky behavior, are not allowed to fail, thus introducing even greater moral hazard.
- In turn, this leads to financial institutions viewing violations and fines as costs of financial friction.

Citadel is not only a market maker or a hedge fund but a conglomerate. Citadel Advisors LLC holds $384 billion in assets under management (AuM). Although Citadel Securities has at least $234 billion in AuM, which is a pittance compared to BlackRock's $8.7 trillion, its sway over the market is enormous. According to Bloomberg Intelligence, Citadel is right up there with NYSE and Nasdaq in terms of U.S. stock trading volume.



**US stock trading market share by venue in December 2020**

Image credit: qz.com

In other words, despite engaging in different financial activities, the growth of retail trading has grown to such an extent that a market maker like Citadel is encroaching on the world's largest stock exchanges. This growing off-exchange space that relies on brokerages tying themselves to market makers now makes for at least 47% of the U.S. stock market.

## How Do FINRA and the SEC View Citadel Securities?

Although not a part of the government, FINRA – Financial Industry Regulatory Authority – works under the SEC (Securities and Exchange Commission) to regulate brokerages as an independent body. On the other hand, the SEC's mission is to protect investors from foul play, by going after investors who have violated securities laws.

Both FINRA and the SEC have their work full fining and censuring Citadel.

• This FINRA report for Citadel's activities in the period between 2017 and 2019, tracked over-reporting of 452,451 securities transactions and incorrectly reporting internal transfers as Treasury transactions, to just name the "few" types of infractions.

• In the same report, Citadel Securities misreported transactions with affiliates as transactions with customers in 11,989 instances.

• One of those affiliates is Citadel Securities Institutional LLC, another cog of the Citadel conglomerate but registered as a separate company, seemingly for the purpose of receiving treasuries that are then misreported.

• As recent as March 26, 2021, FINRA fined Citadel Securities with $275,000 for various reporting violations. This is similar to the previous fine of $700,000 in July 2020 for failure to protect customer orders and ensure market transparency.

Interestingly, the current Treasury Secretary and former Federal Reserve Chair Janet Yellen received $810k for "speaking fees" from Citadel, the same hedge fund that engaged in short selling US treasuries. Exorbitant speaking fees seems to be an artefact of evolved bribes for a more cultured, technocratic society.



Reserve your spot with the #1 options alert service

LIMITED CAPACITY

As much as +233% or +$12,500 on AAPL options

JOIN WAITLIST

If all of this rings a bell in the form of repeat-violators such as Deutsche Bank or Goldman Sachs, it's because they are record-holders in fines. As such, they make for a steady source of income, as they keep being too big to fail.

## A Way Out of Centralized Finance

If all of this sounds too complicated and obtuse, it's because it is. Much more so than the ongoing Ethereum 2.0 upgrade, which is poised to become the wellspring of decentralized finance. Even some WallStreetBets moderators are ready to plunge into this exciting arena of automated market makers and liquidity pools on decentralized exchanges.

Furthermore, it seems that the centralized world of finance is getting even more compacted. The same actors, from the same schools, continue to circulate through various financial power centers. The Eastman Kodak scandal perfectly exemplified this, but having predictably

received zero sanction. With lockdowns drastically accelerating wealth transfer and further centralization to set up a new kind of society, weening off of these systems looks to be a legitimate potential reality.

 Join our Telegram group and stay connected to all things crypto, DeFi, and finance.

*Do you think there is a threshold for institutional credibility, or it can be managed indefinitely? Let us know in the comments below.*

🏷 | Citadel Securities | | FINRA | | market maker | | Robinhood | | violations |

**About the author**

 Tim Fries | 🔗 LinkedIn ✉ Email

Tim Fries is the cofounder of The Tokenist. He has a B. Sc. in Mechanical Engineering from the University of Michigan, and an MBA from the University of Chicago Booth School of Business. Tim served as a Senior Associate on the investment team at RW Baird's US Private Equity division, and is also the co-founder of Protective Technologies Capital, an investment firms specializing in sensing, protection and control solutions.

0 Comments    TheTokenist    🔒 Disqus' Privacy Policy       🔵 Login ▾

♡ Recommend   5    🐦 Tweet    f Share       Sort by Best ▾

Start the discussion…

LOG IN WITH      OR SIGN UP WITH DISQUS ⑦

Ⓓ f 🐦 G    Name

Be the first to comment.

✉ Subscribe    Ⓓ Add Disqus to your siteAdd DisqusAdd    ⚠ Do Not Sell My Data      **DISQUS**

# You may also like

 

**EXHIBIT B**

# FINANCIAL INDUSTRY REGULATORY AUTHORITY
## LETTER OF ACCEPTANCE, WAIVER, AND CONSENT
### NO. 2016051085001

TO:    Department of Enforcement
        Financial Industry Regulatory Authority (FINRA)

RE:    Citadel Securities LLC (Respondent)
        Member Firm
        CRD No. 116797

Pursuant to FINRA Rule 9216, Respondent Citadel Securities LLC submits this Letter of Acceptance, Waiver, and Consent (AWC) for the purpose of proposing a settlement of the alleged rule violations described below. This AWC is submitted on the condition that, if accepted, FINRA will not bring any future actions against Respondent alleging violations based on the same factual findings described in this AWC.

## I.

## ACCEPTANCE AND CONSENT

A.    Respondent hereby accepts and consents, without admitting or denying the findings and solely for the purposes of this proceeding and any other proceeding brought by or on behalf of FINRA, or to which FINRA is a party, prior to a hearing and without an adjudication of any issue of law or fact, to the entry of the following findings by FINRA:

### BACKGROUND

Citadel Securities became a FINRA member in February 2005, is headquartered in Chicago, Illinois and as of October 2020, has approximately 415 registered individuals. The firm primarily engages in market making and provides execution services in U.S. equities, options, government securities, and foreign exchange products to millions of customers through its broker-dealer clients. Citadel Securities does not have any relevant disciplinary history.

### OVERVIEW

Between September 14, 2015 and July 21, 2016, Citadel Securities had a system issue that caused it to report approximately 6.5 million equity sale transactions to the FINRA/Nasdaq Trade Reporting Facility (TRF) with an inaccurate short sale indicator in violation of FINRA Rules 6182, 7230A(d), and 2010. The firm also failed to have a supervisory system, including written supervisory procedures (WSPs), that was reasonably designed to achieve compliance with FINRA rules requiring the use of short sale indicators in violation of FINRA Rules 3110 and 2010.

## **FACTS AND VIOLATIVE CONDUCT**

This matter originated from FINRA's 2015 cycle examination of Citadel Securities.

Trade Reporting Violations

1. FINRA Rule 6182 requires members "to indicate on trade reports submitted to FINRA whether a transaction is a short sale or a short sale exempt transaction ('short sale reporting requirements'). The short sale reporting requirements apply to transactions in all NMS stocks, as defined in Rule 600(b)(47) of SEC Regulation NMS." All short sale transactions in NMS securities must be reported to FINRA with a "short sale" or "short sale exempt" indicator pursuant to Rule 201 of Regulation SHO.

2. FINRA Rule 7230A(d) requires the reporting member (unless the contra side has an opportunity to provide its own trader information) to provide complete and accurate submissions of information for both sides of a trade including, "[a] symbol indicating whether the transaction is a buy, sell or cross, and if applicable, a symbol indicating that the transaction is a sell short or sell short exempt trade from the Reporting Member perspective or contra side perspective, irrespective of whether the contra side is a member, except the sell short or sell short exempt indicator is not required on any clearing-only, non-regulatory report submitted pursuant to Rule 7230A(i)(4)."

3. FINRA Rule 2010 requires a member in the conduct of its business to "observe high standards of commercial honor and just and equitable principles of trade." A violation of a FINRA rule constitutes a violation of FINRA Rule 2010.

4. On September 14, 2015, Citadel Securities released a new system designed to implement the new order marking and trade reporting methodologies required pursuant to Regulation SHO FAQ 2.5 and FINRA Trade Reporting FAQ 407.13, respectively. However, the firm inadvertently omitted one of its execution systems as part of the release, and thus reported trades using the historical methodology. This omission caused Citadel Securities to report 6.5 million short sale equity transactions to the TRF without the short sale indicator. The firm remediated the issue on July 21, 2016 after FINRA notified the firm of the issue. The 6.5 million trade reporting violations represented approximately four to six percent of Citadel Securities' daily reported trades during the period September 14, 2015 through July 21, 2016.

5. Therefore, Citadel Securities violated FINRA Rules 6182 and 2010.

6. Between September 14, 2015 and July 21, 2016, Citadel Securities reported approximately 6,660 long sale trades to the TRF with a short sale indicator as a result of the issue described in paragraph 4.

7.  Therefore, Citadel Securities violated FINRA Rules 7230A(d) and 2010.

Supervision Violation

8.  FINRA Rule 3110(a) requires that each member "establish and maintain a system to supervise the activities of each associated person that is reasonably designed to achieve compliance with applicable securities laws and regulations, and with applicable FINRA rules." FINRA Rule 3110(b) requires that each member, "establish, maintain, and enforce written procedures to supervise the types of business in which it engages and the activities of its associated persons that are reasonably designed to achieve compliance with applicable securities laws and regulations, and with applicable FINRA rules."

9.  Citadel Securities' supervisory system, including its WSPs, was not reasonably designed to achieve compliance with short sale indicator reporting pursuant to FINRA Rules 6182 and 7230A(d). Between September 14, 2015 and July 21, 2016, Citadel Securities conducted end of day reviews for the accuracy of short sale transaction reporting, but these reviews did not include trades effected through all of its execution systems. Even if Citadel Securities had included all execution systems in its supervisory reviews, it would not have reviewed the misreported transactions for short sale reporting requirements because the supervisory reviews only looked at order activity covered by Regulation SHO. Unlike FINRA's trade reporting rules, Regulation SHO did not apply to the misreported transactions because Regulation SHO mandates the marking of sell orders and here the misreported transactions were limited to the execution of incoming orders rather than order entry or routing. Citadel Securities addressed the deficiencies in its WSPs in July 2016 after FINRA brought the issue to its attention. Consequently, between September 14, 2015 and July 21, 2016, Citadel Securities did not have in place a supervisory system, including WSPs, reasonably designed to achieve compliance with FINRA Rules 6182 and 7230A(d) in violation of FINRA Rules 3110(a) and (b) and 2010.

B.  Respondent also consents to the imposition of the following sanctions:

- a censure and

- a $180,000 fine comprised of $140,000 for trade reporting violations and $40,000 for the related supervisory violations).

The sanctions imposed in this AWC shall be effective on a date set by FINRA.

3

## II.

## **WAIVER OF PROCEDURAL RIGHTS**

Respondent specifically and voluntarily waives the following rights granted under FINRA's Code of Procedure:

      A.      To have a complaint issued specifying the allegations against it;

      B.      To be notified of the complaint and have the opportunity to answer the allegations in writing;

      C.      To defend against the allegations in a disciplinary hearing before a hearing panel, to have a written record of the hearing made, and to have a written decision issued; and

      D.      To appeal any such decision to the National Adjudicatory Council (NAC) and then to the U.S. Securities and Exchange Commission and a U.S. Court of Appeals.

Further, Respondent specifically and voluntarily waives any right to claim bias or prejudgment of the Chief Legal Officer, the NAC, or any member of the NAC, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including its acceptance or rejection.

Respondent further specifically and voluntarily waives any right to claim that a person violated the ex parte prohibitions of FINRA Rule 9143 or the separation of functions prohibitions of FINRA Rule 9144, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including its acceptance or rejection.

## III.

## **OTHER MATTERS**

Respondent understands that:

      A.      Submission of this AWC is voluntary and will not resolve this matter unless and until it has been reviewed and accepted by the NAC, a Review Subcommittee of the NAC, or the Office of Disciplinary Affairs (ODA), pursuant to FINRA Rule 9216;

      B.      If this AWC is not accepted, its submission will not be used as evidence to prove any of the allegations against Respondent; and

C.    If accepted:

    1.    this AWC will become part of Respondent's permanent disciplinary record and may be considered in any future action brought by FINRA or any other regulator against Respondent;

    2.    this AWC will be made available through FINRA's public disclosure program in accordance with FINRA Rule 8313;

    3.    FINRA may make a public announcement concerning this agreement and its subject matter in accordance with FINRA Rule 8313; and

    4.    Respondent may not take any action or make or permit to be made any public statement, including in regulatory filings or otherwise, denying, directly or indirectly, any finding in this AWC or create the impression that the AWC is without factual basis. Respondent may not take any position in any proceeding brought by or on behalf of FINRA, or to which FINRA is a party, that is inconsistent with any part of this AWC. Nothing in this provision affects Respondent's testimonial obligations or right to take legal or factual positions in litigation or other legal proceedings in which FINRA is not a party.

D.    Respondent may attach a corrective action statement to this AWC that is a statement of demonstrable corrective steps taken to prevent future misconduct. Respondent understands that it may not deny the charges or make any statement that is inconsistent with the AWC in this statement. This statement does not constitute factual or legal findings by FINRA, nor does it reflect the views of FINRA.

The undersigned, on behalf of Respondent, certifies that a person duly authorized to act on Respondent's behalf has read and understands all of the provisions of this AWC and has been given a full opportunity to ask questions about it; that Respondent has agreed to the AWC's provisions voluntarily; and that no offer, threat, inducement, or promise of any kind, other than the terms set forth in this AWC and the prospect of avoiding the issuance of a complaint, has been made to induce Respondent to submit this AWC

10/27/20
Date

Citadel Securities LLC
Respondent

Print Name: Steph Luyoll

Title: EC Citadl Securin

Accepted by FINRA:

Signed on behalf of the
Director of ODA, by delegated authority

November 13, 2020

Nellie Dunderdale

Date

Nellie Dunderdale
Counsel
FINRA
Department of Enforcement
15200 Omega Drive, Suite 300
Rockville, MD 20850-3329

6

**EXHIBIT C**

 

🔒 sec.report

 Companies   Documents   Forms   Alerts

# Form 40-6B/A Citadel Enterprise Americas Llc

[Amend] Application for exemption from all provisions of The Investment Company Act of 1940 by an Employee's Investment Company

SEC.report    /    Citadel Enterprise Americas LLC

Form 40-6B/A                                    (Filer)

   

cricket Wi-Fi 🛜    8:45 PM

EDGAR Search Results

SEC Home » Search the Next-Generation EDGAR System » Company Search »

**Citadel Enterprise Americas LLC CIK#: 0001255158 (see all company filings)**

State location: IL | State of Inc.: DE
formerly: CITADEL INVESTMENT GROUP LLC (filings through 2009-12-10)
formerly: CITADEL LLC (filings through 2013-08-18)
Get insider transactions for this reporting owner.
File Number: 813-00397

Business Address
CITADEL LLC
131 S DEARBORN STREET
32ND FL
CHICAGO IL 60603
3123952100

## Filter Results

| Filing Type: | Prior to: (YYYYMMDD) | Ownership? ⦿ include ◯ exclude ◯ only | Limit Results Per Page [40 Entries] | Search / Show All |

Search W
EDGAR
Enter key

Items 1 - 6  🔲 RSS Feed

| Filings | Format | Description | Fil |
|---|---|---|---|
| 6B ORDR | Documents | 40-6B Order<br>Acc-no: 9999999997-21-000176 (40 Act)  Size: 229 KB | 202 |
| 6B NTC | Documents | 40-6B Notice<br>Acc-no: 9999999997-20-005815 (40 Act)  Size: 1 MB | 202 |
| 40-6B/A | Documents | [Amend] Application for exemption from all provisions of The Investment Company Act of 1940 by an Employee's Investment Company<br>Acc-no: 0000905148-20-001113 (40 Act)  Size: 216 KB | 202 |
| 40-6B/A | Documents | [Amend] Application for exemption from all provisions of The Investment Company Act of 1940 by an Employee's Investment Company<br>Acc-no: 0000905148-20-000803 (40 Act)  Size: 358 KB | 202 |
| 40-6B/A | Documents | [Amend] Application for exemption from all provisions of The Investment Company Act of 1940 by an Employee's Investment Company<br>Acc-no: 0000905148-20-000568 (40 Act)  Size: 381 KB | 202 |
| 40-6B | Documents | Application for exemption from all provisions of The Investment Company Act of 1940 by an Employee's Investment Company<br>Acc-no: 0000905148-19-001031 (40 Act)  Size: 224 KB | 201 |

https://www.sec.gov/cgi-bin/browse-edgar

⊙  Copy text from image  ⊗

**EXHIBIT D**

**BUSINESS**

# AMC FAILS TO DELIVER UP 1088% IN LATEST DATA

SEPTEMBER 1, 2021 | TREMENDOUSBLOG | LEAVE A COMMENT

Major new data just came out today from the SEC. It shows fails to deliver in AMC Entertainment Holdings, Inc. up 1088% in the first half of August:

Privacy & Cookies: This site uses cookies. By continuing to use this website, you agree to their use.
To find out more, including how to control cookies, see here: Cookie Policy

Close and accept

**EXHIBIT E**

🔵 finra.org

- James Cramer vs. Jon Stewart saga -
  › https://en.wikipedia.org/wiki/Jon_Stewart%E2%80%93Jim_Cramer_conflict [en.wikipedia.org]

In summary, naked shorting is employed widely within the US securities trading system. It is used to manipulate prices, enrich an oligarchy, and defraud investors. Privileged parties are able to employ predatory and illegal tactics to mitigate the risks inherent to market trading and, therefore, tilt the favour towards themselves at the expense of the wider economy.

## Proposal 1: Enforce Share Ownership Prior to a Short Sale

The problem stems from the difference between "short selling" and "naked short selling", then the key problem here has to be how to prevent Failures to Deliver (FTDs). These are where a short-sold share cannot be physically located by T+x and, therefore, a second synthetic share is being created to cover the first. This rolling snowball of

**EXHIBIT F**



| Date | Short perc. | Short Exempt Volume | Dark Pool perc. |
|---|---|---|---|
| 2021-0?-02 | 4?.?% | 2?5,015 | 68.9 % |



Price rigging occurs when parties conspire to fix or inflate prices to achieve higher profits at the consumer's expense. more

## Antitrust Laws: Keeping Healthy Competition in the Marketplace

Antitrust laws apply to virtually all industries and to every level of business, including manufacturing, transportation, distribution, and marketing. more

## Clayton Antitrust Act

The Clayton Antitrust Act is designed to promote business competition and prevent the formation of monopolies and other unethical business practices. more





Investopedia is part of the Dotdash publishing family.

ECF#52

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 21-cv-61719-KMM

**DONNAHUE GEORGE**                    **REQUEST TO REOPEN CASE**

Plaintiff

v.

**KEN GRIFFIN**

**CITADEL SECURITIES MARKET MAKER**

**CITADEL CONNECT DARK POOL**

**CITADEL LLC HEDGE FUND**

**SECURITIES EXCHANGE COMMISSION**

**FINRA**

**CFTC**

**DTCC**

**ROBINHOOD**

**WEBULL**

Defendants

REC'D BY_____D.C.

NOV - 2 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

---

### PLAINTIFFS REQUEST TO REOPEN CASE AND TO FILE AN AMENDED COMPLAINT AND RECONSIDERATION OF JUDGES DECISION TO DISMISS PLAINTIFFS CASE PURSUANT TO Fed. R.Civ.P.6(b)(l)(B) IF THE PARTY ACTED BECAUSE OF EXCUSABLE NEGLECT AND RULE Fed.R.Civ.P.60(b)(1) PROVIDES FOR A PARTY TO OBTAIN RELIEF FOR AN ADVERSE JUDGEMENT OF A FEDERAL COURT FOR MISTAKE, INADEVERTANCE SURPRISE OR EXCUSABLE NEGLECT

Plaintiff Donnahue George requests that this honorable court reopen my case

and allow me to amend my complaint and reverse the dismissal pursuant to

Fed.R.Civ.P.6(b)(l)(B) if the party acted because of excusable neglect and rule

Fed.R.Civ.P.60(b)(l)  Provides for a party to obtain relief for an adverse

judgement of a federal court for mistake, inadvertence surprise or excusable

neglect.

## **INTRODUCTION**

1. Plaintiff Donnahue George had no idea there was a deadline to file his amended complaint. Plaintiff Donnahue George was surprised when he was emailed a motion from defendant explaining that he missed a deadline that he was never made aware of. Donnahue George is at a distinct disadvantage because he does not have access to the Judges orders on the day they are announced. The Defendants attorneys are able to see the judge orders the day they are released but Plaintiff Donnahue George cannot. Plaintiff Donnahue George goes on Pacer every other day to look for updates on the case but because the orders are electronic Plaintiff Donnahue George cannot see the orders until they are mailed to him or he is able to get to the courthouse. As of today November 1, 2021 Plaintiff Donnahue George has still not received a copy of any of these orders in the mail.

### **AFFADAVIT IN SUPPORT OF MOTION TO REOPEN CASE AND ALLOWPLAINTIFF TO AMEND HIS COMPLAINT**

2. Plaintiff Donnahue George had no idea there was a deadline to file his amended complaint. Plaintiff Donnahue George is at a distinct disadvantage because he does not have access to the judges orders on the day they are announced. The Defendants attorneys are able to see the judge orders the day they are released but Plaintiff Donnahue George cannot. Plaintiff Donnahue George goes on pacer every other day to look for updates on the case but because the orders are electronic Plaintiff Donnahue George cannot see the orders until they are mailed

to him or he is able to get to the courthouse. As of today November 1, 2021

Plaintiff Donnahue George has still not received a copy of any of these orders in the mail.

3. Plaintiff Donnahue George had to go to Dominican Republic to pick up his dad who is 81 years old and Plaintiff Donnahue George is solely responsible to take his dad to the doctor and arrange all of his dads medications and appointments. This is another reason why Plaintiff Donnahue George was unable to get down to the courthouse and get a copy of the courts order.

4. Plaintiff Donnahue George already had the amended complaint typed and ready to be delivered to the courts and served on all the defendants. Had Plaintiff Donnahue George been aware of the deadline Plaintiff Donnahue George would have filed the amended complaint with the court and properly served the defendants.

5. The defendants would not be burdened by this honorable court reopening the case and allowing Plaintiff Donnahue George to file the amended complaint. A majority of the defendants have answered the complaint and are already familiar with the case. Plaintiff Donnahue George would be unduly burdened by having to pay new court fees plus pay additional process servers to serve the defendants if he is forced to file another Summons and Complaint.

## **LEGAL ARGUMENT**

1. A district court has unquestionable authority to control its own docket and broad discretion in how best to manage cases before it *See Guice v Sec,y, Dep't of Labor 754 F. App x 789, 791, (11th Cir 2018}* The court has the authority to open back up my case and give me sufficient time as the court deems appropriate to amend my complaint to the courts satisfaction.

2. Under Rule 60(b). Fed.R.Civ.P,60(c)(l) There is a strict deadline of one year in which to file this motion in the regards of the entry of Judgements. The Judgement of Dismissal was signed on October 29, 2021 so this motion falls within the 1 year window as required by statute.

3. The courts have held that 4 factors should be considered when determining what constitutes excusable neglect. 1) whether the delay infiling was within the reasonable control of the movant 2) The length of delay and the delays potential impact on judicial proceedings 3) The danger of prejudice to the moving party 4) Whether the movant acted ingood faith.

4. In regards to 1) the movant was never made aware that there was a deadline to file the amended complaint and as of today November 1, 2021 Plaintiff Donnahue George still has not received a copy of the order setting the October 22, 2021 deadline nor has he received the judgement for dismissal. The movant was in a state of shock when he went on Pacer on Friday October 29, 2021 and saw that the case was closed without giving Plaintiff due process as guaranteed by the constitution that the Plaintiff Donnahue George fought to uphold as a United States Marine and now a disabled veteran.

In regards to 2) The length of delay is only 3 days and if this court grants the plaintiffs motion to amend his complaint then there will be absolutely no impact on the judicial proceedings In regards to 3) There is no danger of prejudice to the non-moving party because they have been properly served and will be given the same amount of time to answer the complaint as if the complaint was newly filed. In regards to 4) The Plaintiff acted in good faith and had the Plaintiff Donnahue George been aware of the deadline he would have submitted the amended complaint to the court.

5. The courts have held that the purpose of the excusable neglect doctrine is to prevent victories by default *(see Newgen. LLC v. Safe Cig LLC 840 F.3d 606, 616 (9th Cir 2016)* observing that the general rule is that default judgments are ordinarily disfavored. It is a oft-stated but often undervalued principle of the federal civil procedure system that cases should, in the main, be decided on the merits, not on technicalities *(SeeRodriquez v Village Green Realty LLC, 788 F.3d 31, 47(2d Cir 2015} an in Cargill inc. v Sears Petroleum and Transport Corp. 334 F Supp 2d 197.247 (NDNY 2014)* the courts held that there is a strong preference for solving disputes on the merits.

Date November 1, 2021

Donnahue George

**Wherefore** Plaintiff Donnahue George requests that this

Honorable court reopen my case and give plaintiff Donnahue

George an opportunity to file an amended complaint that meets

this honorable courts satisfaction.

November 1, 2021

Donnahue George

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing motion to reopen case and request for scheduling conference was served by U.S. Mail on November 2, 2021 to all counsel or parties of record on the Service List

Donnahue George

### SERVICE LIST

**SEC**

100 F st NE Washington DC 20549

**Quinn Emmanuel trial Attorneys**

2601 s. Bayshore drive suite 1550 Miami FL 33133

**CITADEL CONNECT DARK POOL**

131 S Dearborn st Chicago IL 60603

**CITADEL LLC HEDGE FUND**

131 S Dearborn st   Chicago IL 60603

**Mandel & Mandel LLP**

169 East Flager st Suite 1224 Miami FL 33131

**DTCC**

55 Water St  New York NY 10041

**Cravath Swaine & Moore LLP**

825 8th ave New York NY 10019

**WEBULL FINANCIAL LLC**

44 Wall st Suite 501 New York NY 10005

ECF#54

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 21-cv-61719-KMM

FILED BY_____D.C.

SEP 07 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**DONNAHUE GEORGE**

      Plaintiff

v.

**KEN GRIFFIN**

**CITADEL SECURITIES MARKET MAKER**

**CITADEL CONNECT DARK POOL**

**CITADEL LLC HEDGE FUND**

**SECURITIES EXCHANGE COMMISSION**

**FINRA**

**CFTC**

**DTCC**

**ROBINHOOD**

**WEBULL**

      Defendants

**AMENDED COMPLAINT**

**JURY TRIAL DEMAND**

## PARTIES

**Plaintiff**

Donnahue George at 1012 NW 2nd st Fort Lauderdale Florida 33311

**Defendants**

**SECURITY EXCHANGE COMMISSION**

100 F st NE Washington DC 20549

**KEN GRIFFIN**

131 S Dearborn St Chicago IL 60603

**CITADEL SECURITIES MARKET MAKER**

425 Park Ave New York NY 10022

**CITADEL CONNECT DARK POOL**

131 S Dearborn st Chicago IL 60603

**CITADEL LLC HEDGE FUND**

131 S Dearborn st   Chicago IL 60603

**FINRA**

1735 K Street NW Washington DC 20006

**CFTC**

1155 21st St NW  Washington DC 20581

**DTCC**

55 Water St  New York NY 10041

**ROBINHOOD FINANCIAL LLC**

85 Willow road Menlo Park CA 94025

**WEBULL FINANCIAL LLC**

44 Wall st Suite 501 New York NY 10005

**Basis of Jurisdiction**

The Basis of federal court Jurisdiction is a Federal Question

- A. Violation of my 4th 5th and 14th Amendment of Constitution
- B. U.S. Code 1983 Civil action for deprivation of Rights
- C. The amount in controversy is over $75,000  and $100,000,000 in punitive damages
- D. RICO Violations 18 U.S.C. § 1962(c),
- E. Diversity Parties are from different jurisdictions 28 U.S.C 1332
- F. Antitrust laws Sherman Act 1890 Clayton Act 1940 Federal Trade Commission act of 1914

The Plaintiff, Donnahue George upon information and belief, as and for his Amended complaint Pursuant to **Federal Rule 15 Amended and Supplemental pleadings** against the Defendants, say:

## INTRODUCTION

1. This case arises out of the fact that the SEC and other government agencies have breached the contract that they have with myself and other United States Citizens. We pay them to protect our interest as retail investors and insure a fair and open Market, and by accepting those payments they contract to protect the integrity of the market. .The SEC FINRA CFTC and the DTCC have breached the contract that they have with myself other American citizens and the entire worlds economic system. They breached the contract by turning a blind eye to the irregularities and illegal acts in the market and allow this malfeasance to continue, costing Donnahue George losses of $1,700,000.00 and other retail investors millions of dollars. Even when these government agencies put on an appearance of fining theses bad actors in our markets, the fines and punishments are so small that instead of acting as a deterrent the fines and punishments actually embolden the bad actors to continue their bad behavior. The Government agencies actions are similar to a bank robbery. The bank robbers are caught by the police but instead of arresting the bank robbers and taking them to jail the police take a

cut of the ill-gotten proceeds and then let the bank robbers keep the rest. In what other industry in this world would this type of behavior be acceptable.

2. Robinhood, Webull along with Ken Griffin Citadel, Citadel Connect , Citadel Securities SEC, FINRA, CFTC and DTCC have created an Enterprise and Conspired and participated in conduct that manipulated the Market and controlled the prices of stocks, to the detriment of myself and other retail investors. The Defendants pattern of behavior of allowing market manipulation or participating in Market Manipulation is ongoing and continuous and a violation of United States Antitrust Laws. The Defendants established a private Dark pool in order to manipulate the price of securities and derivatives. The Defendants actions and the Government agencies inaction were direct cause of my monetary losses. Citadel Connect acts as a private Dark Pool and while the SEC has strict regulations regarding dark pool registration Citadel Connect has been given free rein by SEC FINRA CFTC and DTCC to operate outside the law to the detriment of Donnahue George and other retail investors nationally and internationally.

3. The Defendants committed substantive Rico Violations per 18 USC Section 1962 resulting in the plaintiff Donnahue George losing money and the Injury occurred because of the Defendants substantive RICO violations. The Defendants committed counterfeiting and wire fraud by counterfeiting and

selling fake synthetic shares into the market that they knew did not exist and then sending electronic wire to plaintiff alleging they wired the stocks and derivatives through WEbull and Robinhood that Plaintiff purchased when in reality they wired nothing.

4. They call the transactions synthetic shares in order to minimize the criminality of the transaction. What are synthetic $100 bills, synthetic car titles, synthetic property deeds, synthetic GUCCI bags? We would call them counterfeit. What they are doing in putting counterfeit shares into the market in order to manipulate the price of AMC and GME stock.

5. The abusive shorting are not the random act of renegade hedge funds and market makers with the SEC FINRA CFTC and DTCC turning a blind eye, but rather a coordinated business plan that is carried out by a collusive consortium and enterprise of hedge funds prime brokers and Market makers under the closed eyes of the Government agencies that we are paying to protect our interests.

6. The predicate actions of all the defendants were continuous and interrelated

7. The Defendants participated in conduct that was interrelated. The action of the Defendants created an enterprise because they all benefited from their illegal activity. The Defendants have established a pattern of behavior over the past years in furtherance of their market manipulation and illegal

activities. The Defendants action and the Government agencies inactions are the direct reason for Donnahue George losses.

8. The actions of Defendants Ken Griffin Citadel LLC Citadel Securities and Citadel Connect actions are a direct violation of the Sherman act of 1890 the Clayton Act of 1914 and the Federal Trade Commission act of 1914 They have an illegal monopoly on the market and the SEC FNRA CFTC and DTCC turn a blind eye to these violations. The Defendants illegal Monopoly are the direct cause of Donnahue George monetary losses.

## **Breach of Contract**

9. The elements for a breach of contract require that 1. The existence of a contract 2. Performance by the Plaintiff 3, failure to perform the contract on the part of the defendant 4. Resulting damages to the plaintiff.

10. The SEC FINRA CFTC and DTCC had a Contract with the American people to insure an open and fair market, 2 The Plaintiff performed buy paying the SEC FINRA CFTC and the DTCC their salary every year 3 The SEC FINRA CFTC and the DTCC failed to perform by turning a blind eye for years to all the illegal activities of the Hedge funds Market Makers and Dark Pools and when acting like they were fulfilling their obligations under the contract by punishing the bad actors they only fined the bad actors a small amount compared to the profits the bad actors received from their bad

behavior. These miniscule fines instead of deterring bad behavior, encouraged the bad behavior and the bad actors just looked at the petty fines as a cost of doing business 4 The Defendants failure to perform was the direct result of Plaintiff Donnahue George monetary losses.

### RICO Violations

11. In order to establish a RICO violation, four basic elements must be proven: a pattern of racketeering activity, a culpable person with the requisite mens rea, an enterprise, and an effect on interstate commerce. However, additional elements may be necessary depending on the nature of the claim for civil liability.

12. To prevail on a civil RICO claim, a plaintiff must identify a culpable person who actually committed the RICO violation or conspired to do so. However, under the RICO statute, the "culpable person" can be any individual or entity capable of holding a legal or beneficial interest in property. The plaintiff must also be able to demonstrate that the culpable person possessed the mental state required to commit the alleged predicate offenses. In other words, it must be shown that the defendant intended to commit predicate acts despite having the knowledge that those acts were illegal.

13. The SEC DTCC FINRA CFTC Ken Griffin Citadel Connect Citadel Securities Citadel LLC Robin Hood and WEbull are individuals under the

definition established by the RICO statute and possess the Mental State required to commit the predicate offenses alleged in this complaint. The Defendants committed these acts despite having complete knowledge that their actions were illegal and contrary to multiple federal laws and statutes.

14. Under RICO, any legal entity, individual, or group of associated individuals may be considered an enterprise. Informal associations, or association-in-fact enterprises, may still be considered enterprises if it can be shown that the individuals involved worked together in furtherance of a common illegal interest. Additionally, the enterprise must be a distinct and separate entity from the established culpable individual.

15. The SEC DTCC FINRA CFTC Ken Griffin Citadel Connect Citadel Securities Citadel LLC Robinhood and WEbull are distinct and separate individuals and worked together to manipulate the price of AMC and GME shares to benefit themselves at the detriment of myself and other retail investors nationally and internationally.

16. Predicate acts are independently illegal, racketeering activities. Under RICO, certain specifically enumerated federal crimes and certain state offenses are prohibited and are deemed "predicate acts" necessary to state a claim under RICO. The list of prohibited activities includes, among others, wire or mail

fraud, money laundering, counterfeiting, embezzlement, illegal gambling, extortion, and bribery.

17. The Defendants committed wire fraud by electronically sending fake counterfeit shares that they knew did not exist through my Webull and Robinhood account electronically. The Defendants committed counterfeiting by fabricating and counterfeiting fake synthetic shares and selling them into the market and shorting them into the market even though they knew that selling fake naked shorts was illegal and banned since 2008.

18. The Defendants Citadel LLC Citadel Connect Citadel Securities along with Robinhood and Webull conspired to hold our buy orders in order to buy in front of me in order to gain a distinctive illegal advantage. Citadel was fined $700,000 in the past for this illegal activity but that fine was not significant enough to stop that bad behavior. They routed buy orders through the dark pool and flooded the regular market with sell orders in order to manipulate the price of AMC and GME stock. The Dark pool volume for AMC and GME is over 60% no other stock has that type of Dark Pool volume. Retail traders do not trade on the Dark Pool so this is further evidence of the Defendants utilizing the Dark Pools to Manipulate the market. They coordinated Ladder attacks to control and manipulate the price of AMC and GME stock buying and selling shares between them at pre determined prices in order to bring

down the stock. Buy orders exceeded sell orders yet the price of AMC and GME continued to decline. The Defendants Manipulation of the AMC stock in the dark pool resulted in losses to Plaintiff Donnahue George

19. Even though naked shorts have been illegal since 2008 The Defendants continue to fabricate naked shorts of AMC and GME to flood the markets with the naked shorts in order to manipulate the stock price. Until a correct and accurate share count is done we will not know how many counterfeit shares are being traded. There are probably Billions of fake synthetic shares of AMC and GME flooding the market. The SAY technology website showed that 1% of retail investors owned 10% of AMC shares. That suggests billion of fake shares being traded in the market.

20. The Defendants abuse the Failure to Deliver system (FTD) to further manipulate the market. The Defendants never covered the Failure to Delivers on multiple dates from May 2021 to the present. instead they just move the Debt from bank to bank to give the appearance of delivering the shares further manipulating the market and putting the entire United States economic system at risk.

21. A Ponzi Scheme is when a bad actor uses the funds of new investors to pay off old investors to keep the scheme going. If the Hedge funds are moving their Failure to Delivers from bank to bank in order to keep the scheme going

and never ever actually delivering the shares, would that be considered a Ponzi Scheme under the law?

22. Citadel Securities was fined 58 times for in the last few years, In February of 2021 They were fined again a mere $10,000 for failing to deliver shares again during the GME squeeze. How can fines like that deter bad behavior? The Defendants continue on this illegal course of action resulting in daily losses to Plaintiff Donnahue George because there are no consequences that deter their bad behavior.

23. The Defendants from June 2021 to the present used derivatives such as far out of the money put options in order to manipulate the short interest rate of AMC and GME. The CFTC turned a blind eye to this abuse and by doing so breached their contract with Plaintiff Donnahue George and the American people to protect our interests in the market. The CFTC took a oath to protect a fair and transparent market but by turning a blind eye to these abuses failed in their oath of office and breaching the contract that they agreed to buy accepting government employment.

24. The Defendants are also using round lot and odd lot algorithmic trading to further manipulate the market. They set up the algorithmic system in order to keep the price down by not counting shares bought below the block amount of 100 shares the same as blocks of shares bought in 100 share blocks.

25. The Defendants also utilized the short exempt rule to further manipulate the market. The short exempt rule is unregulated and works on the honor system. It puts the burden on the hedge fund to report any violation of the Short exempt rule. Whenever a stock goes down more than 10% in a day The next day hedge funds are not allowed to short the stock at a lower price but the short exempt rule allows the hedge funds to ignore the uptick rule and continue to short a stock into oblivion. They utilize the short exempt rule in order to ignore the uptick rule to further manipulate the price action.

26. The Defendants have utilized mass media and social media as another way to manipulate stock prices. They have co conspirators in mass media who write and broadcast information that they know to be incorrect in order to manipulate stock prices. They utilize bots and paid shills which are people that are paid to enter social media rooms to spread lies and FUD Fear Uncertainty Doubt in order to get retail investors to buy or sell their stocks.

27. The Defendant Citadel LLC has paid Janet Yellen  $7,000,000 in speaking fees this same defendant has donated $68,000,000 to Government funds and donated money to all the individuals who voted against the investment security act, creating a conflict of interest that cannot be ignored.

28. Generally, RICO prohibits four different types of activities: investment of racketeering income in an enterprise, acquisition or control of an enterprise

due to a pattern of racketeering activity, operation of a RICO enterprise, and RICO conspiracy. Of these four types of activities, plaintiffs in civil RICO actions most commonly rely on 18 U.S.C. § 1962(c), conducting the affairs of an enterprise through a common pattern of racketeering activity.

29. The Defendants actions violated RICO statute by racketeering activities a RICO enterprise and a RICO conspiracy

30. The Defendants Citadel connect Citadel Securities and Citadel LLC along with Robinhood and Webull conspired to move investors shares of AMC and GME through dark pools and Citadel connect in order to manipulate the price and reduce the real value of the AMC and GME shares

## ANTITRUST LAWS

31. Antitrust laws are statutes developed by governments to protect consumers from predatory business practices and ensure fair competition. The actions of Ken Griffin Citadel LLC Citadel Securities and Citadel Connect are in direct violation of the antitrust statutes

32. Under Section 2 of the Sherman act a Monopoly exists when an actor possess Monopoly power in the relevant market and the willful acquisition or maintenance of that power as distinguished from growth or development of a superior product business acumen or historic accident.

33. Ken Griffin is in possession of monopoly power over the stock market because of his ownership of the Hedge Fund the Market Maker and the unregulated Dark Pool

34. The unprecedented growth of Citadel and its Business acumen meets all the requirements for a violation of the Sherman act and establishes Ken Griffin , Citadel LLC Citadel Securities and Citadel Connect as an illegal monopoly.

35. The Defendants Ken Griffin Citadel LLC The Hedge Fund and Citadel Securities the Market Maker along with Citadel Connect The unregistered Dark pool have a unfair monopoly on the market. The Company that is shorting AMC and GME stock is also the company directing the orders, with the option to divert and hold orders on its unregistered dark pool and fill the orders. From April of 2021  to the present Robinhood and WEBull have taken my buy orders of AMC shares routed them to Citadel who then ran them through Citadel connect and other dark pools in order to control and manipulate the price of AMC stock. They utilize this monopoly to control the price of any stock that they have set their sights on.  All these Companies are owned by Ken Griffin. This is an unfair monopoly that would not be accepted in any other industry and is ripe for abuse and illegal activity.

These actions are in direct violation of the antitrust and monopoly laws instituted by our legislature. Sherman Act 1890 Clayton Act 1940 Federal Trade Commission act of 1914

The Defendants Violation of the antitrust losses contributed to Plaintiff Donnahue George continuing to lose money.

36. The Defendants SEC FNRA and DTCC were aware of these illegal activities and instead of fining these bad actors in an amount that would deter this bad behavior, the fines and punishments actually motivated the bad actors to continue violating the law. If an institution commits an illegal act and profits ($100,000,000.00) 100 Million Dollars from that illegal act. but if they get caught doing these illegal activities the fine is only ($1,000,000.00) 1 Million Dollars why would they stop doing illegal activities? Robinhood was fined $70 million dollars but the amount of money they made shutting down trading and deceiving investors made that $70 million dollar fine seem insignificant. Robinhood even admitted in their IPO filing that they would probably engage in the same illegal conduct again. How was that fine a deterrent to future bad behavior?

37. For years the Hedge Funds Market Makers and investment Banks have called us "Dumb Money" while they steal our homes, retirement funds and our children's future while the government turns a blind eye. We retail investors

are tired of the corruption and abuse that we have suffered at the hands of the so called "Smart Money" We have adopted the moniker of "The Apes" We have adopted this moniker because we are unconventional and think outside the box. The AI algorithms that worked to control the prior generation of retail investors has little affect on us. We retail Investors "Apes" are sick and tired of watching our hard earned savings and our children's future stolen because of manipulation and corruption that has permeated the stock market for decades. We plan on taking control of our financial future. We will insure that a fair and transparent market is the legacy that we leave our children.

## **RELIEF**

38. The plaintiff requests that this honorable court grant Plaintiff actual damages in the amount of $1,700,000.00 for the Defendants illegal actions plus punitive damages in the amount of $100,000,000.00 to punish the defendants and insure that they do not commit these illegal acts again in the future. The Plaintiff requests that this honorable Courts order the SEC FNRA and DTCC to issue fines to the illegal actors 10 times their gains from their illegal activities to deter them from doing them in the future , that this honorable Court order the Defendants to submit to the courts the actual number of shares of AMC and GME that they are allegedly holding That this honorable court order the SEC DTCC  CFTC and FINRA to follow the rules

that they put in place that they appear to turn a blind eye to and order

Citadel LLC Citadel Securities and Citadel Connect to dismantle the

Monopoly they have on the Stock market and whatever else the courts find

fair and equitable

Respectfully Submitted

September 6, 2021

Donnahue George

Donnahue George

1012 nw 2nd St

Fort Lauderdale FL 33311

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Amended Complaint
was served by Certified Mail on September 7, 2021  to all counsel or parties of
record on the Service List

Donnahue George

SERVICE LIST

**SEC**

100 F st NE Washington DC 20549

**KEN GRIFFIN**

131 S Dearborn St Chicago IL 60603

**CITADEL SECURITIES MARKET MAKER**

425 Park Ave New York NY 10022

**CITADEL CONNECT DARK POOL**

131 S Dearborn st Chicago IL 60603

**CITADEL LLC HEDGE FUND**

131 S Dearborn st   Chicago IL 60603

**FINRA**

1735 K street NW Washington DC 20581

**DTCC**

55 Water St  New York NY 10041

**ROBINHOOD FINANCIAL LLC**

85 Willow road Menlo Park CA 94025

**WEBULL FINANCIAL LLC**

44 Wall st Suite 501 New York NY 10005

ECF#55

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 21-cv-61719-KMM

**DONNAHUE GEORGE**                                    **MOTION**


Plaintiff

v.

**KEN GRIFFIN**

**CITADEL SECURITIES MARKET MAKER**

**CITADEL CONNECT DARK POOL**

**CITADEL LLC HEDGE FUND**

**FINRA**

**DTCC**

**ROBINHOOD**

Defendants

---

## PLAINTIFFS MOTION REQUESTING COURT TO ORDER THE DEFENDANTS TO PARTICIPATE IN PREPARING JOINT SCHEDULING REPORT BECAUSE ALL DEFENDANTS HAVE BEEN SERVED AND WEBULL AND CTFC HAS BEEN REMOVED FROM LAWSUIT PERSUANT TO FED RULES OF CIVIL PROCEDURE 41(a)

## **INTRODUCTION**

Plaintiff Donnahue George was informed by defendants that they were refusing to participate in preparing the Joint Scheduling Report because all defendants were not served .

Plaintiff Donnahue George filed a Motion of dismissal pursuant to Fed R Civ. P 41(a) to remove Defendants Webull and CTFC from the lawsuit. Plaintiff Donnahue George mailed the Motion of dismissal to the District Court by certified mail on November 22, 2021 When plaintiff checked the Court Docket report Plaintiff realized that the dismissal was not on the docket report so plaintiff made another original of the dismissal and deposited it with the Court on November 29, 2021

Plaintiff Donnahue George sent and email to all the defendants informing them that Plaintiff was dismissing defendants CTFC and Webull from the lawsuit and that all defendants was served so Plaintiff requested that the Defendants schedule a date to do the conference so that we can prepare the joint scheduling report according to the courts order.

Defendants are now arguing that the SEC was not properly served and therefore they were still not going to participate in preparing the Joint Scheduling Report as per the courts order. Plaintiff Donnahue George informed Defendants that they did

not have standing to contest service to the SEC and that I would be asking the courts to order the defendants to follow the courts order and hold the Conference to prepare the Joint Scheduling Report because all defendants were served. (see Exhibit A)

The Defendants have a distinct advantage because by delaying the scheduling conference they are delaying the decision on the preliminary injunction, which will cause plaintiff Donnahue George irrevocable harm and this also will give the defendants more time to possibly manipulate the data in regards to AMC and GME record.

## **LEGAL ARGUMENT**

1. A district court has unquestionable authority to control its own docket and broad discretion in how best to manage cases before it *See Guice v Sec,y, Dep't of Labor 754 F. App x 789, 791, (11ᵗʰ Cir 2018}* The court has the authority to open back up the case and order the defendants to schedule a conference to prepare the Scheduling Order as soon as reasonably possible.

2. The Defendants argued that they were not participating because all Defendants were not served and now that all defendants are served they are now contesting the service to the SEC when

they have absolutely no standing to do so. The only person that can contest SEC service is the SEC. I could not find one case where a defendant had standing to contest service of another defendant.

## **CONCLUSION**

Plaintiff Donnahue George requests that this honorable court order all the parties to hold a conference within the next 7 days because all defendants have been served and ideally a telephone conference on the phone with the courts clerk, and that at least one attorney for each party on the call have the authority to enter into stipulations and make admissions and whatever else the court find fair and equitable

Respectfully requested

Date November 29, 2021                                Donnahue George

## **Certificate of Service**

I hereby certify that a true and correct copy of the foregoing motion to request for scheduling conference was served by U.S. Mail on November 30, 2021 to all counsel or parties of record on the Service List

Donnahue George

SERVICE LIST

**SEC**

100 F st NE Washington DC 20549

**Quinn Emmanuel trial Attorneys**

2601 s. Bayshore drive suite 1550 Miami FL 33133

**CITADEL CONNECT DARK POOL**

131 S Dearborn st Chicago IL 60603

**CITADEL LLC HEDGE FUND**

131 S Dearborn st  Chicago IL 60603

**Mandel & Mandel LLP**

169 East Flager st Suite 1224 Miami FL 33131

**DTCC**

55 Water St  New York NY 10041

**Cravath Swaine & Moore LLP**

825 8th ave New York NY 10019

**WEBULL FINANCIAL LLC**

44 Wall st Suite 501 New York NY 10005

ECF#56

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-cv-61719-KMM

**DONNAHUE GEORGE**

**REQUEST FOR**

**ENLARGEMENT**

Plaintiff

v.

**KEN GRIFFIN**

**CITADEL SECURITIES MARKET MAKER**

**CITADEL CONNECT DARK POOL**

**CITADEL LLC HEDGE FUND**

**FINRA**

**CFTC**

**DTCC**

**ROBINHOOD**

**WEBULL**

Defendants

---

## PLAINTIFFS MOTION TO REQUEST A 30 DAY ENLARGEMENT OF THE TIME TO SUBMIT JOINT SCHEDULING REPORT PERSUANT TO THIS COURTS ORDER ON 08/18/2021

## <u>INTRODUCTION</u>

Plaintiff Donahue George requests that this court enlarge the time frame to 90 days

to submit the Joint Scheduling Report because all of the Defendants have not been

served. This Courts order dated 08/18/2021 stated " However  if all defendants

have not been served by the expiration of the deadline . Plaintiff shall move for an

enlargement of time to hold the scheduling conference not to exceed 90 days from

the filing of the complaint"

There are defendants that have not been served and Plaintiff needs these additional

days to get the conference and Joint scheduling order done in compliance of this

courts order.

Respectfully Requested

Dated November 5, 2021

Donnahue George

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing motion to request for extension of time for scheduling conference was served by U.S. Mail on November 5, 2021 to all counsel or parties of record on the Service List

Donnahue George

## SERVICE LIST

**SEC**

100 F st NE Washington DC 20549

**Quinn Emmanuel trial Attorneys**

2601 s. Bayshore drive suite 1550 Miami FL 33133

**CITADEL CONNECT DARK POOL**

131 S Dearborn st Chicago IL 60603

**CITADEL LLC HEDGE FUND**

131 S Dearborn st  Chicago IL 60603

**Mandel & Mandel LLP**

169 East Flager st Suite 1224 Miami FL 33131

**DTCC**

55 Water St  New York NY 10041

**Cravath Swaine & Moore LLP**

825 8th ave New York NY 10019

**WEBULL FINANCIAL LLC**

44 Wall st Suite 501 New York NY 10005

ECF#60

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 21-cv-61719-KMM

**DONNAHUE GEORGE**

Plaintiff

v.

**KEN GRIFFIN et al**

## JOINT PROPOSED SCHEDULING REPORT

Plaintiff Donnahue George had a phone conference with the defendants Pursuant to Rule 16.1(b) of the local rules of the Southern District of Florida (S.D. Fla. L.R.) and the courts order dated 8/18.2021 The Attorneys that were present on the Zoom call were Jason Sternberg for Ken Griffin, Citadel LLC and Citadel Securities, Attorney David Mandel for FNRA, Attorney Greg Boyle for DTCC and Gustavo Membiela for Robinhood.

## Information required by S.D. Fla. L.R. 16. 1(B)
### (A) Likelihood of Settlement
Defendants view Plaintiff allegations as wholly unfounded and without evidentiary support and have refused to participate in preparing the joint Scheduling report. Settlement is therefore unlikely at this time. But Plaintiff Donnahue George will attempt in good faith to meet with defendants to resolve this matter and will notify the court if they do so

### (B) Likelihood of Appearance in the Action of Additional Parties
It is likely that as the discovery process progress that other parties might appear in this action. The SEC was served on November 10, 2021

### (C) Discovery Schedule. The parties propose the following pre-trial discovery schedule, which is based on the standard case management track pursuant pursuant to S.D. Fla, L.R. 16.1.A.2

| Date | Action |
|---|---|
| 14 days after denial of defendants motion to dismiss to | initial disclosures pursuant to Rule 26(a)(1)(A) |
| May 11, 2022 | Deadline for joinder of additional parties |
| May 11, 2022 | Fact Discovery cut off |
| June 7, 2022 | Exchange of expert reports |
| June15, 2022 | Exchange of witness lists |
| July 9, 2022 | Exchange of Expert Rebuttal Reports |
| August 16, 2022 | Expert Discovery Cut off |
| August 31, 2022 | Last day to Select a mediator |
| September 30, 2022 | Last day to file Summary Judgment |
| November 28, 2022 | Last day to complete mediation |
| December 22, 2022 | Deadline for pretrial motions |
| January 15, 2023 | Deadline for Joint Pretrial Stipulation |
| January 24, 2023 | Deadline for Resolution of Pretrial Motions |
| January 24, 2023 | Pretrial Conference |
| February 7, 2023 | Deadline proposed Jury instructions |
| February 14, 2023 | Deadline for filing of Deposition Designations |
| February 21, 2023 | Trial |

(D) Proposals for the formulation and simplification of issues. At this time, the parties do not have any proposals for the formulation and simplification of issues. As the case progresses, the parties will if appropriate, in good faith, confer to discuss proposals for the formulation and simplification of issues in this case.

(E) Necessity of Amendment to pleadings. An Amendment to Plaintiffs Complaint may be necessary depending on the outcome of the Defendants motion to dismiss. Defendants have not filed motions to dismiss as of this date

(F) Admissions and Stipulations which will avoid unnecessary Proof. The parties will work together to obtain admissions and stipulations that will avoid unnecessary proof at trial.

(G) Suggestions for the Avoidance of unnecessary proof and presentation of cumulative evidence at trial

(H) Referral pf Matters to a Magistrate Judge. The Plaintiff does not consent to trial by a magistrate judge, nor to the disposition od dispositive pre-trial motions by a magistrate Judge.

(I) Preliminary estimate of the time required for Trial. Plaintiff believes this trial will last 2 weeks

(J) Pretrial Conference and Trial Dates The Plaintiff request that the pretrial conference be scheduled for January 24, 2023 and the trial to commence on or after February 21, 2023

(K) Other information Helpful to the Court in setting the Case for Status or Pretrial Conference. At this time the Plaintiff is unaware of any other information that might be helpful to the court in setting the case for pretrial conference other than the fact that the defendants have refused to contact me regarding this Joint scheduling order

Respectfully Submitted  Dated November 14, 2021

Donnahue George(pro se)
Donnahuegeorge@gmail.com
1012 NW 2nd st
Fort Lauderdale FL 33311
Tel: 347-216-5257
*Plaintiff*

ECF#68

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

# CASE NO. 21-cv-61719-KMM

**DONNAHUE GEORGE**

Plaintiff

v.

**KEN GRIFFIN et al**

## NOTICE OF APPEAL

**PLEASE TAKE NOTICE**:

Notice is herby given that Donnahue George (Plaintiff) in the above named case hereby appeal to the United States Court of Appeals for the 11th Circuit from the Final Judgment dismissing the case on October 29, 2021 for failure to submit a joint scheduling report and declaring Plaintiffs Motion for preliminary injunction Moot and the denial of the motion for reconsideration of that order on November 3, 2021 requesting court reopen case and hear the preliminary injunction, Denial of Plaintiffs motion for enlargement on Nov 8, 2021, Denial of Plaintiffs Motion to order Defendants to participate in preparing the Joint Scheduling order on November 17, 2021 and Denial of Plaintiffs Motion to accept the Plaintiffs Joint Scheduling Order because Defendants failure to sign the report on November 17, 2021 and denial of Plaintiffs motion for sanctions precluding defendants from introducing evidence contrary to Plaintiffs allegations because Defendants failure to participate in discovery by failing to participate in preparing the Joint Scheduling Order on November 17, 2021

Date December 2, 2021

Donnahue George

## **Certificate of Service**

I hereby certify that a true and correct copy of the foregoing Notice of Appeal  was served by U.S. Mail on December 2, 2021  to all counsel or parties of record on the Service List

Donnahue George

SERVICE LIST


**SEC**

100 F st NE Washington DC 20549

**Quinn Emmanuel trial Attorneys**

2601 s. Bayshore drive suite 1550 Miami FL 33133

**CITADEL CONNECT DARK POOL**

131 S Dearborn st Chicago IL 60603

**CITADEL LLC HEDGE FUND**

131 S Dearborn st   Chicago IL 60603

**Mandel & Mandel LLP**

169 East Flager st Suite 1224 Miami FL 33131

**DTCC**

55 Water St  New York NY 10041

**Cravath Swaine & Moore LLP**

825 8th ave New York NY 10019

**WEBULL FINANCIAL LLC**

44 Wall st Suite 501 New York NY 10005

70

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing Appellants Brief and Appendix by U.S. Mail on December 10, 2021 to all counsel or parties of record on the Service List

Donnahue George

### SERVICE LIST

**SEC**

100 F st NE Washington DC 20549

**Quinn Emmanuel trial Attorneys**

2601 s. Bayshore drive suite 1550 Miami FL 33133

**CITADEL CONNECT DARK POOL**

131 S Dearborn st Chicago IL 60603

**CITADEL LLC HEDGE FUND**

131 S Dearborn st  Chicago IL 60603

**Mandel & Mandel LLP**

169 East Flager st Suite 1224 Miami FL 33131

**DTCC**

55 Water St  New York NY 10041

**Cravath Swaine & Moore LLP**

825 8th ave New York NY 10019

**WEBULL FINANCIAL LLC**

44 Wall st Suite 501 New York NY 10005