IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 21-14208-DD

---

DONNAHUE GEORGE,
Plaintiff-Appellant,

v.

KEN GRIFFIN, et al.,
Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Florida

District Court Docket No. 0:21-cv-61719-KMM

---

**MOTION TO DISMISS OF DEFENDANTS-APPELLEES KEN GRIFFIN, CITADEL ENTERPRISE AMERICAS LLC (FORMERLY CITADEL LLC), CITADEL SECURITIES LLC, THE DEPOSITORY TRUST & CLEARING CORPORATION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., AND ROBINHOOD FINANCIAL LLC**

Donnahue George v. Ken Griffin, et al.
No. 21-14208-DD

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-2, the undersigned counsel hereby certify as follows:

Defendant-Appellee Citadel Enterprise Americas LLC (formerly Citadel LLC) is a wholly-owned indirect subsidiary of Citadel GP LLC, Defendant-Appellee Citadel Securities LLC is a wholly-owned indirect subsidiary of Citadel Securities GP LLC, and no publicly-held corporation has a 10% or greater ownership interest in Citadel GP LLC or Citadel Securities GP LLC.

Defendant-Appellee Robinhood Financial LLC is a wholly-owned subsidiary of Robinhood Markets, Inc. (NASDAQ: HOOD), and no publicly-traded corporation has a 10% or greater ownership interest in Robinhood Financial LLC.

Defendant-Appellee The Depository Trust & Clearing Corporation does not have a parent corporation and no publicly-held corporation has a 10% or greater ownership interest in The Depository Trust & Clearing Corporation.

Defendant-Appellee Financial Industry Regulatory Authority, Inc. is a private, not-for-profit Delaware corporation and is a self-regulatory organization registered with the Securities and Exchange Commission as a national securities association pursuant to the Maloney Act of 1938, (15 U.S.C. § 78o-3, et seq.), amending the Securities Exchange Act of 1934 (15 U.S.C. § 78a, et seq.), that has

USCA11 Case: 21-14208     Document: 13     Date Filed: 12/21/2021     Page: 3 of 13

Donnahue George v. Ken Griffin, et al.
No. 21-14208-DD

no stock or parent corporation. No publicly held corporation owns 10% or more of any Financial Industry Regulatory Authority, Inc. stock.

The following is a complete list, in alphabetical order, of interested persons:

1. Alvarado, Maria Castellanos (counsel for Robinhood Financial LLC)
2. Boyle, Gregory M. (counsel for The Depository Trust & Clearing Corporation)
3. Carlson & Associates, P.A. (counsel for The Depository Trust & Clearing Corporation)
4. Carlson, Curtis (counsel for The Depository Trust & Clearing Corporation)
5. Citadel Enterprise Americas LLC (formerly Citadel LLC)
6. Citadel GP LLC (parent company of Citadel Enterprise Americas LLC)
7. Citadel Securities GP LLC (parent company of Citadel Securities LLC)
8. Citadel Securities LLC
9. Commodity Futures Trading Commission
10. Cravath, Swaine & Moore LLP (counsel for Robinhood Financial LLC)
11. Danon, Samuel A. (counsel for Robinhood Financial LLC)
12. The Depository Trust & Clearing Corporation
13. Financial Industry Regulatory Authority, Inc.
14. George, Donnahue
15. Griffin, Kenneth
16. Hill Ward Henderson (counsel for Robinhood Financial LLC)

USCA11 Case: 21-14208  Document: 13  Date Filed: 12/21/2021  Page: 4 of 13

Donnahue George v. Ken Griffin, et al.
No. 21-14208-DD

17. Hunton Andrews Kurth LLP (counsel for Robinhood Financial LLC)

18. Jenner & Block LLP (counsel for The Depository Trust & Clearing Corporation)

19. Mandel & Mandel LLP (counsel for Financial Industry Regulatory Authority, Inc.)

20. Mandel, David S. (counsel for Financial Industry Regulatory Authority, Inc.)

21. Membiela, Gustavo Javier (counsel for Robinhood Financial LLC)

22. Moore, K. Michael, U.S. District Court Judge, Southern District of Florida

23. Orsini, Kevin J. (counsel for Robinhood Financial LLC)

24. Quinn Emanuel Urquhart & Sullivan, LLP (counsel for Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC)

25. Robinhood Financial LLC

26. Robinhood Markets, Inc. (stock ticker HOOD) (parent company of Robinhood Financial LLC)

27. Ryan, Antony L. (counsel for Robinhood Financial LLC)

28. Securities and Exchange Commission

29. Shaffer, Derek L. (counsel for Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC)

30. Smachetti, Emily M. (counsel for Securities and Exchange Commission)

31. Snow, Lurana S., U.S. Magistrate Judge, Southern District of Florida

Donnahue George v. Ken Griffin, et al.
No. 21-14208-DD

32. Sternberg, Jason (counsel for Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC)

33. Sukiennik, Brittany L. (counsel for Robinhood Financial LLC)

34. Unikowsky, Adam G. (counsel for The Depository Trust & Clearing Corporation)

35. Waggoner, Dennis (counsel for Robinhood Financial LLC)

36. Webb, Joshua C. (counsel for Robinhood Financial LLC)

37. WeBull Financial LLC

USCA11 Case: 21-14208    Document: 13    Date Filed: 12/21/2021    Page: 6 of 13

Donnahue George v. Ken Griffin, et al.
No. 21-14208-DD

## INTRODUCTION

Defendants-Appellees Ken Griffin, Citadel Securities LLC, Citadel Enterprise Americas LLC (formerly Citadel LLC), The Depository Trust & Clearing Corporation, Financial Industry Regulatory Authority, Inc., and Robinhood Financial LLC (collectively, the "Moving Appellees") hereby respectfully move to dismiss pro se Plaintiff-Appellant Donnahue George's ("George")[1] appeal for lack of jurisdiction. The Moving Appellees have not made this motion, or any substantially similar or related application for relief, to this Court or to any other court.

## ARGUMENT

George's Brief purports to identify a lone basis for this Court's jurisdiction: the entry of "a final judgment denying Donnahue George['s] motion for reconsideration on November 3, 2021" which, according to George, confers jurisdiction under 28 U.S.C. § 1291. Appellant's Br. at 6-7. But the district court's denial of George's motion for reconsideration very clearly was *not* a final decision and this Court very clearly lacks jurisdiction over it. Because the dismissal at issue

---

[1] Although George is proceeding pro se, he has legal training, and practiced law in New York before being disbarred in 2008. *See In re George*, 58 A.D.3d 267, 269 (2d Dep't 2008) ("[E]ffective immediately, the respondent, Donnahue G. George, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.").

1

USCA11 Case: 21-14208  Document: 13  Date Filed: 12/21/2021  Page: 7 of 13

Donnahue George v. Ken Griffin, et al.
No. 21-14208-DD

was expressly without prejudice and expressly invites renewed submissions, it cannot possibly qualify as final so as to be subject to this Court's jurisdiction.

Federal appellate jurisdiction generally "is limited to appeals from 'final decisions' of the district court[s]." *Parker v. Am. Traffic Solns., Inc.*, 835 F.3d 1363, 1367 (11th Cir. 2016) (citing 28 U.S.C. § 1291). Section 1291 provides, in pertinent part: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291. Under Section 1291, "[a] 'final decision' is one by which a district court disassociates itself from a case"; the provision has "core application" to a ruling that "end[s] the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 408-09 (2015) (citations and quotation marks omitted). "Dismissals that are without prejudice to refiling are not 'final' for purposes of appeal." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1094 n.7 (11th Cir. 1996); *see also Douse v. Canoe Creek Homeowner's Ass'n, Inc.*, No. 21-10174, 2021 WL 3205731, at *3 (11th Cir. July 29, 2021) ("[A] dismissal without prejudice is *not* a final, appealable order if it is entered without prejudice to refile . . . ." (emphasis in original)).

George's appeal should be dismissed because the district court has yet to render any final decision. Multiple indicators so confirm uniformly and unmistakably. First, the district court's order expressly provided that the "action is

2

USCA11 Case: 21-14208     Document: 13     Date Filed: 12/21/2021     Page: 8 of 13

Donnahue George v. Ken Griffin, et al.
No. 21-14208-DD

DISMISSED WITHOUT PREJUDICE" and that the "Parties may move to reopen this matter upon the Parties filing a joint scheduling report." Appellant's App. at 10 (Doc. 51). Second, the district court's dismissal did not end the litigation on the merits; rather, it merely accounted for failure to comply with the district court's Pretrial Order. *See id.* Lest there be any doubt, in denying George's motion for reconsideration, the district court explained that "this case has been dismissed for failure to file a joint scheduling report, not for any deficiency with the Complaint." *Id.* at 10 (Doc. 53). Finally, the district court remained engaged after ordering dismissal without prejudice, and continued to adjudicate George's motions seeking to reinstate the underlying action until the docketing of this appeal. *See, e.g.*, *id.* at 10 (Doc. 53), 8 (Doc. 64).

Nor is there any other basis for appellate jurisdiction. The remaining grounds for appeal suggested by George's Statement of Issues on Appeal (which were not included in George's Jurisdictional Statement), present no appealable issue, as they arise from mere denial of motions, including the denial of George's motion seeking discovery sanctions. *See, e.g.*, *Maldonado v. Baker Cty. Sheriff's Off.*, No. 20-13506-C, 2020 WL 8919437, at *1 (11th Cir. Nov. 25, 2020) (dismissing sua sponte for lack of jurisdiction an appeal of an order denying several motions) (collecting cases). As for George's appeal of the denial of a preliminary injunction, George overlooks that the preliminary injunction has yet to be adjudicated. In dismissing

3

USCA11 Case: 21-14208     Document: 13     Date Filed: 12/21/2021     Page: 9 of 13

Donnahue George v. Ken Griffin, et al.
No. 21-14208-DD

the underlying action without prejudice, the district court simply ordered that "All pending motions, if any, are DENIED AS MOOT." Appellant's App. at 10 (Doc. 51). If George nonetheless contends that any request for a preliminary injunction is live, ripe and adequately founded, then he should take that up with the district court in the first instance. In no event is there presently an appealable decision for this Court to review.

## CONCLUSION

The Court should dismiss this appeal for lack of jurisdiction.

Donnahue George v. Ken Griffin, et al.
No. 21-14208-DD

DATED: December 21, 2021                    Respectfully submitted,

*/s/ Derek Shaffer*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Derek L. Shaffer
D.C. Bar. No. 478775
1300 I Street NW, 9th Floor
Washington, DC 20005
Telephone: (202) 538-8000
derekshaffer@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Jason D. Sternberg
Fla. Bar No. 72887
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (561) 213-5635
jasonsternberg@quinnemanuel.com

*Counsel for Ken Griffin, Citadel Enterprise Americas LLC, and Citadel Securities LLC*

*/s/ David S. Mandel* (with permission)
**MANDEL & MANDEL LLP**
David S. Mandel
Fla. Bar. No. 38040
169 E. Flagler St., Suite 1224
Miami, FL 33131
Telephone: (305) 374-7771
dsm@mandel.law

*Counsel for Financial Industry Regulatory Authority, Inc.*

5

Donnahue George v. Ken Griffin, et al.
No. 21-14208-DD

*/s/ Joshua C. Webb* (with permission)
**HILL, WARD & HENDERSON, P.A.**
Joshua C. Webb
Fla. Bar No. 51679
101 East Kennedy Boulevard,
Suite 3700
Tampa, FL 33602
Telephone: (813) 222-3165
jwebb@hwhlaw.com

*Counsel for Robinhood Financial LLC*

*/s/ Adam Unikowsky* (with permission)
**JENNER & BLOCK LLP**
Adam G. Unikowsky
D.C. Bar. No. 989053
1099 New York Ave NW, Ste 900
Washington, DC 20001
Telephone: (202) 639-6041
aunikowsky@jenner.com

*Counsel for The Depository Trust & Clearing Corporation*

6

Donnahue George v. Ken Griffin, et al.
No. 21-14208-DD

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, the undersigned counsel certifies that this motion complies with the type-volume limitation of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure. This motion contains 795 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

As required by Federal Rule of Appellate Procedure 27(d)(1)(E) and 11th Cir. R. 27-1(a)(10), this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman type style, font size 14.

Dated: December 21, 2021          */s/ Derek Shaffer*
                                   Derek L. Shaffer

Donnahue George v. Ken Griffin, et al.
No. 21-14208-DD

# CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated: December 21, 2021              */s/ Derek Shaffer*
                                      Derek L. Shaffer

## SERVICE LIST

All counsel of record, via ECF

Plaintiff Donnahue George, via ECF and mail
1012 NW 2nd Street
Fort Lauderdale, FL 33311
donnahuegeorge@gmail.com
Pro Se