**21-14208**

# United States Court of Appeals

### *for the*

# Eleventh Circuit

---

DONNAHUE GEORGE,

*Plaintiff-Appellant,*

– v. –

KEN GRIFFIN, CITADEL ENTERPRISE AMERICAS LLC (FORMERLY CITADEL LLC), CITADEL SECURITIES LLC, THE DEPOSITORY TRUST & CLEARING CORPORATION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., ROBINHOOD FINANCIAL LLC, AND THE SECURITIES & EXCHANGE COMMISSION,

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:21-cv-61719-KMM
(Honorable K. Michael Moore)

**BRIEF OF DEFENDANTS-APPELLEES KEN GRIFFIN, CITADEL ENTERPRISE AMERICAS, LLC (FORMERLY CITADEL LLC), CITADEL SECURITIES, LLC, THE DEPOSITORY TRUST & CLEARING CORPORATION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., AND ROBINHOOD FINANCIAL LLC**

JASON D. STERNBERG
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(561) 213-5635

DEREK L. SHAFFER
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, 9th Floor
Washington, DC 20005
(202) 538-8000

*Counsel for Ken Griffin, Citadel Enterprise Americas LLC, and Citadel Securities LLC*

*Additional Counsel on Inside Cover*



DAVID S. MANDEL
MANDEL & MANDEL LLP
169 E. Flagler Street, Suite 1224
Miami, FL 33131
(305) 374-7771
*Counsel for Financial Industry*
*Regulatory Authority, Inc.*

JOSHUA C. WEBB
HILL WARD & HENDERSON, PA
101 East Kennedy Boulevard
Suite 3700
Tampa, Florida 33602
(813) 222-31165
*Counsel for Robinhood Financial LLC*

ADAM G. UNIKOWSKY
JENNER & BLOCK LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
(202) 639-6041
*Counsel for The Depository Trust &*
*Clearing Corporation*

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Under Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-1 through 26.1-3, the undersigned counsel hereby certify as follows:

Defendant-Appellee Citadel Enterprise Americas LLC (formerly Citadel LLC) is a wholly owned indirect subsidiary of Citadel GP LLC, Defendant-Appellee Citadel Securities LLC is a wholly-owned indirect subsidiary of Citadel Securities GP LLC, and no publicly held corporation has a 10% or greater ownership interest in Citadel GP LLC or Citadel Securities GP LLC.

Defendant-Appellee Robinhood Financial LLC is a wholly-owned subsidiary of Robinhood Markets, Inc. (NASDAQ: HOOD), and no publicly-traded corporation has a 10% or greater ownership interest in Robinhood Financial LLC.

Defendant-Appellee The Depository Trust & Clearing Corporation does not have a parent corporation and no publicly-held corporation has a 10% or greater ownership interest in The Depository Trust & Clearing Corporation.

Defendant-Appellee Financial Industry Regulatory Authority, Inc. is a private, not-for-profit Delaware corporation and is a self-regulatory organization registered with the Securities and Exchange Commission as a national securities association pursuant to the Maloney Act of 1938, (15 U.S.C. § 78o-3, et seq.), amending the Securities Exchange Act of 1934 (15 U.S.C. § 78a, et seq.), that has

C-1

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

no stock or parent corporation. No publicly held corporation owns 10% or more of any Financial Industry Regulatory Authority, Inc. stock.

The following is a complete list, in alphabetical order, of interested persons:

1. Alvarado, Maria Castellanos (counsel for Robinhood Financial LLC)

2. Boyle, Gregory M. (counsel for The Depository Trust & Clearing Corporation)

3. Carlson & Associates, P.A. (counsel for The Depository Trust & Clearing Corporation)

4. Carlson, Curtis (counsel for The Depository Trust & Clearing Corporation)

5. Citadel Enterprise Americas LLC (formerly Citadel LLC)

6. Citadel GP LLC (parent company of Citadel Enterprise Americas LLC)

7. Citadel Securities GP LLC (parent company of Citadel Securities LLC)

8. Citadel Securities LLC

9. Commodity Futures Trading Commission

10. Cravath, Swaine & Moore LLP (counsel for Robinhood Financial LLC)

11. Danon, Samuel A. (counsel for Robinhood Financial LLC)

12. The Depository Trust & Clearing Corporation

13. Financial Industry Regulatory Authority, Inc.

14. George, Donnahue

15. Griffin, Kenneth

16. Hill Ward Henderson (counsel for Robinhood Financial LLC)

C-2

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

17. Hunton Andrews Kurth LLP (counsel for Robinhood Financial LLC)

18. Jenner & Block LLP (counsel for The Depository Trust & Clearing Corporation)

19. Mandel & Mandel LLP (counsel for Financial Industry Regulatory Authority, Inc.)

20. Mandel, David S. (counsel for Financial Industry Regulatory Authority, Inc.)

21. Membiela, Gustavo Javier (counsel for Robinhood Financial LLC)

22. Moore, K. Michael, U.S. District Court Judge, Southern District of Florida

23. Orsini, Kevin J. (counsel for Robinhood Financial LLC)

24. Quinn Emanuel Urquhart & Sullivan, LLP (counsel for Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC)

25. Robinhood Financial LLC

26. Robinhood Markets, Inc. (stock ticker HOOD) (parent company of Robinhood Financial LLC)

27. Ryan, Antony L. (counsel for Robinhood Financial LLC)

28. Securities and Exchange Commission

29. Shaffer, Derek L. (counsel for Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC)

30. Smachetti, Emily M. (counsel for Securities and Exchange Commission)

31. Snow, Lurana S., U.S. Magistrate Judge, Southern District of Florida

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

32. Sternberg, Jason (counsel for Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC)

33. Sukiennik, Brittany L. (counsel for Robinhood Financial LLC)

34. Unikowsky, Adam G. (counsel for The Depository Trust & Clearing Corporation)

35. Waggoner, Dennis (counsel for Robinhood Financial LLC)

36. Webb, Joshua C. (counsel for Robinhood Financial LLC)

37. WeBull Financial LLC

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary or warranted because the facts and legal arguments in this appeal are adequately presented in the briefs and records and because this appeal presents no unique or controversial issues of law or fact. *See* 11th Cir. R. 28-1(c); Fed. R. App. P. 34(a)(2); 11th Cir. R. 34-3(b).

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

# TABLE OF CONTENTS

<u>Page</u>

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
    DISCLOSURE STATEMENT.................................................................1

STATEMENT REGARDING ORAL ARGUMENT ..................................i

JURISDICTIONAL STATEMENT ..........................................................v

INTRODUCTION ....................................................................................1

STATEMENT OF THE ISSUES................................................................3

STATEMENT OF THE CASE ..................................................................4

    A.    Course Of Proceedings And Disposition Below ...................4

    B.    Statement Of Relevant Facts ................................................10

STANDARD OF REVIEW .....................................................................10

SUMMARY OF ARGUMENT ...............................................................11

ARGUMENT ..........................................................................................13

I.     This Court Lacks Jurisdiction Over George's Appeal ...................13

II.    The District Court Did Not Abuse Its Discretion By Dismissing
    Without Prejudice The Underlying Action For Failure To Comply With
    The Pretrial Order .........................................................................15

III.   The District Court Did Not Abuse Its Discretion By Rejecting George's
    "Joint" Scheduling Report Or Denying George's Motion For An
    Enlargement Of Time Or Discovery Sanctions ...........................19

IV.   The District Court Did Not Abuse Its Discretion By Denying George's
    Motion For Preliminary Injunction ..............................................22

    A.    The District Court Did Not Abuse Its Discretion In Denying As
        Moot George's Motion for Preliminary Injunction............22

    B.    In The Alternative, George's Motion For Preliminary Injunction
        Was Due To Be Denied.......................................................23

CONCLUSION .......................................................................................25

CERTIFICATE OF COMPLIANCE.......................................................28

CERTIFICATE OF SERVICE ...............................................................29

ii

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

# TABLE OF AUTHORITIES

<u>Page</u>

## Cases

*Brown v. Blackwater River Corr. Facility*,
762 F. App'x 982 (11th Cir. 2019).......................................................16

*CNW Corp. v. Japonica Partners, L.P.*,
776 F. Supp. 864 (D. Del. 1990) ........................................................24

*Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*,
304 F.3d 1167 (11th Cir. 2002) .........................................................24

*Daker v. Bryson*,
841 F. App'x 115 (11th Cir. 2020).......................................... 10, 16, 18

*Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*,
556 F.3d 1232 (11th Cir. 2009) ..........................................................16

*Foudy v. Indian River Cty. Sheriff's Off.*,
845 F.3d 1117 (11th Cir. 2017) ................................................... 16, 18

*Gelboim v. Bank of Am. Corp.*,
574 U.S. 405 (2015) ..........................................................................14

*George v. Comm'r of Soc. Sec.*,
No. 19-cv-61799-FAM (S.D. Fla. Dec. 23, 2019) ................................1

*George v. Snyder*,
No. 19-cv-61827-RAR (S.D. Fla. Apr. 27, 2020) .................................. 1, 2, 12

*George v. Snyder*,
847 F. App'x 544 (11th Cir. 2021)........................................... 1, 15, 19

*In re George*,
58 A.D.3d 267 (2d Dep't 2008).................................................. 12, 19

*Grayson v. K Mart Corp.*,
79 F.3d 1086 (11th Cir. 1996) ..........................................................14

*Guice v. Sec'y, Dep't of Lab.*,
754 F. App'x 789 (11th Cir. 2018)......................................... 11, 19, 22

*Johnson v. Bd. of Regents of Univ. of Ga.*,
263 F.3d 1234 (11th Cir. 2001) ..........................................................21

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

*Langermann v. Dubbin*,
  613 F. App'x 850 (11th Cir. 2015)........................................................22

*Maehr v. United States*,
  822 F. App'x 780 (10th Cir. 2020)........................................................22

*Maldonado v. Baker Cty. Sheriff's Off.*,
  No. 20-13506-C, 2020 WL 8919437 (11th Cir. Nov. 25, 2020).........................15

*Parker v. Am. Traffic Sols., Inc.*,
  835 F.3d 1363 (11th Cir. 2016) ..........................................................13

*Powell v. Harris*,
  628 F. App'x 679 (11th Cir. 2015)........................................................18

*SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*,
  243 F. App'x 502 (11th Cir. 2007).......................................................25

*Suntrust Bank v. Houghton Mifflin Co.*,
  268 F.3d 1257 (11th Cir. 2001) ..........................................................25

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
  792 F.3d 1313 (11th Cir. 2015) ..........................................................15

*Wreal, LLC v. Amazon.com, Inc.*,
  840 F.3d 1244 (11th Cir. 2016) ..........................................................11

*Young v. City of Palm Bay, Fla.*,
  358 F.3d 859 (11th Cir. 2004) ...........................................................16

## Statutes

28 U.S.C. § 1291 ...........................................................................13

## Rules and Regulations

11th Cir. R. 28-1 ..........................................................................10

Fed. R. Civ. P. 16(b) ......................................................................17

Fed. R. Civ. P. 26 ..................................................................... 18, 21

Fed. R. Civ. P. 41 .........................................................................22

S.D. Fla. L. R. 16.1 .......................................................................17

iv

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

# JURISDICTIONAL STATEMENT

As explained in the Moving Appellees'[1] Motion to Dismiss,[2] the Court lacks jurisdiction over this appeal because there was no "final decision" below, as is required to confer jurisdiction under 28 U.S.C. § 1291.  The district court's order dismissing the underlying action was expressly without prejudice and expressly invited the filing of a motion to reopen the matter upon compliance with a court-issued directive.  Lest there be any doubt that the district court's decision was not "final," the district court *continued* to adjudicate Plaintiff-Appellant's motions seeking to reopen the underlying action following the dismissal, until being divested of jurisdiction by the filing of this appeal.

Nor is there any other basis for this Court's jurisdiction.  Appellate jurisdiction does not arise from the district court's rejection of a scheduling report or the district court's denial of motions for an enlargement of time and for discovery sanctions.  Finally, with respect to the denial of Appellant's motion for preliminary injunction, Appellant overlooks that his motion was not adjudicated below—in dismissing the

---

[1]    The Moving Appellees are Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), Citadel Securities LLC, The Depository Trust & Clearing Corporation, Financial Industry Regulatory Authority, Inc., and Robinhood Financial LLC.

[2]    On April 11, 2022, the Court entered an order that "the motion to dismiss for lack of jurisdiction . . . is CARRIED WITH THE CASE," noting that a "final determination regarding jurisdiction will be made by the panel to whom this appeal is submitted after briefing on the merits is completed."

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

action without prejudice, the district court simply ordered that "All pending motions,

if any, are DENIED AS MOOT," after which George never returned to seek further

ruling on his motion.

    This appeal should therefore be dismissed for lack of jurisdiction.

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

# INTRODUCTION

As this Court explained recently to pro se Plaintiff-Appellant Donnahue

George ("George"), a "district court possesses inherent authority to control its docket

and ensure the prompt resolution of lawsuits." *George v. Snyder*, 847 F. App'x 544,

547 (11th Cir. 2021) (internal quotation marks and citation omitted) ("find[ing] no

abuse of discretion in any of the district court's orders challenged by George"), *cert.*

*denied*, 142 S. Ct. 85 (2021).  In fact, George is a frequent litigant who knows, or

should know, the requirements of practicing before the courts of this Circuit:  the

instant litigation is the third action George has commenced specifically in the

Southern District of Florida in as many years, each of which was decided against

him and appealed to this Court, with George then petitioning the U.S. Supreme Court

after losing each of his two prior appeals.[3]

In the instant appeal, George has yet again improperly challenged a district

court's traditional exercises of its inherent authority, here reflected in several orders

that the district court entered to enforce its Pretrial Order and the denial of George's

motion for sanctions, which gave the district court occasion to note that, "[d]espite

---

[3]   *See George v. Comm'r of Soc. Sec.*, Order Adopting M.J.'s R&R, Doc. 28, No.
19-cv-61799-FAM (S.D. Fla. Dec. 23, 2019), *aff'd*, 828 F. App'x 699 (11th Cir.
2020), *cert. denied sub nom. George v. Kijakazi*, 211 L. Ed. 2d 33 (2021); *George
v. Snyder et al.*, Order Granting Defs.' Mot. to Dismiss, Doc. 42, No. 19-cv-61827-
RAR (S.D. Fla. Apr. 27, 2020), *aff'd sub nom. George v. Snyder*, 847 F. App'x 544
(11th Cir. 2021), *cert. denied*, 142 S. Ct. 85 (2021).

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

[George's] insistence to the contrary, it appears that Defendants have made every reasonable effort to comply with Court Orders and the Federal Rules of Civil Procedure, while [George] has not." Appellant's App. at 8 (Doc. 64). The district court here, like others before—*e.g.*, *George v. Snyder*, Doc. 42, No. 19-cv-61827-RAR ("[George] has failed to remedy the deficiencies noted by this Court in its prior Order")—gave George every opportunity to pursue his claim, but George simply failed to properly do so, leading to the filing of this premature appeal even before the district court ruled on a pending motion to reopen.

Despite the significant number of motions filed by George before the district court, the issues here are simple: as an initial matter and as explained in the Moving Appellees' motion to dismiss, this appeal should be dismissed for lack of jurisdiction given that the district court's dismissal order was plainly not final, as it was expressly without prejudice and invited the filing of a motion to reopen. Nor does the district court's rejection of George's unilaterally-submitted scheduling report and denial of his motions for an extension of time and for discovery sanctions supply any separate basis for appellate review. Nor is jurisdiction supplied by the district court's procedural denial of George's motion for preliminary injunction; without resolving the motion on its merits, the district court simply denied it as moot when the dismissal order was entered, at which point George never sought a ruling on the merits.

2

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

To the extent that this Court nevertheless decides to reach the merits of the appeal, the district court's orders should be affirmed in all respects because the district court acted well within its discretion in enforcing its own orders and managing its docket. George acknowledges that this Court here should be reviewing only for abuse of discretion—*see* Appellant's Br. at 14—without ever arguing that the district court abused its discretion. In fact, there was no abuse of discretion here, nor anything close. The district court appropriately exercised its inherent authority by enforcing its reasonable Pretrial Order, rejecting George's submission of a purportedly "joint" scheduling report that lacked input from any of the Defendants, and denying an untimely, deficient motion filed by George. George does not identify anything suspect below, much less a clear error in judgment that could warrant overturning the district court's orders.

## STATEMENT OF THE ISSUES

1.    Whether this Court has jurisdiction to review the merits of the instant appeal, which arises from a dismissal *without prejudice*.

2.    Assuming jurisdiction exists, whether the district court abused its discretion by dismissing the underlying action without prejudice for failure to comply with the Pretrial Order's requirements for submitting a scheduling report.

3.    Assuming jurisdiction exists, whether the district court abused its discretion by rejecting George's submission of a scheduling report that was

3

submitted unilaterally in contravention of the district court's rules; denying George's untimely and unsupported motion for an enlargement of time to file a joint scheduling report; and denying George's "motion in opposition of the Defendants [sic] refusal to participate in submitting joint scheduling report," given that George had not served all Defendants or otherwise met the requirements of the governing Pretrial Order.

4.    Assuming jurisdiction exists, whether the district court abused its discretion by denying all pending motions as moot, including George's motion for preliminary injunction, upon the dismissal of the underlying action without prejudice.

## STATEMENT OF THE CASE

### A.    Course Of Proceedings And Disposition Below

On August 17, 2021, pro se Plaintiff-Appellant George, commenced the underlying action in the Southern District of Florida.  In George's initial complaint, he alleged that Defendants—a varied group of financial institutions, regulators, and government agencies—conspired and created an illegal monopoly "to control and manipulate the price of AMC and GME stock," including by purportedly establishing a "private dark pool," "abus[ing] the Failure to Deliver system," using "ladder attacks," "fabricat[ing] naked shorts," and "counterfeiting and selling fake synthetic shares."  Appellant's App. at 20-34 (Doc. 1).  According to George, these

alleged practices violated the antitrust laws and constituted an ongoing criminal conspiracy giving rise to civil RICO liability. *See, e.g.*, *id.* at 21.

On September 7, 2021, George amended his complaint to add allegations that the Defendants were conducting a Ponzi scheme and were using "far out of the money put options" to manipulate the short interest rate of AMC and GME stock. Appellant's App. at 90-91 (Doc. 8). That same day, George filed an unverified motion for preliminary injunction accompanied by a handful of news articles and screenshots. George specifically sought an injunction prohibiting Defendants from "destroying any documents whether written or electronic related to AMC and GME shares" and from "trading AMC and GME shares through the dark pools" until "a true and correct share count of AMC shares are [sic] verified by the court." Appellant's App. at 43 (Doc. 10). George's motion for preliminary injunction was premised on an inapplicable legal standard; he sought relief pursuant to a two-factor test reserved for preliminary injunction motions brought by the Securities & Exchange Commission ("SEC") pursuant to statute. *See id.* at 39. Among other things, George's motion did not articulate irreparable harm (the sole injury purportedly identified was "monetary losses") or any impending injury. *See generally*, *id.*

On September 8, 2021, the district court sua sponte stayed briefing on George's motion for preliminary injunction because there was an insufficient basis

for the district court to determine whether Defendants—none of which had
appeared—were in fact on notice of George's motion.   Appellant's App. at 16
(Doc. 12).   On September 30, 2021, the district court noted that "almost all of
Defendants have filed an appearance or waiver of service in this case," sua sponte
set a briefing schedule for George's motion for preliminary injunction, ordering that
the Defendants who had appeared or waived service respond to George's motion by
October 14, 2021.   Appellant's App. at 14 (Doc. 21).   At the time the district court
entered this order, Defendants WeBull Financial LLC, Commodities Futures
Trading Commission, and the SEC had not been served.   *See* Appellant's App. at 4-
18.

Upon George's filing of his complaint, the district court entered its Pretrial
Order, directing the Parties to (i) hold a scheduling conference no later than 20 days
after the filing of the first responsive pleading by the last responding defendant, or
within 60 days after the filing of the complaint, provided all of the defendants have
been served by the deadline, whichever occurred first, and (ii) file a joint scheduling
report within ten days of the scheduling conference.   Appellant's App. at 17-18 (Doc.
5).   The Pretrial Order provided that "if all defendants have not been served by the
expiration of this deadline [to hold a scheduling conference], Plaintiff shall move for
an enlargement of time to hold the scheduling conference, not to exceed 90 days
from the filing of the Complaint," and cautioned, "[f]ailure of counsel to file a joint

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

scheduling report within the deadlines . . . may result in dismissal, default, and the imposition of other sanctions including attorney's fees and costs." *Id.*

On October 29, 2021—more than 60 days after the filing of the complaint—upon a sua sponte examination of the record, the district court entered an order dismissing without prejudice the underlying action based on George's failure to file a joint scheduling report. Appellant's App. at 10 (Doc. 51). The order provided, among other things:

> Accordingly, based on the foregoing, it is ORDERED AND ADJUDGED that this action is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is instructed to CLOSE this case. All pending motions, if any, are DENIED AS MOOT. The Parties may move to reopen this matter upon the Parties filing a joint scheduling report.

*Id.*

In the week following dismissal, George filed three motions—to amend the complaint a second time and reopen the action, Appellant's App. at 72-79 (Doc. 52); to extend the time to file a joint scheduling report, *see* Appellant's App. at 106-08 (Doc. 56); and to obligate Defendants to contact him, Appellant's App. at 100-04 (Doc. 55).

On November 3, 5 and 8, the Court denied the motions. *See* Appellant's App. at 9-10 (Docs. 53, 57, 58). In denying George's motion to file a second amended complaint and reopen the action, the district court noted that George still had not filed a joint scheduling report, and clarified that "this case has been dismissed for

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

failure to file a joint scheduling report, not for any deficiency with the Complaint." Appellant's App. at 10 (Doc. 53).

In denying George's motion for an extension of time, the district court reiterated that the Pretrial Order "requires a plaintiff to move for an extension when not all defendants have been served to accommodate a plaintiff's efforts to serve process." Appellant's App. at 9 (Doc. 58). The district court found George's motion without merit both because George sought additional time "to confer with Defendants regarding a joint scheduling report, not to serve the remaining Defendants who have yet to be served," and because it was untimely. *Id.*

The district court also denied George's motion to obligate Defendants to contact him—filed just two days after George had mailed letters to Defendants requesting a joint scheduling conference—because it was premature, noting that George could refile the motion if Defendants made no attempt to contact him by November 10, 2021. Appellant's App. at 9 (Doc. 57).

On November 10 and 12, 2021, the Defendants that had been served or waived service informed George they would hold a scheduling conference within seven days of service of the remaining defendants, explaining that any scheduling conference should include collective input from all Defendants. *See* Appellees' App. at 55 (Doc. 63). In response, on November 15, George filed a "motion in opposition of the Defendants refusal to participate in submitting joint scheduling report . . . [and for]

8

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

discovery sanctions." *See* Appellees' App. at 36-51 (Doc. 59). That same day, George filed a purported "Joint Proposed Scheduling Report," without input or approval from any defendant. *See* Appellant's App. at 110-12 (Doc. 60). The report, which was signed only by George, was plainly not "joint", as it asserted that "defendants have refused to contact me regarding this Joint scheduling order." Appellant's App. at 112 (Doc. 60). The Court denied George's motion because "(1) not all of Defendants have been served, and (2) the Joint Scheduling Report filed by Plaintiff was not actually a joint submission." Appellant's App. at 8 (Doc. 64). The district court went on to note that, "[d]espite [George's] insistence to the contrary, it appears that Defendants have made every reasonable effort to comply with Court Orders and the Federal Rules of Civil Procedure, while [George] has not." *Id.*

By the end of November 2021, George had made two more filings before the district court, including a second motion to reopen the case and an affidavit regarding a deficient attempt at service on Defendant the SEC. *See* Appellees' App. at 52 (Doc. 61); Appellant's App. at 8 (Doc. 62). This was in addition to George's untimely second amended complaint (filed on November 4, 2021), and the other motions described above. The district court continued to adjudicate George's motions as appropriate. Appellant's App. at 7-10 (Docs. 67, 64, 58, 57, 53).

On December 2, 2021, before the district court had ruled on George's second motion to reopen, George filed the instant notice of appeal, whereupon the district

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

court denied for lack of jurisdiction the pending motion.  *See* Appellees' App. at 10 (Doc. 75).

### B.    Statement Of Relevant Facts

As this appeal does not arise from a dispute that was adjudicated on the merits, the relevant facts are those described above.  The Statement of Relevant Facts contained in George's Brief—copied verbatim from George's second amended complaint—is both irrelevant to the questions posed on appeal and entirely unfounded.[4]

### STANDARD OF REVIEW

To the extent the Court concludes it has jurisdiction over the appeal, the Moving Appellees agree with George that the Court should review for abuse of discretion (i) the district court's order dismissing the underlying action without prejudice for failure to comply with the Pretrial Order, *see Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) ("We review the district court's dismissal of a case for failure to comply with a court order for an abuse of discretion." (citation omitted)); (ii) the district court's rejection of George's purportedly "joint"

---

[4]    The allegations included in George's Statement of Facts are factually disputed and baseless, and his submission of them as "facts" violates this Court's Rules, which contemplate that "[a] proper statement of facts reflects a high standard of professionalism" and is to "state the facts accurately, those favorable and those unfavorable to the party."  11th Cir. R. 28-1(i)(ii).

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

scheduling report and denial of George's motions (a) seeking an extension to file a joint scheduling report and (b) requesting that the court order the Defendants to participate in preparing the Joint Scheduling Order and impose discovery sanctions, *see, e.g.*, *Guice v. Sec'y, Dep't of Lab.*, 754 F. App'x 789, 791 (11th Cir. 2018) ("We review a district court's decisions about how to manage its docket for abuse of discretion."); and (iii) the denial of George's motion for a preliminary injunction as moot, *see Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) ("We review a district court's denial of a preliminary injunction for abuse of discretion.").

## SUMMARY OF ARGUMENT

This Court lacks jurisdiction over George's appeal because the district court has yet to render any final decision—the dismissal at issue was expressly without prejudice and expressly invites refiling—and because the remaining orders George appeals arise from mere denials of motions, and do not present any appealable issue.

Setting aside the absence of jurisdiction, this Court should affirm on the merits. At bottom, George's appeal is improper. George, again, failed to meet basic procedural requirements, repeatedly ignored the district court's directives to address his errors, and filed this appeal two days after filing a motion to reopen, while that motion remained pending.

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

First, the district court did not abuse its discretion by dismissing the underlying action without prejudice in response to George's failure to obey clear and reasonable orders requiring timely service—George in fact never served all of the defendants—and completion of a joint scheduling report, especially after those orders warned that non-compliance could result in dismissal. Nor should George's pro se status excuse his failure to comply, as pro se litigants are not relieved from following procedural rules, *see, e.g.*, *George v. Snyder*, No. 19-cv-61827-RAR, Doc. 42 at 6,[5] and George, notably, practiced law as an attorney prior to being disbarred, *see In re George*, 58 A.D.3d 267, 269 (2d Dep't 2008).

Second, the district court did not abuse its discretion by rejecting George's purportedly joint scheduling report or by denying George's motion for an enlargement of time or for discovery sanctions. The scheduling report that George represented as "joint" was not in fact a joint report in any sense, nor was it signed by any defendant; George's motion for an enlargement of time was untimely and unfounded; and George's motion to obligate the Defendants to participate in a scheduling conference and for discovery sanctions was improper because not all

---

[5]  ("[George] has failed to remedy the deficiencies noted by this Court in its prior Order Dismissing Case. [George's] Amended Complaint continues to set forth vague and conclusory allegations, fails to comply with the Federal Rules of Civil Procedure and federal pleading standards, and does not provide a sufficient basis for this Court to find subject matter jurisdiction." (citation omitted)).

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

defendants had been served and, as the district court observed, those defendants that had been served "have made every reasonable effort to comply with Court Orders and the Federal Rules of Civil Procedure, while [George] has not." Appellant's App. at 8 (Doc. 64).

Third, in denying any and all pending motions as mooted by the dismissal (without prejudice) of the underlying action, the district court did not abuse its discretion by denying George's then-pending motion for preliminary injunction. George also failed to complete service, as would be prerequisite to the injunctive relief he was requesting against all Defendants. In any event, this Court can also affirm the denial on the alternative ground that George's request for a preliminary injunction was facially meritless.

## ARGUMENT

## I.    This Court Lacks Jurisdiction Over George's Appeal

As set forth in the Moving Appellees' motion to dismiss,[6] federal appellate jurisdiction generally "is limited to appeals from 'final decisions' of the district court[s]." *Parker v. Am. Traffic Sols.*, *Inc.*, 835 F.3d 1363, 1367 (11th Cir. 2016) (citing 28 U.S.C. § 1291). Under Section 1291, "[a] 'final decision' is one by which

---

[6]    In light of the Court's April 11, 2022 Order stating that "the parties are not required to discuss the jurisdictional issue in great detail," the Moving Appellees' argument here largely references and incorporates by reference their motion to dismiss for lack of jurisdiction.

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

a district court disassociates itself from a case"; the provision has "core application" to a ruling that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 408-09 (2015) (citations and quotation marks omitted). "Dismissals that are without prejudice to refiling are not 'final' for purposes of appeal." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1094 n.7 (11th Cir. 1996).

The Court lacks jurisdiction over this appeal because the district court has yet to render any final decision. Because the dismissal at issue was expressly without prejudice and expressly invites renewed submissions, it cannot possibly qualify as final so as to fall within this Court's jurisdiction. Multiple indicators so confirm uniformly and unmistakably. First, the district court's order expressly provided that the "action is DISMISSED WITHOUT PREJUDICE" and that the "Parties may move to reopen this matter upon the Parties filing a joint scheduling report." Appellant's App. at 10 (Doc. 51). Second, the district court's dismissal did not end the litigation on the merits; rather, it merely accounted for failure to comply with the district court's Pretrial Order. *See id*. (Doc. 53). Lest there be any doubt, in denying George's motion for reconsideration, the district court explained that "this case has been dismissed for failure to file a joint scheduling report, not for any deficiency with the Complaint." *Id.* Finally, the district court remained engaged and continued

14

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

to adjudicate George's motions even after ordering the dismissal without prejudice. *See, e.g.*, *id.* at 10, 7-8.

Nor is there any other basis for appellate jurisdiction.  The remaining orders George appeals do not present any appealable issue, as they arise from mere denials of motions, including the denial of George's motion seeking discovery sanctions. *See, e.g.*, *Maldonado v. Baker Cty. Sheriff's Off.*, No. 20-13506-C, 2020 WL 8919437, at *1 (11th Cir. Nov. 25, 2020) (dismissing sua sponte for lack of jurisdiction an appeal of an order denying several motions) (collecting cases).  As for George's appeal of the denial of a preliminary injunction, George overlooks that his motion for a preliminary injunction has yet to be adjudicated on its merits.  In dismissing the underlying action without prejudice, the district court simply ordered that "All pending motions, if any, are DENIED AS MOOT."  Appellant's App. at 10 (Doc. 51).  The district court's non-prejudicial dismissal order does not preclude George from refiling his motion for a preliminary injunction.

## II.    The District Court Did Not Abuse Its Discretion By Dismissing Without Prejudice The Underlying Action For Failure To Comply With The Pretrial Order

As this Court previously explained to George in rejecting another one of his appeals, a "district court possesses 'inherent authority to control its docket and ensure the prompt resolution of lawsuits . . . .'" *George v. Snyder*, 847 F. App'x 544, 547 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 85 (2021) (quoting *Weiland v.*

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

*Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).   In exercising that authority, "a district court may dismiss a lawsuit sua sponte for failure to comply with a court order."  *Daker*, 841 F. App'x at 123; *see also Foudy v. Indian River Cty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.").   Where, as here, "the district court does not commit a clear error in judgment, [this Court] will affirm the district court's decision."  *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863 (11th Cir. 2004).

First, the Pretrial Order was reasonable and provided express instructions:  it directed the Parties to file a scheduling report, specified the requirements (including service of all Defendants) and deadline for doing so, and made clear that, if Plaintiff had not served all Defendants by the expiration of the deadline, "Plaintiff shall move for an enlargement of time to hold the scheduling conference."  Appellant's App. at 17-18 (Doc. 5).  Dismissal without prejudice for failure to comply with the Pretrial Order was proper because George failed to comply or request an enlargement of time, and a "district court need not tolerate defiance of reasonable orders."  *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009); *see also Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) ("We have affirmed dismissal of an action without prejudice for failure to comply with a court order even when the case does not

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

involve a series of violations of court rules or pretrial orders.") (internal quotation marks and citation omitted).

George argues that the district court "ordered the case closed . . . without giving [him] sufficient time to get the Scheduling Report done." Appellant's Br. at 16-17. But George did not contact Defendants regarding a scheduling conference or request an extension of time until *after* the case was already closed (despite such an extension being expressly contemplated by the Pretrial Order, which was entered upon the filing of the underlying action, *see* Appellant's App. at 17-18 (Doc. 5))—approximately three months after he had filed his initial complaint. Notably, George does not argue that the Pretrial Order was unreasonable or that the district court's dismissal reflected an abuse of discretion. George does not even dispute that he violated the order. Instead, George appears to argue that the district court did not timely issue a scheduling order under Federal Rule of Civil Procedure 16(b), but by his own admission the case was closed before the time specified under the Rule had lapsed. *See* Appellant's Br. at 16-17. In any event, this argument is irrelevant to his failure to file a joint scheduling report, to the dismissal without prejudice based on the same, and to the purported subject matter of this appeal.[7] Also irrelevant is

---

[7] Nor does George fare any better to the extent he might be understood as arguing that the district court improperly imposed a more stringent timeline than that required under Rule 16.1(b)(3) of the Local Rules for the Southern District of

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

George's invocation of the initial disclosure provisions of Rule 26 of the Federal Rules of Civil Procedure, which has no bearing on the timing of service or joinder—and that carries the explicit limitation "unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a). In any event, the district court had good cause for not issuing a scheduling report—George had not prosecuted his case by serving all of the Defendants, as required by the Pretrial Order.

Second, George was expressly forewarned that dismissal could result from failure to comply with the Pretrial Order. *See* Appellant's App. at 17-18 (Doc. 5 ("Failure of counsel to file a joint scheduling report within the deadlines set forth above may result in dismissal.")). This Court has upheld dismissals with far less explicit warnings—*see, e.g.*, *Foudy*, 845 F.3d at 1126 (no apparent warning)—and "where the litigant . . . has been forewarned," "dismissal upon disregard of an order . . . generally is not an abuse of discretion," *Powell v. Harris*, 628 F. App'x 679, 680 (11th Cir. 2015); *see also Daker*, 841 F. App'x at 123 ("[G]iven the clear warning, the district court did not abuse its discretion in dismissing [appellant's] complaint after he failed to comply with the court's instructions.").

---

Florida. That rule requires simply that the district court "enter a Scheduling Order as soon as practicable but in any event. . . within ninety (90) days" of service. Rule 16.1(b)(3) is not implicated here because it pertains to scheduling *orders*, not the joint scheduling report at issue. S.D. Fla. L. R. 16.1(b)(3).

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

Finally, George's status as a pro se litigant does not excuse him from following the rules, nor does it preclude the district court from enforcing the rules. "Though pro se parties' pleadings are liberally construed by courts, the litigants are not relieved from following procedural rules." *George v. Snyder*, 847 F. App'x at 547 (citation omitted). George's pro se status should be especially unavailing because George has legal training and practiced law as a member of the New York bar prior to being disbarred in 2008. *See In re George*, 58 A.D.3d 267, 269 (2d Dep't 2008) ("[E]ffective immediately, the respondent, Donnahue G. George, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law."). Finally, George is a frequent litigant who knows, or should know, the requirements of practicing before the courts of this Circuit.

## III. The District Court Did Not Abuse Its Discretion By Rejecting George's "Joint" Scheduling Report Or Denying George's Motion For An Enlargement Of Time Or Discovery Sanctions

As George acknowledges, "[a] district court has unquestionable authority to control its own docket and broad discretion in how best to manage cases before it." Appellant's Br. at 19 (quoting *Guice*, 754 F. App'x at 791). The district court properly exercised this authority and did not abuse its discretion in rejecting George's "joint" scheduling report (which was not signed by any of the Defendants), or in denying George's motions (i) seeking an enlargement of time to file a joint

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

scheduling report and (ii) requesting that the court order the Defendants to participate in preparing a joint scheduling report and impose discovery sanctions.

First, the district court properly rejected George's purportedly joint scheduling report; the Pretrial Order requires the submission of a "joint scheduling report" and, as the district court noted, the document submitted by George "was not signed by any of Defendants and is, therefore, not a joint submission." Appellant's App. at 8 (Doc. 64). The Defendants that had been served or waived service had repeatedly explained to George that they would hold a scheduling conference within seven days of the remaining defendants being served. As prelude to a scheduling conference, George needed simply to serve the remaining unserved Defendants (which, at that time, were WeBull Financial LLC, the Commodities Futures Trading Commission, and the SEC). But George did not do so. George asserts that the "the courts [sic] . . . refused to accept the Joint Scheduling report," Appellant's Br. at 10, without explaining how this reflected any error. Nor was there any error: a district court is not obliged to accept a purportedly "joint" scheduling report that, self-evidently, is *not* joint.

Second, the district court properly denied George's motion for an enlargement of time to file a joint scheduling report. The Pretrial Order expressly provided that "*if all defendants have not been served by the expiration of this deadline*, Plaintiff shall move for an enlargement of time to hold the scheduling conference, not to

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

exceed 90 days from the filing of the Complaint."  Appellant's App. at 17-18 (Doc. 5) (emphasis added).  George asserts that his motion for an enlargement of time was "in compliance with the courts [sic] order," Appellant's Br. at 17, but that is patently incorrect:  George did not move for an enlargement of time to serve the remaining Defendants who had yet to be served, and George requested an extension only after the relevant deadline expired (and, for that matter, after the case was closed), thereby rendering his request untimely under the Pretrial Order.  *See* Appellant's App. at 17-18 (Doc. 5).  Accordingly, the district court properly denied George's motion; by no means did the denial reflect a clear error in judgment, particularly considering that district courts exercise "broad discretion over the management of pre-trial activities, including discovery and scheduling."  *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001).

Finally, the district court properly denied George's "Motion in Opposition of the Defendants [sic] Refusal to Participate in Submitting Joint Scheduling Report as Per This Courts [sic] Order #51 and #5 and Persuant [sic] to Federal Rules of Civil Procedure 26. Duty to Disclose and Fed Rules of Civil Procedure 37. Failure to Make Disclosure or to Cooperate in Discovery Sanctions."  *See* Appellees' App. at 36-51 (Doc. 59).  George asserts that "Defendants had no legal argument to disobey the courts [sic] order," Appellant's Br. at 17, but the Pretrial Order required that George serve all Defendants before submitting a joint scheduling report, which George did

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

not do.  Moreover, as the district court explained, "Defendants have made every reasonable effort to comply with Court Orders and the Federal Rules of Civil Procedure, while Plaintiff has not."  Appellant's App. at 8 (Doc. 64).  Having failed to prosecute his case by serving the remaining Defendants, George is in no position to fault the district court for supposedly abusing its discretion.[8]

## IV.   The District Court Did Not Abuse Its Discretion By Denying George's Motion For Preliminary Injunction

### A.    The District Court Did Not Abuse Its Discretion In Denying As Moot George's Motion for Preliminary Injunction

The district court properly denied as moot all pending motions when it dismissed without prejudice the action for failure to comply with its Pretrial Order. *See, e.g.*, *Langermann v. Dubbin*, 613 F. App'x 850, 855 (11th Cir. 2015) (the "district court did not err in denying [appellant's] motion as moot" because the "case had already been decided against him."); *Guice*, 754 F. App'x at 791 ("[T]he district court had the inherent authority to dispose of the numerous motions filed by [appellant] so that the court could administratively close the case."); *see also Maehr v. United States*, 822 F. App'x 780, 784 (10th Cir. 2020), *cert. denied*, 141 S. Ct.

---

[8]  Following the entry of the order at issue, George voluntarily dismissed Defendants Commodities Futures Trading Commission and WeBull Financial LLC pursuant to Federal Rule of Civil Procedure 41.  *See* Appellant's App. at 7 (Doc. 68).

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

2570 (2021) ("The district court did not abuse its discretion in denying [appellant's] motion for a preliminary injunction as moot after dismissing the case.").

George asserts that "[t]he [d]istrict court entered [George's] motion for [p]reliminary injunction as a permanent injunction, therefore giving the appearance that there was no expedience required in the decision." Appellant's Br. at 22. The district court acted on George's motion for preliminary injunction the day after it was filed, however, and there properly described the motion as one for a preliminary injunction. *See* Appellant's App. at 16 (Doc. 12). George next attempts to re-litigate the motion for preliminary injunction, but that motion was never adjudicated on the merits. If George wanted a ruling up or down on his motion for preliminary injunction, then he should, at a minimum, have been completing service on all parties that would be affected by the desired ruling. From there, the case might be reopened upon the filing of a joint scheduling report and he might renew his motion for a preliminary injunction. But George never even completed that threshold step.

### B.    In The Alternative, George's Motion For Preliminary Injunction Was Due To Be Denied

Even if the merits of George's motion for preliminary injunction were to be considered, it would necessarily fail as facially meritless. To begin with, the motion relies on an inapposite legal standard, as George claimed relief under a two-factor test that is exclusively reserved for injunctions brought by the SEC. *Compare*

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

Appellant's App. at 39 ("The courts have adopted a two part test requiring the Plaintiff to show (1) a prima facie case of previous violations of federal securities laws and (2) a reasonable likelihood that the wrong will be repeated") (Doc. 10), *with Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1171 n.1 (11th Cir. 2002) ("to merit preliminary injunctive relief, movant must show that: (1) it has substantial likelihood of success on the merits; (2) it will suffer irreparable injury unless injunction issues; (3) threatened injury to movant outweighs possible injury injunction may cause opposing party; and (4) injunction would not disserve public interest"); *see also, e.g.*, *CNW Corp. v. Japonica Partners, L.P.*, 776 F. Supp. 864, 868 n.2 (D. Del. 1990) ("The SEC standard does not apply to private plaintiffs."). To state the obvious, George is not the SEC. Moreover, far from claiming to act on the SEC's behalf, he *sued* the SEC. *See* Appellant's App. at 20 (Doc. 1).

That aside, George did not meet core, established requirements for obtaining the extraordinary remedy of a preliminary injunction.

First, George has no likelihood of success on the merits: His Amended Complaint is subject to dismissal for several independent reasons, including because George does not have Article III standing, lacks a *prima facie* case for personal jurisdiction, and fails to state any substantive claim upon which relief can be granted. Appellees' App. at 23-30 (Doc. 32).

24

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

Second, and independently, George failed to identify any irreparable harm that would be the essential touchstone for a preliminary injunction. To the contrary, the only suggestion of any harm in George's motion comes via a cursory assertion that Defendants' purported actions resulted in Plaintiff's "monetary losses." Appellant's App. at 40 (Doc. 12). Of course, *monetary* losses are ultimately compensable through *monetary* remedies and thus incompatible with a preliminary injunction. *See SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 F. App'x 502, 504 (11th Cir. 2007) ("[I]f an injury can be undone through monetary remedies, it is not irreparable" (internal quotation marks and citation omitted)); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1276 (11th Cir. 2001) ("[H]arms that may be remedied through the award of monetary damages are not considered 'irreparable.'").

**CONCLUSION**

This Court should dismiss this appeal for lack of jurisdiction, or, to the extent it reaches the merits, it should affirm.

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

DATED:  April 21, 2022                    Respectfully submitted,

                                          */s/ Derek Shaffer*
                                          QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
                                          Derek L. Shaffer
                                          D.C. Bar. No. 478775
                                          1300 I Street NW, 9th Floor
                                          Washington, DC 20005
                                          Telephone: (202) 538-8000
                                          derekshaffer@quinnemanuel.com

                                          QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
                                          Jason D. Sternberg
                                          Fla. Bar No. 72887
                                          2601 South Bayshore Drive, Suite 1550
                                          Miami, FL 33133
                                          Telephone: (561) 213-5635
                                          jasonsternberg@quinnemanuel.com

                                          *Counsel for Ken Griffin, Citadel*
                                          *Enterprise Americas LLC, and Citadel*
                                          *Securities LLC*

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

*/s/ David S. Mandel* (with permission)
**MANDEL & MANDEL LLP**
David S. Mandel
Fla. Bar. No. 38040
169 E. Flagler St., Suite 1224
Miami, FL 33131
Telephone: (305) 374-7771
dsm@mandel.law

*Counsel for Financial Industry*
*Regulatory Authority, Inc.*

*/s/ Joshua C. Webb* (with permission)
**HILL, WARD & HENDERSON, P.A.**
Joshua C. Webb
Fla. Bar No. 51679
101 East Kennedy Boulevard,
Suite 3700
Tampa, FL  33602
Telephone: (813) 222-3165
jwebb@hwhlaw.com

*Counsel for Robinhood Financial LLC*

*/s/ Adam Unikowsky* (with permission)
**JENNER & BLOCK LLP**
Adam G. Unikowsky
D.C. Bar. No. 989053
1099 New York Ave NW, Ste 900
Washington, DC 20001
Telephone: (202) 639-6041
aunikowsky@jenner.com

*Counsel for The Depository Trust*
*& Clearing Corporation*

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, the undersigned counsel certifies that this Brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.  This motion contains 6,025 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

This Brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman type style, font size 14.

Dated:  April 21, 2022                              */s/ Derek Shaffer*
                                                                        Derek L. Shaffer

*Donnahue George v. Ken Griffin, et al.*
No. 21-14208-DD

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated:  April 21, 2022                    */s/ Derek Shaffer*
_____
                                  Derek L. Shaffer

## SERVICE LIST

All counsel of record, via ECF

Plaintiff Donnahue George, via ECF and mail
1012 NW 2nd Street
Fort Lauderdale, FL 33311
donnahuegeorge@gmail.com
Pro Se

29