**21-14208**

# United States Court of Appeals

*for the*

# Eleventh Circuit

---

DONNAHUE GEORGE,

*Plaintiff-Appellant,*

– v. –

KEN GRIFFIN, CITADEL ENTERPRISE AMERICAS LLC (FORMERLY CITADEL LLC), CITADEL SECURITIES LLC, THE DEPOSITORY TRUST & CLEARING CORPORATION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., ROBINHOOD FINANCIAL LLC, AND THE SECURITIES & EXCHANGE COMMISSION,

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:21-cv-61719-KMM
(Honorable K. Michael Moore)

**SUPPLEMENTAL APPENDIX OF APPELLEES KEN GRIFFIN, CITADEL ENTERPRISE AMERICAS, LLC (FORMERLY CITADEL LLC), CITADEL SECURITIES, LLC, THE DEPOSITORY TRUST & CLEARING CORPORATION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., AND ROBINHOOD FINANCIAL LLC**

JASON D. STERNBERG
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(561) 213-5635

DEREK L. SHAFFER
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, 9th Floor
Washington, DC 20005
(202) 538-8000

*Counsel for Ken Griffin, Citadel Enterprise Americas LLC, and Citadel Securities LLC*

*Additional Counsel on Inside Cover*

 COUNSEL PRESS • VA – (804) 648-3664

DAVID S. MANDEL
MANDEL & MANDEL LLP
169 E. Flagler Street, Suite 1224
Miami, FL 33131
(305) 374-7771
*Counsel for Financial Industry
Regulatory Authority, Inc.*

JOSHUA C. WEBB
HILL WARD & HENDERSON, PA
101 East Kennedy Boulevard
Suite 3700
Tampa, Florida 33602
(813) 222-31165
*Counsel for Robinhood Financial LLC*

ADAM G. UNIKOWSKY
JENNER & BLOCK LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
(202) 639-6041
*Counsel for The Depository Trust &
Clearing Corporation*

# TABLE OF CONTENTS

## VOLUME ONE

**TAB DS** – Civil Docket for Case #: 0:21-cv-61719-KMM ...............................SA.1

**TAB 32** – Defendants Ken Griffin, Citadel Enterprise Americas LLC
(Formerly Citadel LLC), and Citadel Securities LLC's Opposition to
Plaintiff's Motion for Preliminary Injunction.....................................................SA.11

**TAB 59** – Plaintiffs Motion in Opposition of the Defendants Refusal to
Participate in Submitting Joint Scheduling Report as Per This Courts Order
#51 and #5 and Persuant Federal Rules of Civil Procedure 26. Duty to
Disclose and Fed Rules of Civil Procedur 37. Failute to Make Disclosures or
to Cooperate in Discovery Sanctions.................................................................SA.36

**TAB 61** – Affidavit of Service filed by Donnahue George..............................SA.52

**TAB 63** – Defendants Ken Griffin, Citadel Enterprise Americas LLC, and
Citadel Securities LLC's Omnibus Response to Plaintiff's Motion Regarding
Scheduling Conference, Scheduling Report, and Motion to Reopen ................SA.53

**TAB CS** – Certificate of Service

# TAB DS

**U.S. District Court**
**Southern District of Florida (Ft Lauderdale)**
**CIVIL DOCKET FOR CASE #: 0:21-cv-61719-KMM**

George v. Griffin et al
Assigned to: Judge K. Michael Moore
Referred to: Magistrate Judge Lurana S. Snow

  Case in other court:   21-14208-DD

Cause: 18:1962 Racketeering (RICO) Act

Date Filed: 08/17/2021
Date Terminated: 10/29/2021
Jury Demand: Plaintiff
Nature of Suit: 160 Stockholders Suits
Jurisdiction: Diversity

**Plaintiff**

**Donnahue George**                                      represented by    **Donnahue George**
                                                                      1012 NW 2nd Street
        Fort Lauderdale, FL 33311
        PRO SE

V.

**Defendant**

**Ken Griffin**                                        represented by    **Jason David Sternberg**
        Quinn Emanuel
        2601 South Bayshore Drive, Suite 1550
        Miami, FL 33133
        561-213-5635
        Email: jasonsternberg@quinnemanuel.com
        *LEAD ATTORNEY*
        *ATTORNEY TO BE NOTICED*

**Defendant**

**Citadel Securities Market Maker**           represented by    **Jason David Sternberg**
        (See above for address)
        *LEAD ATTORNEY*
        *ATTORNEY TO BE NOTICED*

**Defendant**

**Citadel Connect Dark Pool**

**Defendant**

**Citadel LLC Hedge Fund**                 represented by    **Jason David Sternberg**
        (See above for address)
        *LEAD ATTORNEY*
        *ATTORNEY TO BE NOTICED*

**Defendant**

**Securities Exchange Commission**

**Defendant**

**FINRA**                                            represented by    **David Scott Mandel**
        Mandel & Mandel LLP
        Alfred I. Dupont Building
        169 E Flagler Street
        Suite 1224
        Miami, FL 33131
        305-374-7771
        Fax: 305-374-7776
        Email: dsm@mandel.law
        *LEAD ATTORNEY*
        *ATTORNEY TO BE NOTICED*

**SA.1**

**Defendant**

**DTCC**                                          represented by    **Adam G. Unikowsky**
                                                                   Jenner & Block, LLP
                                                                   1099 New York Avenue, NW
                                                                   Suite 900
                                                                   Wasington, DC 20001-4412
                                                                   202-639-6041
                                                                   Fax: 202-661-4925
                                                                   Email: aunikowsky@jenner.com
                                                                   *PRO HAC VICE*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Curtis David Carlson**
                                                                   Carlson & Associates, P.A.
                                                                   One SE Third Avenue
                                                                   Suite 1200
                                                                   Miami, FL 33131
                                                                   305-372-9700
                                                                   Fax: 305-372-8265
                                                                   Email: carlson@carlson-law.net
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Gregory M. Boyle**
                                                                   Jenner & Block LLP
                                                                   353 N. Clark Street
                                                                   Chicago, IL 60654
                                                                   (312) 923-2651
                                                                   Email: GBoyle@jenner.com
                                                                   *PRO HAC VICE*
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**SA.2**

**Robinhood Financial LLC**

represented by **Gustavo Javier Membiela**
Hunton Andrews Kurth LLP
333 SE 2nd Avenue, 24 Floor
Miami, FL 33131
305-810-2500
Fax: 305-810-2460
Email: gmembiela@huntonak.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maria Alina Castellanos Alvarado**
Hunton Andrews Kurth LLP
333 S.E. 2 Avenue
Suite 2400
Miami, FL 33131
305-810-2523
Fax: 305-810-2460
Email: mcastellanos@hunton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel Alberto Danon**
Hunton Andrews Kurth LLP
333 S.E. 2 Avenue
Suite 2400
Miami, FL 33131
305-810-2500
Fax: 305-810-1610
Email: sdanon@huntonak.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antony L. Ryan**
Cravath Swaine & Moore LLP
825 8th Avenue
New York, NY 10019-7475
212-474-1000
Fax: 212-474-3700
Email: aryan@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brittany L. Sukiennik**
Cravath Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212-474-1000
Email: bsukiennik@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin J. Orsini**
Cravath Swaine and Moore LLP
825 Eighth Avenue
New York, NY 10019
212-474-1596
Email: korsini@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Webull Financial LLC**

**Defendant**

**CFTC**

────

**SA.3**

| # | Docket Text | Date Filed |
|---|---|---|
| 1 | COMPLAINT against Citadel Connect Dark Pool, Citadel LLC Hedge Fund, Citadel Securities Market Maker, DTCC, FNRA, Ken Griffin, Robinhood Financial LLC, Securities Exchange Commission, Webull Financial LLC. Filing fees $ 402.00 Receipt#: FLS000014595, filed by Donnahue George. (Attachments: # 1 Civil Cover Sheet)(ebz) (Entered: 08/17/2021) | 08/17/2021 |
| 2 | Clerks Notice of Judge Assignment to Judge K. Michael Moore. Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Lurana S. Snow is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent. Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (ebz) (Entered: 08/17/2021) | 08/17/2021 |
| 3 | Clerks Notice of Receipt of Filing Fee received on 8/17/2021 in the amount of $ 402.00, receipt number FLS000014595 (ebz) (Entered: 08/17/2021) | 08/17/2021 |
| 4 | Summons Issued as to Citadel Connect Dark Pool, Citadel LLC Hedge Fund, Citadel Securities Market Maker, DTCC, FNRA, Ken Griffin, Robinhood Financial LLC, Securities Exchange Commission, Webull Financial LLC. (ebz) (Main Document 4 replaced on 8/17/2021) (ebz). (Entered: 08/17/2021) | 08/17/2021 |
| 5 | PAPERLESS PRETRIAL ORDER. This order has been entered upon the filing of the complaint. Plaintiff's counsel is hereby ORDERED to forward to all defendants, upon receipt of a responsive pleading, a copy of this Order. It is further ORDERED that S.D. Fla. L.R. 16.1 shall apply to this case and the parties shall hold a scheduling conference no later than twenty (20) days after the filing of the first responsive pleading by the last responding defendant, or within sixty (60) days after the filing of the complaint, whichever occurs first. However, if all defendants have not been served by the expiration of this deadline, Plaintiff shall move for an enlargement of time to hold the scheduling conference, not to exceed 90 days from the filing of the Complaint. Within ten (10) days of the scheduling conference, counsel shall file a joint scheduling report. Failure of counsel to file a joint scheduling report within the deadlines set forth above may result in dismissal, default, and the imposition of other sanctions including attorney's fees and costs. The parties should note that the time period for filing a joint scheduling report is not tolled by the filing of any other pleading, such as an amended complaint or Rule 12 motion. The scheduling conference may be held via telephone. At the conference, the parties shall comply with the following agenda that the Court adopts from S.D. Fla. L.R. 16.1: (1) Documents (S.D. Fla. L.R. 16.1.B.1 and 2) - The parties shall determine the procedure for exchanging a copy of, or a description by category and location of, all documents and other evidence that is reasonably available and that a party expects to offer or may offer if the need arises. Fed. R. Civ. P. 26(a)(1)(B). (a) Documents include computations of the nature and extent of any category of damages claimed by the disclosing party unless the computations are privileged or otherwise protected from disclosure. Fed. R. Civ. P. 26(a)(1)(C). (b) Documents include insurance agreements which may be at issue with the satisfaction of the judgment. Fed. R. Civ. P. 26(a)(1)(D). (2) List of Witnesses - The parties shall exchange the name, address and telephone number of each individual known to have knowledge of the facts supporting the material allegations of the pleading filed by the party. Fed. R. Civ. P. 26(a)(1)(A). The parties have a continuing obligation to disclose this information. (3) Discussions and Deadlines (S.D. Fla. L.R. 16.1.B.2) - The parties shall discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case. Failure to comply with this Order or to exchange the information listed above may result in sanctions and/or the exclusion of documents or witnesses at the time of trial. S.D. Fla. L.R. 16.1.I. Pursuant to Administrative Order 2016-70 of the Southern District of Florida and consistent with the Court of Appeals for the Eleventh Circuit's Local Rules and Internal Operating Procedures, parties must file via CM/ECF electronic versions of documentary exhibits admitted into evidence, including photographs of non-documentary physical exhibits. The Parties are directed to comply with each of the requirements set forth in Administrative Order 2016-70 unless directed otherwise by the Court.Telephonic appearances are not permitted for any purpose. Upon reaching a settlement in this matter the parties are instructed to notify the Court by telephone and to file a Notice of Settlement within twenty-four (24) hours. Signed by Judge K. Michael Moore on 8/18/2021. (thn) (Entered: 08/18/2021) | 08/18/2021 |
| 6 | PAPERLESS ORDER REFERRING PRETRIAL DISCOVERY MATTERS TO MAGISTRATE JUDGE LURANA S. SNOW. PURSUANT to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned Cause is referred to United States Magistrate Judge Lurana S. Snow to take all necessary and proper action as required by law with respect to any and all pretrial discovery matters. Any motion affecting deadlines set by the Court's Scheduling Order is excluded from this referral, unless specifically referred by separate Order. It is FURTHER ORDERED that the parties shall comply with Magistrate Judge Lurana S. Snow's discovery procedures, which the parties shall be advised of by the entry of an Order. Signed by Judge K. Michael Moore on 8/18/2021. (thn) (Entered: 08/18/2021) | 08/18/2021 |
| 7 | GENERAL ORDER ON DISCOVERY OBJECTIONS AND PROCEDURES signed by Magistrate Judge Lurana S. Snow on 8/22/2021. (jz) (Entered: 08/22/2021) | 08/22/2021 |
| 8 | AMENDED COMPLAINT against Citadel Connect Dark Pool, Citadel LLC Hedge Fund, Citadel Securities Market Maker, DTCC, FNRA, Ken Griffin, Robinhood Financial LLC, Securities Exchange Commission, Webull Financial LLC, filed by Donnahue George. (cqs) (Entered: 09/07/2021) | 09/07/2021 |
| 9 | CERTIFICATE OF SERVICE by Donnahue George re 8 Amended Complaint(cqs) (Entered: 09/07/2021) | 09/07/2021 |
| 10 | MOTION for Permanent Injunction and MOTION for Hearing Within 21 Days. by Donnahue George. (cqs) (Entered: 09/07/2021) | 09/07/2021 |
| 11 | Summons Issued as to CFTC, FINRA. (Entered: 09/07/2021) | 09/07/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 12 | PAPERLESS NOTICE REGARDING MOTION FOR PRELIMINARY INJUNCTION 10 . THIS CAUSE came before the Court upon Plaintiff's Motion for Preliminary Injunction. 10 . Under the Federal Rules of Civil Procedure, a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). However, Defendants have yet to appear in the above-captioned case. Additionally, although Plaintiff certifies that the Motion 10 was served upon Defendants by certified mail, the addresses listed merely indicate that the Motion 10 was mailed to the various government agencies and businesses that are named as defendants in this case, but not to their counsel. District courts have "broad discretion to stay proceedings as incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citation omitted). And, the Court is "given considerable leeway in the exercise of its judgment" of whether to grant a stay. Bos. Sci. Corp. v. Cook Grp. Inc., No. 1:17-cv-03448-JRS-MJD, 2019 WL 2511162, at *1 (S.D. Ind. June 17, 2019) (citing Ultratec, Inc. v. CaptionCall, LLC, 611 F. App'x 720, 721-23 (Fed. Cir. 2015)). Indeed, "district courts have inherent, discretionary authority to issue stays in many circumstances." Advanced Bodycare Sols., LLC v. Thione Int'l, Inc., 524 F.3d 1235, 1241 (11th Cir. 2008). "Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency." Morrissey v. Subaru of Am., Inc., No. 1:15-CV-21106-KMM, 2015 WL 4512641, at *2 (S.D. Fla. July 24, 2015) (citation omitted). The moving party bears the burden of demonstrating that a stay is appropriate. Friends of the Everglades v. United States, No. 08-21785-CIV-ALTONAGA/Brown, 2008 WL 11410108, at *2 (S.D. Fla. Nov. 7, 2008). Plaintiff's statement that he mailed a copy of the Motion 10 to the addresses listed in the Motion, alone, provides an insufficient basis for the Court to determine whether Defendants are in fact on notice of Plaintiff's Motion 10 . Accordingly, briefing on Plaintiff's Motion for Preliminary Injunction 10 is hereby STAYED. The Court will set a briefing schedule for Plaintiff's Motion for Preliminary Injunction 10 upon a showing that Defendants are on notice as to the Motion 10 , or, upon Defendants' appearance in the above-captioned case. Signed by Judge K. Michael Moore on 9/8/2021. (thn) (Entered: 09/08/2021) | 09/08/2021 |
| 13 | SUMMONS (Affidavit) Returned Executed on 8 Amended Complaint/Amended Notice of Removal with a 21 day response/answer filing deadline pursuant to Fed. R. Civ. P. 12 by Donnahue George. Citadel Connect Dark Pool served on 9/14/2021, answer due 10/5/2021. (cds) (Entered: 09/17/2021) | 09/17/2021 |
| 14 | SUMMONS (Affidavit) Returned Executed on 8 Amended Complaint/Amended Notice of Removal with a 21 day response/answer filing deadline pursuant to Fed. R. Civ. P. 12 by Donnahue George. Ken Griffin served on 9/14/2021, answer due 10/5/2021. (cds) (Entered: 09/17/2021) | 09/17/2021 |
| 15 | WAIVER OF SERVICE Returned Executed by Donnahue George. Robinhood Financial LLC waiver sent on 9/23/2021, answer due 11/22/2021. (cds) (Entered: 09/23/2021) | 09/23/2021 |
| 16 | MOTION for Alternative Service by Donnahue George. (cds) (Entered: 09/27/2021) | 09/27/2021 |
| 17 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer as to 8 Amended Complaint/Amended Notice of Removal Unopposed Motion of Defendants Ken Griffin, Citadel Enterprise Americas LLC (Formerly Citadel LLC) and Citadel Securities LLC for Extension of Time to Respond to Amended Complaint by Citadel LLC Hedge Fund, Citadel Securities Market Maker, Ken Griffin. Attorney Jason David Sternberg added to party Citadel LLC Hedge Fund(pty:dft), Attorney Jason David Sternberg added to party Citadel Securities Market Maker(pty:dft), Attorney Jason David Sternberg added to party Ken Griffin(pty:dft). (Attachments: # 1 Exhibit A - Proposed Order)(Sternberg, Jason) (Entered: 09/28/2021) | 09/28/2021 |
| 18 | PAPERLESS ORDER. THIS CAUSE came before the Court upon the Pro Se Plaintiff's Motion for Alternative Service. 16 . Therein, Plaintiff informs the Court that he has attempted to arrange service of process on several of the Defendants, which are agencies of the U.S. Government ("the Government Defendants"). Id. at 2-3. However, Plaintiff has had difficulties because the Government Defendants "have been using security officers at the front desk of the building to avoid service[.]" Id. at 4. Plaintiff requests the Court arrange alternative service arrangements in light of these difficulties. Id. at 4. Federal Rule of Civil Procedure 4(i)(2) states that "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Thus, in addition to serving an agency by certified mail, the United States must also be served in a manner that complies with Federal Rule of Civil Procedure 4(i)(1). Here, Plaintiff's Motion 16 makes no reference to Rule 4(i) and does not indicate that he attempted to serve process in a manner that complies with the requirements of the Federal Rules of Civil Procedure. Although Plaintiff is a pro se litigant, he is required to comply with the Federal Rules of Civil Procedure. The Court will not provide an alternative service arrangement under circumstances where Plaintiff has not attempted to comply with the applicable Federal Rules of Civil Procedure in the first instance. Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion 16 is DENIED. Plaintiff is encouraged to review Federal Rule of Civil Procedure 4(i) which sets forth the correct procedures for service of process on government agencies, and to comply with those procedures. Signed by Judge K. Michael Moore on 9/28/2021. (thn) (Entered: 09/28/2021) | 09/28/2021 |
| 19 | WAIVER OF SERVICE Returned Executed by Donnahue George. FINRA waiver sent on 9/7/2021, answer due 11/8/2021. (cds) (Entered: 09/29/2021) | 09/29/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 20 | PAPERLESS ORDER. THIS CAUSE came before the Court upon Defendants Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC) and Citadel Securities LLC's (collectively, the "Citadel Defendants") Unopposed Motion for Extension of Time to Respond to Amended Complaint. 17 . Therein, the Citadel Defendants inform the Court that they conferred with Plaintiff and agreed on September 24, 2021 to accept service of process via email. Id. at 1. The Citadel Defendants note that Defendant Robinhood Financial LLC's ("Defendant Robinhood") deadline to respond to the Amended Complaint is November 22, 2021, pursuant to the Waiver of Service 15 filed by Defendant Robinhood on November 22, 2021. 17 at 2. Now, the Citadel Defendants request an extension to respond to the Amended Complaint on or before November 22, 2021, in order to allow the Citadel Defendants and Defendant Robinhood to respond on the same schedule. Id. Plaintiff does not oppose the requested relief. Id. The Court agrees with the Citadel Defendants that setting a response deadline consistently amongst the Defendants, to the extent possible, will benefit judicial economy in this case. Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED and ADJUDGED that the Motion 17 is GRANTED. The Citadel Defendants shall respond to the Amended Complaint on or before November 22, 2021. Signed by Judge K. Michael Moore on 9/29/2021. (thn) (Entered: 09/29/2021) | 09/29/2021 |
| 21 | PAPERLESS ORDER SETTING BRIEFING SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION 10 . THIS CAUSE came before the Court upon Plaintiff's Motion for Preliminary Injunction. 10 . On September 8, 2021, the Court stayed briefing on Plaintiff's Motion for Preliminary Injunction 10 , pending Defendants' appearance in the above-captioned case. 12 . Now, almost all of Defendants have filed an appearance or waiver of service in this case, and are thus on adequate notice as to Plaintiff's Motion 10 . Therefore, the Court will consider Plaintiff' Motion in accordance with the briefing schedule set forth below. The Defendants who have appeared in this case, or filed a waiver of service, are hereby ORDERED to respond to Plaintiff's Motion for Preliminary Injunction 10 on or before October 14, 2021. Plaintiff shall have up to seven (7) days to file a reply. If Plaintiff opts not to file a reply, he shall inform the Court at his earliest convenience. If necessary, a hearing in this matter will be set by separate order after briefing on Plaintiff's Motion for Preliminary Injunction 10 has been completed. Signed by Judge K. Michael Moore on 9/30/2021. (thn) (Entered: 09/30/2021) | 09/30/2021 |
|  | Reset Deadlines Per DE#21. Responses due by 10/14/2021 (cqs) (Entered: 10/01/2021) | 10/01/2021 |
| 22 | WAIVER OF SERVICE Returned Executed by Donnahue George. DTCC waiver sent on 9/30/2021, answer due 11/29/2021. (cds) (Entered: 10/01/2021) | 10/01/2021 |
| 23 | Corporate Disclosure Statement of Defendants Citadel Enterprise Americas LLC and Citadel Securities LLC by Citadel LLC Hedge Fund, Citadel Securities Market Maker identifying Corporate Parent Citadel Securities GP LLC, Other Affiliate Citadel Securities LLC for Citadel Securities Market Maker; Corporate Parent Citadel GP LLC, Other Affiliate Citadel Enterprise Americas LLC (Formerly Citadel LLC) for Citadel LLC Hedge Fund (Sternberg, Jason) (Entered: 10/11/2021) | 10/11/2021 |
| 24 | RESPONSE in Opposition re 10 MOTION for Permanent Injunction MOTION for Hearing filed by FINRA. Attorney David Scott Mandel added to party FINRA(pty:dft). Replies due by 10/20/2021. (Mandel, David) (Entered: 10/13/2021) | 10/13/2021 |
| 25 | Corporate Disclosure Statement by FINRA (Mandel, David) (Entered: 10/13/2021) | 10/13/2021 |
| 26 | NOTICE of Attorney Appearance by Samuel Alberto Danon on behalf of Robinhood Financial LLC. Attorney Samuel Alberto Danon added to party Robinhood Financial LLC(pty:dft). (Danon, Samuel) (Entered: 10/14/2021) | 10/14/2021 |
| 27 | NOTICE of Attorney Appearance by Gustavo Javier Membiela on behalf of Robinhood Financial LLC. Attorney Gustavo Javier Membiela added to party Robinhood Financial LLC(pty:dft). (Membiela, Gustavo) (Entered: 10/14/2021) | 10/14/2021 |
| 28 | NOTICE of Attorney Appearance by Maria Alina Castellanos Alvarado on behalf of Robinhood Financial LLC. Attorney Maria Alina Castellanos Alvarado added to party Robinhood Financial LLC(pty:dft). (Castellanos Alvarado, Maria) (Entered: 10/14/2021) | 10/14/2021 |
| 29 | Defendant's Corporate Disclosure Statement by Robinhood Financial LLC identifying Corporate Parent Robinhood Markets, Inc. for Robinhood Financial LLC (Danon, Samuel) (Entered: 10/14/2021) | 10/14/2021 |
| 30 | Corporate Disclosure Statement by DTCC identifying Corporate Parent The Depository Trust & Clearing Corporation for DTCC (Carlson, Curtis) (Entered: 10/14/2021) | 10/14/2021 |
| 31 | RESPONSE to Motion re 10 MOTION for Permanent Injunction MOTION for Hearing filed by DTCC. Replies due by 10/21/2021. (Carlson, Curtis) (Entered: 10/14/2021) | 10/14/2021 |
| 32 | RESPONSE in Opposition re 10 MOTION for Permanent Injunction MOTION for Hearing Defendants Ken Griffin, Citadel Enterprise Americas LLC (Formerly Citadel LLC), and Citadel Securities LLC's Opposition to Plaintiff's Motion for Preliminary Injunction filed by Citadel LLC Hedge Fund, Citadel Securities Market Maker, Ken Griffin. Replies due by 10/21/2021. (Sternberg, Jason) (Entered: 10/14/2021) | 10/14/2021 |
| 33 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Adam G. Unikowsky. Filing Fee $ 200.00 Receipt # AFLSDC-15093357 by DTCC. Responses due by 10/28/2021 (Attachments: # 1 Text of Proposed Order Proposed Order)(Carlson, Curtis) (Entered: 10/14/2021) | 10/14/2021 |
| 34 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Gregory M. Boyle. Filing Fee $ 200.00 Receipt # AFLSDC-15093363 by DTCC. Responses due by 10/28/2021 (Attachments: # 1 Text of Proposed Order Proposed Order)(Carlson, Curtis) (Entered: 10/14/2021) | 10/14/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 35 | (STRICKEN PER DE# 40 ) RESPONSE in Opposition re 10 MOTION for Permanent Injunction MOTION for Hearing filed by Robinhood Financial LLC. Replies due by 10/21/2021. (Castellanos Alvarado, Maria) Modified Text on 10/15/2021 (cds). (Entered: 10/14/2021) | 10/14/2021 |
| 36 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Brittany L. Sukiennik. Filing Fee $ 200.00 Receipt # AFLSDC-15093496 by Robinhood Financial LLC. Responses due by 10/28/2021 (Attachments: # 1 Certification Certification of Brittany L. Sukiennik, # 2 Proposed Order Granting Motion Pro Hac Vice) (Danon, Samuel) (Entered: 10/14/2021) | 10/14/2021 |
| 37 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Kevin J. Orsini. Filing Fee $ 200.00 Receipt # AFLSDC-15093507 by Robinhood Financial LLC. Responses due by 10/28/2021 (Attachments: # 1 Certification Certification of Kevin Orsini, # 2 Proposed Order Granting Motion Pro Hac Vice)(Danon, Samuel) (Entered: 10/14/2021) | 10/14/2021 |
| 38 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Antony L. Ryan. Filing Fee $ 200.00 Receipt # AFLSDC-15093510 by Robinhood Financial LLC. Responses due by 10/28/2021 (Attachments: # 1 Certification Certification of Antony L. Ryan, # 2 Proposed Order Granting Motion Pro Hac Vice)(Danon, Samuel) (Entered: 10/14/2021) | 10/14/2021 |
| 39 | Clerks Notice to Filer re 35 Response in Opposition to Motion. Login/Signature Block Violation; CORRECTIVE ACTION REQUIRED - The name of attorney e-filing this document via their CM/ECF login does not match the name of attorney on the signature block of the document. The name used for login must match the typed name on signature block of the document. This filing is a violation of Section 3J(1) of CM/ECF Admin Procedures and Local Rule 5.1(b). Filer must File a Notice of Striking, then refile document pursuant to CM/ECF Admin Procedures and Local Rules. (cds) (Entered: 10/15/2021) | 10/15/2021 |
| 40 | NOTICE of Striking 39 Clerks Notice of Docket Correction and Instruction to Filer - Attorney,, 35 Response in Opposition to Motion filed by Robinhood Financial LLC by Robinhood Financial LLC (Danon, Samuel) (Entered: 10/15/2021) | 10/15/2021 |
| 41 | CORRECTED RESPONSE in Opposition re 10 MOTION for Permanent Injunction MOTION for Hearing filed by Robinhood Financial LLC. Replies due by 10/22/2021. (Danon, Samuel) Modified Text on 10/15/2021 (cds). (Entered: 10/15/2021) | 10/15/2021 |
| 42 | Request/Motion to Amend re 8 Amended Complaint/Amended Notice of Removal by Donnahue George. Pursuant to Fed Civ. P 15. (a)(2) Responses due by 10/29/2021 (cds) (Entered: 10/15/2021) | 10/15/2021 |
| 43 | REPLY to 41 CORRECTED RESPONSE in Opposition re 10 MOTION for Preliminary Injunction filed by Donnahue George. (cds) (Entered: 10/15/2021) | 10/15/2021 |
| 44 | OMNIBUS PAPERLESS ORDER. THIS CAUSE came before the Court upon Defendant Robinhood Financial's Motions to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notice of Electronic Filings. 36 , 37 , 38 . UPON CONSIDERATION of the Motions 36 , 37 , 38 , the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motions 36 , 37 , 38 are GRANTED. Brittany L. Sukiennik, Kevin J. Orsini, and Antony L. Ryan may appear pro hac vice in this matter. The Clerk of Court shall provide electronic notification of all electronic filings to: (1) bsukiennik@cravath.com, (2) korsini@cravath.com, and (3) aryan@cravath.com. Signed by Judge K. Michael Moore on 10/15/2021. (thn) (Entered: 10/15/2021) | 10/15/2021 |
| 45 | PAPERLESS ORDER. THIS CAUSE came before the Court upon Defendant Depository Trust & Clearing Corporation's Motions to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notice of Electronic Filing. 33 , 34 . UPON CONSIDERATION of the Motions 33 , 34 , the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motions 33 , 34 are GRANTED. Adam G. Unikowsky and Gregory M. Boyle may appear pro hac vice in this matter. The Clerk of Court shall provide electronic notification of all electronic filings to: (1) AUnikowsky@jenner.com, and (2) GBoyle@jenner.com. Signed by Judge K. Michael Moore on 10/15/2021. (thn) (Entered: 10/15/2021) | 10/15/2021 |
| 46 | PAPERLESS ORDER. THIS CAUSE came before the Court upon pro se Plaintiff George Donnahue. 42 . Therein, Plaintiff requests leave to file a second amended complaint to include allegations regarding the deprivation of his constitutional rights. Id. at 1. Rule of Civil Procedure 15(a)(2) permits a plaintiff to amend its pleading with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend is committed to the sound discretion of the trial court. Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618, 622 (11th Cir. 1983). However, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 (5th Cir. 1981). Here, none of Defendants have responded to Plaintiff's Amended Complaint 8 and the Court does not find a substantial reason to deny leave to amend. Accordingly, UPON CONSIDERATION of Motion 28 , the pertinent portions of the record, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED that Plaintiffs Motion to Amend the Complaint 42 is GRANTED. Plaintiff shall file a second amended complaint on or before October 22, 2021. Further, the Parties are INSTRUCTED to inform the Court as to what impact, if any, the filing of a second amended complaint would have on Plaintiff's Motion for Preliminary Injunction 10 . Clerks Notice: Filer must separately re-file the amended pleading pursuant to Local Rule 15.1, unless otherwise ordered by the Judge. Signed by Judge K. Michael Moore on 10/18/2021. (thn) (Entered: 10/18/2021) | 10/18/2021 |
|  | Reset Deadlines Per DE#46. Second Amended Complaint due by 10/22/2021. (cqs) (Entered: 10/19/2021) | 10/19/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 47 | NOTICE of Compliance with the Court's Request for Instruction by Robinhood Financial LLC re 46 Order on Motion to Amend/Correct,,,,,, (Danon, Samuel) (Entered: 10/21/2021) | 10/21/2021 |
| 48 | NOTICE of Compliance by DTCC re 46 Order on Motion to Amend/Correct,,,,,, (Carlson, Curtis) (Entered: 10/25/2021) | 10/25/2021 |
| 49 | NOTICE of Compliance Defendants Ken Griffin, Citadel Enterprise Americas LLC, and Citadel Securities LLC"s Notice of Compliance With the Court's Request for Instruction by Citadel LLC Hedge Fund, Citadel Securities Market Maker, Ken Griffin re 46 Order on Motion to Amend/Correct,,,,,, (Sternberg, Jason) (Entered: 10/25/2021) | 10/25/2021 |
| 50 | NOTICE of Compliance With The Court's Request for Instruction by FINRA re 46 Order on Motion to Amend/Correct,,,,,, (Mandel, David) (Entered: 10/27/2021) | 10/27/2021 |
| 51 | PAPERLESS ORDER. THIS CAUSE came before the Court upon a sua sponte examination of the record. On August 18, 2021, the Court entered a Pretrial Order 5 which ordered the Parties to "hold a scheduling conference no later than twenty (20) days after the filing of the first responsive pleading by the last responding defendant, or within sixty (60) days after the filing of the complaint, whichever occurs first... Within ten (10) days of the scheduling conference, counsel shall file a joint scheduling report. " 5 . Thus, the deadline for the Parties to submit a joint scheduling report was October 27, 2021. The Order cautioned, "[f]ailure of counsel to file a joint scheduling report may result in remand or dismissal, default, and the imposition of other sanctions including attorney's fees and costs." Id. Now, the October 27, 2021 deadline has passed and no Joint Scheduling Report has been filed in this case. Accordingly, based on the foregoing, it is ORDERED AND ADJUDGED that this action is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is instructed to CLOSE this case. All pending motions, if any, are DENIED AS MOOT. The Parties may move to reopen this matter upon the Parties filing a joint scheduling report. Signed by Judge K. Michael Moore on 10/29/2021. (thn) (Entered: 10/29/2021) | 10/29/2021 |
| 52 | Request to Reopen Case and to File an Amended Complaint and Reconsideration re 51 Order Dismissing Case; of Judges Decision to Dismiss Case Pursuant to Fed. R. Civ. P.6(b)(1)(b) if the Party Acted Because of Excusable Neglect and Rule R. Civ. P. 60(b)(1) Provides for a Party to Obtain Relief for an Adverse Judgment of a Federal Court for Mistake, Inadvertance Surprise or Excusable Neglect by Donnahue George. (cds) (Entered: 11/02/2021) | 11/02/2021 |
| 53 | PAPERLESS ORDER. THIS CAUSE came before the Court upon the filing of Pro Se Plaintiff Donnahue George's ("Plaintiff") Request to Reopen Case and File an Amended Complaint. 52 . On November 1, 2021, the Court dismissed this case without prejudice due to the Parties' failure to file a joint scheduling report. 51 . Now, Plaintiff requests, pursuant to Federal Rule of Civil Procedure 60, to file an Amended Complaint to address the Court's dismissal of this case. 52 . The Court offers the following clarification for Plaintiff: this case has been dismissed for failure to file a joint scheduling report, not for any deficiency with the Complaint. Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion 52 is DENIED. Plaintiff is encouraged to review, and comply with, the Court's Order 51 . Signed by Judge K. Michael Moore on 11/3/2021. (thn) (Entered: 11/03/2021) | 11/03/2021 |
| 54 | AMENDED COMPLAINT against CFTC, Citadel Connect Dark Pool, Citadel LLC Hedge Fund, Citadel Securities Market Maker, DTCC, FINRA, Ken Griffin, Robinhood Financial LLC, Securities Exchange Commission, Webull Financial LLC, filed by Donnahue George.(cds) (Entered: 11/04/2021) | 11/04/2021 |
| 55 | MOTION to Obligate the Defendants to Contact me to Put Together a Joint Scheduling Order by Donnahue George. (cds) (Entered: 11/04/2021) | 11/04/2021 |
| 56 | Motion to Request a 30 day Enlargement of the Time to Submit Joint Scheduling Report Pursuant to 5 Pretrial Order by Donnahue George. (cds) (Entered: 11/05/2021) | 11/05/2021 |
| 57 | PAPERLESS ORDER. THIS CAUSE came before the Court upon pro se Plaintiff Donnahue George's ("Plaintiff") "Motion to Obligate the Defendants to Contact Me to Put Together a Joint Scheduling Order." 55 . On October 29, 2021, the Court dismissed this case without prejudice due to the Parties' failure to file a joint scheduling report. 51 . Now, Plaintiff requests that the Court compel Defendants to contact him in order to prepare a joint scheduling report. 55 at 2. Plaintiff states in his Motion that he made his first attempt to contact Defendants by mail to schedule a scheduling conference on November 2, 2021. 55 . At this point, it would be premature for the Court to order Defendants to contact Plaintiff because Plaintiff did not even attempt to contact Defendants until three days ago. Id. Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion 55 is DENIED WITHOUT PREJUDICE. The Court expects that the Parties can utilize the contact information listed on the docket and in Plaintiff's Motion 55 to schedule a scheduling conference without a court order to do so. Plaintiff may refile his Motion 55 if Defendants make no attempt to contact him by November 10, 2021. Signed by Judge K. Michael Moore on 11/5/2021. (thn) (Entered: 11/05/2021) | 11/05/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 58 | PAPERLESS ORDER. THIS CAUSE came before the Court upon Plaintiff's Motion to Request a 30 Day Enlargement of Time To Submit Joint Scheduling Report. 56 . On October 29, 2021, the Court dismissed this case without prejudice due to the Parties' failure to file a joint scheduling report. 51 . Now, Plaintiff is requesting an extension of time to file a joint scheduling report because the Court's Order 5 states: "if all defendants have not been served by the expiration of this deadline, Plaintiff shall move for an enlargement of time to hold the scheduling conference, not to exceed 90 days from the filing of the Complaint." 5 . Plaintiff argues that because he has not served all Defendants, he is entitled to move for an extension in order to obtain more time to file a joint scheduling report. Plaintiff's request is without merit for two reasons. First, the Court's Order 5 requires a plaintiff to move for an extension when not all defendants have been served in order to accommodate a plaintiff's efforts to serve process. Here, Plaintiff is requesting an additional thirty (30) days to confer with Defendants regarding a joint scheduling report, not to serve the remaining Defendants who have yet to be served. Accordingly, Plaintiff's request for an extension on these grounds is without merit. Second, in any event, Plaintiff's request for an extension comes after the deadline has already passed, and his instant request is therefore untimely under the Court's Order 5 . Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion 56 is DENIED. Signed by Judge K. Michael Moore on 11/8/2021. (thn) (Entered: 11/08/2021) | 11/08/2021 |
| 59 | MOTION in Opposition of the Defendants Refusal to Participate in Submitting Joint Scheduling Report as Per Court Order re 5 Pretrial Order, 51 Order Dismissing and Pursuant to Federal Rules of Civil Procedure 26. Duty to Disclose and Fed Rules of Civil Procedure 37. Failure to Make Disclosure or to Cooperate in Discovery Sanctions by Donnahue George. (cds) (Entered: 11/15/2021) | 11/15/2021 |
| 60 | JOINT PROPOSED SCHEDULING REPORT - Rule 16.1 by Donnahue George (cds) (Entered: 11/15/2021) | 11/15/2021 |
| 61 | SUMMONS (Affidavit) Returned Executed on 54 Amended Complaint/Amended Notice of Removal, with a 21 day response/answer filing deadline pursuant to Fed. R. Civ. P. 12 by Donnahue George. Securities Exchange Commission served on 11/10/2021, response/answer due 12/1/2021. (cds) (Entered: 11/15/2021) | 11/15/2021 |
| 62 | MOTION to Reopen Case by Donnahue George. (For Image See DE# 59 ) (cds) (Entered: 11/15/2021) | 11/15/2021 |
| 63 | RESPONSE to Motion re 59 MOTION Motion in Opposition of the Defendants Refusal to Participate in Submitting Joint Scheduling Report re 5 Pretrial Order,,,,,,,,,,,, 51 Order Dismissing Case,,,,,, 62 MOTION to Reopen Case Defendants Ken Griffin, Citadel Enterprise Americas LLC, and Citadel Securities LLC's Omnibus Response to Plaintiff's Motion Regarding Scheduling Conference, Scheduling Report, and Motion to Reopen filed by Citadel LLC Hedge Fund, Citadel Securities Market Maker, Ken Griffin. Replies due by 11/23/2021. (Sternberg, Jason) (Entered: 11/16/2021) | 11/16/2021 |
| 64 | PAPERLESS ORDER. THIS CAUSE came before the Court upon Plaintiff's Motion in Opposition to Defendants' Refusal to Participate in Scheduling Conference 59 , Joint Proposed Scheduling Report 60 , and Motion to Reopen Case 62 . To begin, Plaintiff's "Joint Proposed Scheduling Report" is not actually a joint submission by the Parties. 60 . Rather, it informs the Court that Plaintiff had a zoom conference with some, but not all, of Defendants. Id. This document was not signed by any of Defendants and is, therefore, not a joint submission. It remains the case that Plaintiff has failed to comply with the Court's Order 5 because not all of Defendants have been served in this case. 5 . The Defendants who have been served have informed the Court that they have agreed to hold a scheduling conference within seven (7) days of completion of service on the remaining Defendants. 63 . Despite Plaintiff's insistence to the contrary, it appears that Defendants have made every reasonable effort to comply with Court Orders and the Federal Rules of Civil Procedure, while Plaintiff has not. Plaintiff's Motion to Reopen Case 62 must be denied because (1) not all of Defendants have been served, and (2) the Joint Scheduling Report filed by Plaintiff was not actually a joint submission. Additionally, for the same reasons, Plaintiff's request for sanctions under Federal Rule of Civil Procedure 37 is without merit. Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Plaintiff's Motions 59 and 62 are DENIED. Signed by Judge K. Michael Moore on 11/17/2021. (thn) (Entered: 11/17/2021) | 11/17/2021 |
| 65 | REPLY to Response/Answer in Oppositioin to Motion re 59 MOTION Motion in Opposition of the Defendants Refusal to Participate in Submitting Joint Scheduling Report re 5 Pretrial Order,,,,,,,,,,,,, 51 Order Dismissing Case,,,,, filed by Donnahue George. (cds) (Entered: 11/18/2021) | 11/18/2021 |
| 66 | MOTION to Remove Defendants CFTC and Webull from the Lawsuit Pursuant to Rule 4(m) time Limit of Service and Plaintiffs Voluntary Request for their Removal by Donnahue George. (cds) Modified relief on 11/19/2021 (asl). (Entered: 11/18/2021) | 11/18/2021 |
| 67 | PAPERLESS ORDER. THIS CAUSE came before the Court upon Plaintiff's Motion to Remove Defendants CTFC and Webull from the Lawsuit. 66 . Therein, Defendant requests the Court remove Defendants CFTC and Webull from the above-captioned case. Id. Federal Rule of Civil Procedure 41(a)(1)(A) provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the defendant serves an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii). Here, if Plaintiff would like to dismiss his claims as to Defendants CTFC and Webull, he must do so by following the procedure set forth in Rule 41(a). Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion 66 is DENIED. Signed by Judge K. Michael Moore on 11/19/2021. (thn) (Entered: 11/19/2021) | 11/19/2021 |
| 68 | NOTICE OF DISMISSAL Parties to be Dismissed Webull and CFTC by Donnahue George. (cds) Modified Text on 11/29/2021 (cds). (Entered: 11/29/2021) | 11/29/2021 |
| 69 | MOTION Requesting Court to Order the Defendants to Participate in Preparing Joint Scheduling Report by Donnahue George. (cds) (Entered: 11/30/2021) | 11/30/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 70 | RESPONSE in Opposition re 69 MOTION Requesting Court to Order the Defendants to Participate in Preparing Joing Scheduling Report The Citadel Defendants' Response in Opposition to Plaintiff's Motion Requesting Court to Order the Defendants to Participate in Preparing Joint Scheduling Report filed by Citadel LLC Hedge Fund, Citadel Securities Market Maker, Ken Griffin. Replies due by 12/8/2021. (Sternberg, Jason) (Entered: 12/01/2021) | 12/01/2021 |
| 71 | Notice of Appeal by Donnahue George as to 64 Order on Motion for Miscellaneous Relief, Order on Motion to Reopen Case, 53 Order on Motion to Reopen Case, Order on Motion for Miscellaneous Relief, Order on Motion for Reconsideration, 51 Order Dismissing Case, 58 Order on Motion for Extension of Time to File Response/Reply/Answer. Filing fee $ 505.00. Receipt#: FLS000014968. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under Transcript Information. (hh) (Entered: 12/02/2021) | 12/02/2021 |
| | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 71 Notice of Appeal. Notice has been electronically mailed. (hh) (Entered: 12/02/2021) | 12/02/2021 |
| 72 | USCA Appeal Fees received $ 505.00 receipt number FLS000014968 re 71 Notice of Appeal, filed by Donnahue George (hh) (Entered: 12/02/2021) | 12/02/2021 |
| 73 | CLERK'S NOTICE of Mailing Pro Se Instructions as to Donnahue George re 71 Notice of Appeal (hh) (Entered: 12/02/2021) | 12/02/2021 |
| 74 | Acknowledgment of Receipt of NOA from USCA re 71 Notice of Appeal, filed by Donnahue George. Date received by USCA: 12/2/21. USCA Case Number: 21-14208-DD. (hh) (Entered: 12/03/2021) | 12/03/2021 |
| 75 | PAPERLESS ORDER. THIS CAUSE came before the Court upon pro se Plaintiff Donnahue George's ("Plaintiff") Notice of Appeal. 71 . "The filing of a notice of appeal is an event of jurisdictional significanceit confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). Plaintiff's Motion Requesting Court to Order the Defendants to Participate in Preparing Joint Scheduling Report 69 was pending when Plaintiff filed his Notice of Appeal. The Court is now without jurisdiction as to the issues raised in Plaintiff's Motion 69 . Accordingly, UPON CONSIDERATION of the pertinent portions of the record, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED that Plaintiff's Motion 66 is DENIED. Signed by Judge K. Michael Moore on 12/3/2021. (thn) (Entered: 12/03/2021) | 12/03/2021 |
| 76 | Pursuant to 11th Cir. R. 11-2 and 11th Cir. R. 11-3, the Clerk of the District Court for the Southern District of Florida certifies that the record is complete for purposes of this appeal re: 71 Notice of Appeal, Appeal No. 21-14208-DD. The entire record on appeal is available electronically. (hh) (Entered: 12/16/2021) | 12/16/2021 |

**SA.10**

# TAB 32

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CV-61719-MOORE/SNOW**

DONNAHUE GEORGE,

        Plaintiff,

    v.

KEN GRIFFIN, CITADEL SECURITIES
LLC, CITADEL CONNECT, CITADEL
LLC, SECURITIES EXCHANGE
COMMISSION, FINRA, CFTC, DTCC,
ROBINHOOD FINANCIAL LLC, and
WEBULL FINANCIAL LLC,

Defendants.

_____/


**DEFENDANTS KEN GRIFFIN, CITADEL**
**ENTERPRISE AMERICAS LLC (FORMERLY CITADEL**
**LLC), AND CITADEL SECURITIES LLC'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

BACKGROUND .............................................................................................................2

LEGAL STANDARD.......................................................................................................3

ARGUMENT .................................................................................................................3

    I.     PLAINTIFF FAILS TO MEET HIS BURDEN TO OBTAIN A
          PRELIMINARY INJUNCTION .......................................................................3

          A.     Plaintiff Relies on an Inapplicable Standard for a Preliminary
                  Injunction ....................................................................................3

          B.     Plaintiff Fails to Carry His Burden of Offering Proof ................................5

          C.     Plaintiff Fails to Seek Appropriate Relief...................................................5

    II.    PLAINTIFF FAILS TO ESTABLISH A LIKELIHOOD OF SUCCESS
          ON THE MERITS ...........................................................................................6

          A.     Plaintiff Lacks Standing................................................................6

          B.     Plaintiff Fails to Establish a Prima Facie Case of Personal
                  Jurisdiction Over Defendants.....................................................8

          C.     Plaintiff Has No Likelihood of Success Given that the Amended
                  Complaint Fails to State a Claim Upon Which Relief Can Be
                  Granted........................................................................................8

    III.    PLAINTIFF FAILS TO ESTABLISH IRREPARABLE HARM ........................13

    IV.    PLAINTIFF FAILS TO ESTABLISH THE REMAINING
          REQUIREMENTS FOR A PRELIMINARY INJUNCTION..............................14

          A.     The Balance of the Hardships Does Not Favor Injunctive Relief ............14

          B.     The Proposed Injunction Would Be Adverse to the Public Interest ..........14

    V.    PLAINTIFF'S *PRO SE* STATUS DOES NOT EXCUSE HIS FAILURES.........15

    VI.    THE COURT NEED NOT HOLD A HEARING ON PLAINTIFF'S
          MOTION........................................................................................16

CONCLUSION.............................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC Charters, Inc. v. Bronson*,
  591 F. Supp. 2d 1272 (S.D. Fla. 2008) ........................................................ 4

*Alabama v. U.S. Army Corps of Engineers*,
  424 F.3d 1117 (11th Cir. 2005) ................................................................ 8

*All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*,
  887 F.2d 1535 (11th Cir. 1989) ................................................................ 3

*Ambrosia Coal & Constr. Co. v. Morales*,
  482 F.3d 1309 (11th Cir. 2007) .............................................................. 11

*Andela v. Univ. of Miami*,
  692 F. Supp. 2d 1356 (S.D. Fla. 2010) ................................................. 9, 10

*Aquatherm Indus., Inc. v. Fla. Power & Light Co.*,
  971 F. Supp. 1419 (M.D. Fla. 1997) .......................................................... 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................ 7, 10

*Beck v. Lazard Freres & Co.*,
  175 F.3d 913 (11th Cir. 1999) ................................................................ 13

*Bradley v. Pittsburgh Bd. of Educ.*,
  910 F.2d 1172 (3d Cir. 1990) .................................................................. 16

*Brady v. HSBC Bank, USA, N.A.*,
  No. 14-CV-1329, 2014 WL 12575761 (N.D. Ga. May 5, 2014) ............... 6

*Cendan v. Trujillo*,
  No. 16-CV-21775, 2017 WL 11422141 (S.D. Fla. July 28, 2017)............ 5

*Cisneros v. Petland, Inc.*,
  972 F.3d 1204 (11th Cir. 2020) .............................................................. 10

*Clarke v. PNC Bank*,
  No. 21-CV-60852, 2021 WL 1647886 (S.D. Fla. Apr. 27, 2021) ............ 15

*CNW Corp. v. Japonica Partners, L.P.*,
  776 F. Supp. 864 (D. Del. 1990) ............................................................... 3

*Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*,
   304 F.3d 1167 (11th Cir. 2002) .................................................... 3

*Echols v. R.J. Reynolds Tobacco Co.*,
   No. 13-CV-14215, 2014 WL 12199984 (S.D. Fla. Feb. 18, 2014) ......................... 11

*Fla. Panthers Hockey Club, Inc. v. Miami Sports & Exhibition Auth.*,
   939 F. Supp. 855 (S.D. Fla. 1996) ................................................... 3

*Focus on the Family v. Pinellas Suncoast Transit Auth.*,
   344 F.3d 1263 (11th Cir. 2003) .................................................... 7

*Garcia-Lawson v. U.S. Auto. Ass'n*,
   No. 08-CV-80901, 2008 WL 3850681 (S.D. Fla. Aug. 14, 2008) ......................... 13

*George v. Comm'r of Soc. Sec.*,
   828 F. App'x 699 (11th Cir. 2020) ................................................. 16

*George v. Kijakazi*,
   No. 20-1764, 2021 WL 4507842 (U.S. Oct. 4, 2021) .................................. 16

*George v. Snyder*,
   847 F. App'x 544 (11th Cir. 2021) ................................................. 15

*In re George*,
   58 A.D.3d 267 (2d Dep't 2008) .................................................... 15

*GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers*,
   788 F.3d 1318 (11th Cir. 2015) .................................................... 3

*United States v. Grinnell Corp.*,
   384 U.S. 563 (1966) ............................................................ 9, 10

*United States v. Hasson*,
   333 F.3d 1264 (11th Cir. 2003) ................................................... 12

*Humble Oil & Refining Company v. Harang*,
   262 F. Supp. 39 (E.D. La. 1966) .................................................. 14

*Int'l Distrib. Ctrs., Inc. v. Walsh Trucking Co.*,
   812 F.2d 786 (2d Cir. 1987) ...................................................... 9

*Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*,
   299 F.3d 1242 (11th Cir. 2002) ................................................... 6

*Kaimowitz v. Orlando, Fla.*,
    122 F.3d 41 (11th Cir.) ................................................................. 5

*Klay v. United Healthgroup, Inc.*,
    376 F.3d 1092 (11th Cir. 2004) .................................................... 8

*Lane v. Capital Acquisitions & Mgmt. Co.*,
    No. 04-CV-60602, 2006 WL 4590705 (S.D. Fla. Apr. 14, 2006) .......................................... 11

*LaTele Television, C.A. v. Telemundo Commc'ns Grp., LLC*,
    No. 15-11792, 2016 WL 6471201 (11th Cir. May 26, 2016)........................................ 13

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)................................................................. 6, 7

*McDonald's Corp. v. Robertson*,
    147 F.3d 1301 (11th Cir. 1998) ............................................ 3, 4, 14

*McGee v. George*,
    No. 352362, 2020 WL 7310955 (Mich. Ct. App. Dec. 10, 2020) ........................... 4

*United States v. Microsoft Corp.*,
    147 F.3d 935 (D.C. Cir. 1998) ..................................................... 5

*Muransky v. Godiva Chocolatier, Inc.*,
    979 F.3d 917 (11th Cir. 2020) ..................................................... 6

*Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*,
    No. 10-CV-1777, 2011 WL 381612 (E.D.N.Y. Feb. 2, 2011) ................... 5

*Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*,
    896 F.2d 1283 (11th Cir. 1990) ................................................... 4

*Olsen v. Lane*,
    832 F. Supp. 1525 (M.D. Fla. 1993)............................................. 15

*Palm Beach County Envt'l Coalition v. Florida*,
    651 F. Supp. 2d 1328 (S.D. Fla. 2009) ....................................... 11

*Parker v. HSBC Mortg. Servs., Inc.*,
    No. 13-CV-00682, 2013 WL 12123751 (N.D. Ga. July 12, 2013) ........................ 15

*Patterson v. Aiken*,
    111 F.R.D. 354 (N.D. Ga. 1986).................................................. 15

*Perdomo v. HSBC Bank USA*,
  No. 13-CV-22645, 2013 WL 12101097 (S.D. Fla. Nov. 13, 2013) ...................................... 4, 5

*Perry Ellis Int'l, Inc. v. URI Corp.*,
  No. 06-CV-22020, 2007 WL 712389 (S.D. Fla. Mar. 7, 2007) .................................................. 8

*Phazzer Elecs., Inc. v. Protective Sols., Inc.*,
  No. 615-CV-348, 2016 WL 3543638 (M.D. Fla. June 29, 2016) ............................................... 8

*In re Potash*,
  No. 3-93-197, 1994 WL 1108312 (D. Minn. Dec. 5, 1994) .................................................... 14

*Preisler v. Eastpoint Recovery Grp., Inc.*,
  No. 20-CV-62268, 2021 WL 2110794 (S.D. Fla. May 25, 2021) ............................................. 7

*Ramones v. Experian Info. Sols., LLC*,
  No. 19-CV-62949, 2021 WL 4050874 (S.D. Fla. Sept. 4, 2021) ............................................. 6

*Rogers v. Nacchio*,
  241 F. App'x 602 (11th Cir. 2007) ................................................................................ 11, 12

*S.E.C. v. Mgmt. Dynamics, Inc.*,
  515 F.2d 801 (2d Cir. 1975) ..................................................................................................... 3

*S.E.C. v. Unique Fin. Concepts, Inc.*,
  196 F.3d 1195 (11th Cir. 1999) ................................................................................................ 2

*Scheall v. Nicaea Acad., Inc.*,
  No. 2:14-CV-653, 2015 WL 4478475 (M.D. Fla. July 22, 2015) .......................................... 16

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ............................................................................................................. 6

*Tancogne v. Tomjai Enterprises Corp.*,
  408 F. Supp. 2d 1237 (S.D. Fla. 2005) .................................................................................. 14

*Tops Mkts., Inc. v. Quality Mkts., Inc.*,
  142 F.3d 90 (2d Cir. 1998) ...................................................................................................... 9

*Touchston v. McDermott*,
  120 F. Supp. 2d 1055 (M.D. Fla.) ............................................................................................ 5

*Tsao v. Captiva MVP Rest. Partners, LLC*,
  986 F.3d 1332 (11th Cir. 2021) ............................................................................................... 7

*U.S. Anchor Mfg., Inc. v. Rule Indus., Inc.*,
    7 F.3d 986 (11th Cir. 1993) ................................................ 9

*United Techs. Corp. v. Mazer*,
    556 F.3d 1260 (11th Cir. 2009) ........................................ 8

*Uppal v. Wells Fargo Bank*,
    No. 15-CV-68, 2015 WL 12765539 (M.D. Fla. Mar. 26, 2015) .......................................... 15

*W. Sur. Co. v. Merkury Corp.*,
    No. 12-CV-22938, 2012 WL 12864937 (S.D. Fla. Oct. 17, 2012) ........................................... 5

*Waters v. Cafesjian Fam. Found., Inc.*,
    No. 12-CV-648, 2012 WL 2904806 (D. Minn. June 27, 2012) ................................................ 14

*Weiland v. Palm Beach Cnty. Sheriff's Office*,
    792 F.3d 1313 (11th Cir. 2015) ........................................ 11

*Winser v. Locke*,
    No. 11-CV-1283, 2011 WL 6019933 (M.D. Fla. Dec. 2, 2011) ............................................... 6

*Yeh Ho v. Wells Fargo Bank, N.A.*,
    No. 15-CV-81522, 2019 WL 2061101 (S.D. Fla. May 9, 2019) ............................................ 15

**Statutes and Rules**

18 U.S.C. § 471 ........................................................................... 12

18 U.S.C. § 1343 ........................................................................ 12

18 U.S.C. § 8 .............................................................................. 12

18 U.S.C. § 1962 ........................................................................ 7

Fed. R. Civ. P. 9(b) ................................................................... 11

Fed. R. Civ. P. 12(b)(6) ............................................................ 8

Fed. R. Civ. P. 65(a)(1) ............................................................ 2

Fla. Stat § 48.193(1)(a)-(2) ...................................................... 8

Defendants Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC respectfully submit this memorandum of law in opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 10).

## PRELIMINARY STATEMENT

Over the last several months, social media has been filled with anonymous posts parroting baseless conspiracy theories about manipulating the stock price of GameStop Corporation, Inc. (GME) and AMC Entertainment Holdings, Inc. (AMC) through "ladder attacks," "fabricated naked shorts," and "counterfeit synthetic shares." In this action, *pro se* Plaintiff Donnahue George tries to breathe life into these myths, alleging in his Amended Complaint that a varied group of financial institutions, regulators, and government entities conspired to manipulate these stocks and that the purported conspiracy violates not only the antitrust laws, but is also an ongoing criminal enterprise subject to civil RICO liability. (*See generally* Amended Complaint, ECF No. 8.) Plaintiff also seeks extraordinary relief—a mandatory preliminary injunction—based on these objectively groundless allegations.

Plaintiff's Motion for Preliminary Injunction ("PI Motion") should be summarily denied. To begin with, the PI Motion relies on an inapplicable legal standard. Plaintiff seeks relief under a two-factor test reserved for injunctions brought by the Securities & Exchange Commission ("SEC"). Plaintiff's use of this standard is inexplicable: Plaintiff does not allege that he somehow stands in place of the SEC and has not brought a securities action. To the contrary, Plaintiff names the SEC itself as a Defendant. In relying on an incorrect legal standard, Plaintiff does not even attempt to apply—let alone establish—the well-known four-factor test for a private plaintiff seeking a preliminary injunction, and thus fails to meet his burden of persuasion or put Defendants on notice of the purported grounds for relief.

The Court should not excuse these failures as a result of Plaintiff's *pro se* status given that he is no ordinary *pro se* litigant. Plaintiff—a former attorney—has legal training and practiced law before being disbarred, and has burdened courts with meritless litigation in recent years. Already this month the United States Supreme Court has denied Plaintiff's writs of certiorari in two unsuccessful actions Plaintiff originated in this District.

In any event, even if his deficient pleading is somehow excused, under no circumstances could Plaintiff meet any—let alone all—of the requirements for the extraordinary remedy of preliminary injunctive relief. First, Plaintiff fails to establish a substantial likelihood of

success on the merits: the Amended Complaint is subject to dismissal for several independent reasons, including because Plaintiff does not have Article III standing, fails to establish a *prima facie* case of personal jurisdiction, and fails to state a claim upon which relief can be granted. Second, Plaintiff never even attempts to articulate irreparable harm, and the sole injury purportedly identified—"monetary losses"—reinforces that injunctive relief is inappropriate. Third, Plaintiff articulates no threatened injury, nor does he meet his burden of showing that the injunction would not be adverse to the public interest. For these reasons, and those set forth below, the PI Motion should be denied in its entirety, without a hearing.

<u>**BACKGROUND**</u>

Plaintiff commenced this action with the filing of the Complaint on August 17, 2021. (ECF No. 1.) On September 7, 2021, Plaintiff filed the Amended Complaint ("Complaint," ECF No. 8), and instant PI Motion. The next day, the Court *sua sponte* stayed briefing on the PI Motion pursuant to the notice requirement of Federal Rule of Civil Procedure 65(a)(1), concluding that there was an insufficient basis for the Court to determine whether Defendants were on notice of the PI Motion. (ECF No. 12.) On September 30, 2021, following certain Defendants' appearance or waiver of service, the Court set a briefing schedule on the PI Motion for the Defendants that had appeared or filed a waiver of service. (*See* ECF No. 21.)

In the PI Motion, Plaintiff asserts that under the two-factor standard pursuant to which the Securities & Exchange Commission alone may seek injunctive relief, he has established "(1) a prima facie case of previous violations of federal securities law and (2) a reasonable likelihood that the wrong will be repeated." (PI Mot. at 5[1] (citing *S.E.C. v. Unique Fin. Concepts, Inc.*, 196 F.3d 1195, 1199 n.2 (11th Cir. 1999)).) Applying this inapplicable framework, Plaintiff claims that he is entitled to a preliminary injunction "barring [D]efendants from destroying any documents whether paper or electronic related to AMC and GME shares," and "barring defendants from continuing trading AMC and GME shares in the Dark Pools until a correct share count is done and verified by this [H]onorable [C]ourt." (PI Mot. at 2.) The PI Motion includes a six-page memorandum of law that repeats, often verbatim, the cursory allegations and ill-defined theories of the Complaint. Neither the Complaint nor the PI Motion is verified, and the only materials submitted in support of the PI Motion are print outs of webpages, screenshots from a mobile phone,

---

[1] Because the PI Motion does not include page numbers, citations to the PI Motion refer to the page number in the electronically-generated CM/ECF header on the document.

and a copy of a Letter of Acceptance between Defendants Citadel Securities LLC and FINRA. (*Id.* at 3-8, 10-28.)

## LEGAL STANDARD

"A district court may grant injunctive relief if the movant shows the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *see also GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers*, 788 F.3d 1318, 1322 (11th Cir. 2015) ("A party seeking a preliminary injunction bears the burden of establishing its entitlement to relief."). "If the movant fails to prove one of the four elements, an injunction should not issue." *Fla. Panthers Hockey Club, Inc. v. Miami Sports & Exhibition Auth.*, 939 F. Supp. 855, 858 (S.D. Fla. 1996) (Moore, J.), *aff'd sub nom. Fla. Panthers v. City of Miami*, 116 F.3d 1492 (11th Cir. 1997).

## ARGUMENT

### I.   PLAINTIFF FAILS TO MEET HIS BURDEN TO OBTAIN A PRELIMINARY INJUNCTION

#### A.   Plaintiff Relies on an Inapplicable Standard for a Preliminary Injunction

Instead of relying on the long-established four-part preliminary injunction standard applicable to private litigants, *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1171 n.1 (11th Cir. 2002), Plaintiff erroneously relies on a two-part test reserved for cases where the Securities & Exchange Commission seeks to preliminarily enjoin violations of the securities laws pursuant to statute, *see S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975) ("Unlike private actions, which are rooted wholly in the equity jurisdiction of the federal court, SEC suits for injunctions are 'creatures of statute.'"). This standard is categorically inapplicable to the PI Motion. *See, e.g.*, *CNW Corp. v. Japonica Partners, L.P.*, 776 F. Supp. 864, 868 n.2 (D. Del. 1990) ("The SEC standard does not apply to private plaintiffs."); *Mgmt. Dynamics*, 515 F.2d at 808 (comparing the distinct legal requirements of private injunction suits

3

and SEC suits for injunctions). Plaintiff is obviously not the SEC, nor does he contend that he is acting on behalf of the SEC. To the contrary, he has named the SEC as a Defendant. (*See generally*, Compl.) Nor does the Complaint contain a cause of action arising under the securities laws. (*Id.*) Plaintiff's application of the incorrect legal standard is itself cause for denial of the PI Motion.

Plaintiff fails to apply—let alone meet his burden of persuasion as to—any of the four actual requirements for the drastic remedy of preliminary injunctive relief. *See McDonald's Corp.*, 147 F.3d at 1306. Plaintiff does not even attempt to demonstrate that his claims have a substantial likelihood of success on the merits, the "most important" factor guiding a court's preliminary injunction inquiry. *ABC Charters, Inc. v. Bronson*, 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008). Nor does Plaintiff discuss irreparable harm, "the *sine qua non* of injunctive relief." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal quotation marks omitted). For these reasons, even if all of Plaintiff's outlandish allegations were true—and they are not—the PI Motion would still fail, because Plaintiff's assertions are offered in support of a legal standard to which Plaintiff has no conceivable (or articulated) entitlement as a private plaintiff.

Plaintiff's only glancing reference to the applicable standard is a single sentence, in which Plaintiff paraphrases the four preliminary injunction requirements and concludes in cursory fashion that he satisfies them before proceeding to argue at length under an inapposite standard reserved for the SEC. (*See* PI Mot. at 3.) Even a *pro se* plaintiff "cannot merely restate the elements, or rashly assume the equities fall on their side with only conclusory statements in support." *Perdomo v. HSBC Bank USA*, No. 13-CV-22645, 2013 WL 12101097, at *1 (S.D. Fla. Nov. 13, 2013) (denying *pro se* plaintiffs' motion for preliminary injunction for "lack of substantiation or analysis"); *McGee v. Donnahue George*, No. 352362, 2020 WL 7310955, at *5 (Mich. Ct. App. Dec. 10, 2020) (even a *pro se* party "may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims; nor may he give issues cursory treatment with little or no citation of supporting authority" (quotation marks and citation omitted)), *appeal denied*, 957 N.W. 2d 802 (Mich. 2021).

In addition, Plaintiff's failure to apply the elements of a preliminary injunction does not afford Defendants sufficient notice of the purported grounds for the PI Motion, and Defendants therefore have not been afforded a meaningful opportunity to respond to it. *United States v.*

*Microsoft Corp.*, 147 F.3d 935, 944 (D.C. Cir. 1998) ("The purpose of Rule 65(a)(1)'s notice requirement is to allow the opposing party a fair opportunity to oppose the preliminary injunction.").

**B.     Plaintiff Fails to Carry His Burden of Offering Proof**

"To carry its burden, a plaintiff seeking a preliminary injunction must offer proof beyond unverified allegations in the pleadings." *W. Sur. Co. v. Merkury Corp.*, No. 12-CV-22938, 2012 WL 12864937, at *3 n.7 (S.D. Fla. Oct. 17, 2012) (internal quotation marks omitted) (denying preliminary injunction where plaintiff's single declaration failed to mention, let alone describe, irreparable injury), *report and recommendation adopted*, No. 12-CV-22938, 2012 WL 12865231 (S.D. Fla. Oct. 18, 2012).  Here, the PI Motion relies on only the unverified, incoherent allegations in the Complaint and "exhibits" that contain irrelevant information printed from web blogs and a legal document unrelated to the allegations or requested relief.  *See Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*, No. 10-CV-1777, 2011 WL 381612, at *5 (E.D.N.Y. Feb. 2, 2011) (affording "no weight" to printout from website because movant provided no "explanation or affirmation as to its evidentiary value or admissibility").  Plaintiff has not provided any sworn statements nor has he asserted that his allegations are made based on his personal knowledge.  *Cf. Touchston v. McDermott*, 120 F. Supp. 2d 1055, 1059 (M.D. Fla.) (even when an affidavit is filed, if "the primary evidence introduced is . . . made on information and belief rather than on personal knowledge, it generally is considered insufficient to support a motion for preliminary injunction"), *aff'd*, 234 F.3d 1133 (11th Cir. 2000).  The lack of such substantiation "precludes the need for a response from Defendants" as to Plaintiff's factual allegations, "as it is the [plaintiff's] burden to establish [its] entitlement to [an] equitable remedy in the first instance."  *Perdomo*, 2013 WL 12101097, at *1.

**C.     Plaintiff Fails to Seek Appropriate Relief**

The PI Motion should be denied also because the relief sought is not "of the same character as that which may be granted finally."  *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); *see also Cendan v. Trujillo*, No. 16-CV-21775, 2017 WL 11422141, at *1 (S.D. Fla. July 28, 2017) ("[T]he injunctive relief sought must be closely related to the conduct raised in the complaint."), *report and recommendation adopted*, No. 16-CV-21775, 2018 WL 9540027 (S.D. Fla. Jan. 17, 2018).  Plaintiff requests injunctive relief far beyond, and unrelated to, the claims presented in the

Complaint.  For example, nowhere in the Complaint does Plaintiff allege that Defendants may destroy documents, yet the PI Motion requests that the Court "bar[] [D]efendants from destroying any documents whether paper or electronic related to AMC and GME shares."  (PI Mot. at 2.) Further, Plaintiff's demand that "a correct share count is done and verified by this [H]onorable [C]ourt" is not a cognizable remedy for an antitrust or civil RICO claim.  (*Id.*)

## II.   PLAINTIFF FAILS TO ESTABLISH A LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff fails to even argue that he has established a substantial likelihood of success on the merits (and, for the reasons below, he cannot), giving the Court an independent basis to deny the PI Motion.  *See Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002) ("If the movant is unable to establish a likelihood of success on the merits, a court need not consider the remaining conditions prerequisite to injunctive relief.").

### A.   Plaintiff Lacks Standing

Plaintiff does not have Article III standing.  "Standing is the *sine qua non* of federal courts—federal courts only have jurisdiction where there is a 'case' or 'controversy' within the meaning of Article III."  *Ramones v. Experian Info. Sols., LLC*, No. 19-CV-62949, 2021 WL 4050874, at *1 (S.D. Fla. Sept. 4, 2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992)).  Standing requires a plaintiff to establish that s/he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "A plaintiff's failure to establish one of the three elements of Article III standing deprives federal courts of jurisdiction to hear the plaintiff's suit."  *Winser v. Locke*, No. 11-CV-1283, 2011 WL 6019933, at *8 (M.D. Fla. Dec. 2, 2011) (dismissing with prejudice *pro se* plaintiff's complaint for lack of standing).  Plaintiff's lack of standing is reason to deny the PI Motion.  *See Brady v. HSBC Bank, USA, N.A.*, No. 14-CV-1329, 2014 WL 12575761, at *2 (N.D. Ga. May 5, 2014) ("Because [plaintiff] lacks standing to bring his claims, he has not shown a substantial likelihood of success on the merits of those claims.  Accordingly, he is not entitled to injunctive relief.").

First, Plaintiff does not establish injury-in-fact because the Complaint does not contain "general factual allegations of injury" that "plausibly and clearly allege a concrete injury." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020).  With respect to the purported conspiracy to manipulate the market, Plaintiff alleges that Defendants "participated in conduct that manipulated the Market and controlled the prices of stocks, to the detriment of myself

and other retail investors." (*Id.* ¶ 2.) But the Complaint contains no allegations, plausible or otherwise, explaining what this supposed "detriment" to Plaintiff was, or what form it purportedly took. Nor does Plaintiff allege any specific transaction(s) that generated supposed losses or a connection between the "price of stocks" and such losses. Plaintiff, in fact, does not even allege that he owned the stocks that were purportedly manipulated (or, for that matter, any stocks whatsoever), how this supposed market manipulation affected him, or any other concrete injury he purportedly suffered as a result of Defendants' purported action.

Plaintiff elsewhere alleges that "Defendants committed substantive Rico Violations per 18 USC Section 1962 resulting in the plaintiff Donnahue George losing money and the Injury occurred because of the Defendants [sic] substantive RICO violations." (Compl. ¶ 3.) The Complaint contains no allegations whatsoever about how Plaintiff purportedly lost money, and cursory allegations of "losing money," without more, are insufficient as a matter of law to establish injury. *See Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1343 (11th Cir. 2021) ("[C]onclusory allegations of injury are not enough to confer standing"). Simply put, the Complaint contains no meaningful articulation of Plaintiff's injury, let alone one that is plausibly and clearly alleged.

Second, Plaintiff does not establish traceability. A plaintiff must show "a causal connection between the injury and the conduct complained of." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1273 (11th Cir. 2003). The "injury must result from the conduct of defendant—and not 'some third party'" or independent event. *Preisler v. Eastpoint Recovery Grp., Inc.*, No. 20-CV-62268, 2021 WL 2110794, at *6 (S.D. Fla. May 25, 2021) (quoting *Lujan*, 504 U.S. at 560). Plaintiff fails to demonstrate any connection between the purported conspiracy and his (undefined) injury. Plaintiff merely cursorily alleges that "[t]he Defendants actions [sic] and the Government agencies inaction [sic] were direct cause [sic] of my monetary losses." (Compl. ¶ 2.) These are precisely the "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that fail as a matter of law under the federal pleading standards. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Nor could Plaintiff ever show the required connection between the purported conspiracy and his supposed injury, because his allegations regarding the purported conspiracy are objectively groundless. Without standing, Plaintiff cannot succeed on the merits.

### B.   Plaintiff Fails to Establish a Prima Facie Case of Personal Jurisdiction Over Defendants

Plaintiff also fails to establish personal jurisdiction over Defendants.  "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  The closest Plaintiff comes to alleging any jurisdictional facts is listing the various addresses of the Defendants (none of which is in Florida) on the first two pages of the Complaint.  (*See* Compl. at 1-2.)  Plaintiff does not allege that any of the Defendants conducted any business in this state, that Defendants committed a tortious act in this state, that Defendants caused injury to property in this state arising out of acts or omissions outside the state, or that any Defendant is "engaged in substantial and not isolated activity within this state."  *See Phazzer Elecs., Inc. v. Protective Sols., Inc.*, No. 615-CV-348, 2016 WL 3543638, at *2 (M.D. Fla. June 29, 2016) (personal jurisdiction must be "appropriate under the state's long-arm statute"); Fla. Stat. § 48.193(1)(a)-(2) (listing bases for personal jurisdiction over nonresident defendants).  Nor does Plaintiff allege that Defendants consented to jurisdiction in this state.  *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-CV-22020, 2007 WL 712389, at *4 (S.D. Fla. Mar. 7, 2007) ("[P]ersonal jurisdiction is a waivable right and parties may give express or implied consent to the personal jurisdiction of a court").  Indeed, the Complaint never once references the state of Florida, explains where Defendants' alleged conduct purportedly took place, or describes where Plaintiff's purported "losses" were suffered.  (*See generally*, Compl.)  Because Plaintiff has not made out a prima facie case of personal jurisdiction, Plaintiff has not established a substantial likelihood of success on the merits.

### C.   Plaintiff Has No Likelihood of Success Given that the Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff's Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6) (failure to state a claim).'" (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004))).

### 1.      Plaintiff Fails to Plead a Violation of the Antitrust Laws

Although Plaintiff alleges generally a "direct violation of the . . . Sherman Act 1890[,] Clayton Act 1940 [and] Federal Trade Commission [A]ct of 1914," the only antitrust cause of action in the Complaint is a Section 2 monopolization claim.  (*See* Compl. ¶¶ 32-35.)  A claim under Section 2 of the Sherman Act has two elements:  "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident."  *United States v. Grinnell Corp*., 384 U.S. 563, 570-71 (1966).  To state a claim for a violation of the Sherman Act, a Plaintiff must also allege injury to competition.  *See Andela v. Univ. of Miami*, 692 F. Supp. 2d 1356, 1375 (S.D. Fla. 2010) (Moore, J.) ("Antitrust laws were enacted to protect competition, not individual competitors and, therefore, an injury suffered only by an individual competitor may not constitute an antitrust injury."), *aff'd in relevant part*, 461 F. App'x 832 (11th Cir. 2012).

First, Plaintiff fails to meet his burden of alleging a relevant market.  *Aquatherm Indus., Inc. v. Fla. Power & Light Co.*, 971 F. Supp. 1419, 1426 (M.D. Fla. 1997) ("Essential to either a § 2 monopolization or attempted monopolization claim is the defining of the relevant market, which is the antitrust plaintiff's burden."), *aff'd*, 145 F.3d 1258 (11th Cir. 1998).  Although the Complaint refers variously to the "Market," "market," and "markets," Plaintiff makes no attempt to define or otherwise explain the relevant market.  This is fatal to Plaintiff's Section 2 claim, including because without defining a relevant market, a plaintiff cannot allege that a defendant has monopoly power in that market.  *See U.S. Anchor Mfg., Inc. v. Rule Indus., Inc*., 7 F.3d 986, 994 (11th Cir. 1993) ("Defining the market is a necessary step in any analysis of market power and thus an indispensable element in the consideration of any monopolization or attempt case arising under section 2."), *certified question answered*, 264 Ga. 295 (Ga. 1994).

Second, Plaintiff fails to allege monopoly power.  Monopoly power "may be [alleged through] evidence of the control of prices or the exclusion of competition, or it may be inferred from one firm's large percentage share of the relevant market." *Tops Mkts., Inc. v. Quality Mkts., Inc*., 142 F.3d 90, 98 (2d Cir. 1998).  The Complaint contains no plausible (or coherent) allegations regarding evidence of the control of prices or the exclusion of competition.  Nor does the Complaint contain any allegations of market share, allegations which are "essential" in the calculation of monopoly power.  *Int'l Distrib. Ctrs., Inc. v. Walsh Trucking Co.*, 812 F.2d 786, 792

(2d Cir. 1987).  Instead, the Complaint cursorily alleges that "[t]he Defendants Ken Griffin Citadel LLC The Hedge Fund and Citadel Securities the Market Maker along with Citadel Connect The unregistered Dark pool have a unfair monopoly on the market [sic]."  (Compl. ¶ 35.)  These allegations are no more than impermissible "labels and conclusions."  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 550).

Third, even if Plaintiff had alleged a relevant market and that any of the Defendants possessed monopoly power in that market, his Section 2 claim would still be subject to dismissal for failure to allege "willful acquisition or maintenance of monopoly power."  *Grinnell*, 384 U.S. at 570-71.  Plaintiff alleges only that "[t]he unprecedented growth of Citadel and its [b]usiness acumen meets all the requirements for a violation of the Sherman [A]ct."  (Compl. ¶ 34).  By acknowledging that "Citadel's" growth resulted from "business acumen"—not the "willful acquisition" of power—these cursory allegations further establish that Plaintiff fails to allege a Section 2 violation.  *See Grinnell*, 384 U.S. at 570-71 (an antitrust plaintiff must show willful acquisition of power "*as distinguished from* growth or . . . business acumen" (emphasis added)).  As willful acquisition or maintenance of monopoly power is "the essence of [a Section 2] offense," Plaintiff fails to state a claim upon which relief can be granted as to his claims under the Sherman Act.

Finally, Plaintiff's antitrust claim also fails because he does not plead injury to competition, instead alleging merely that "Defendants Violation [sic] of the antitrust losses [sic] contributed to Plaintiff Donnahue George continuing to lose money."  (Compl. ¶ 35.)  Failure to allege injury to competition is an independent reason to dismiss a claim under the Sherman Act.  *See Andela*, 692 F. Supp. 2d at 1378 ("[Plaintiff] cannot allege any injury to competition generally.  He merely alleges his own personal grievance.  Accordingly, [plaintiff's Sherman Act claim] is dismissed with prejudice.").  As Plaintiff fails to state a claim under the Sherman Act, he has not established a substantial likelihood of success on the merits.

## 2.   Plaintiff Fails to Plead a Violation of the Civil RICO Act

"A private plaintiff suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff."  *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020).  "[T]o survive a motion to dismiss, a plaintiff must allege facts

sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007). A plaintiff must also plead that the predicate acts "pose a threat of continued criminal activity." *Palm Beach County Envt'l Coalition v. Florida*, 651 F. Supp. 2d 1328, 1350 (S.D. Fla. 2009).

Civil RICO claims must be pled with an increased level of specificity because "they are essentially a certain breed of fraud claims." *Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007) (citing Fed. R. Civ. P. 9(b)). Accordingly, Plaintiff must set forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendant obtained as a consequence of the fraud." *Echols v. R.J. Reynolds Tobacco Co.*, No. 13-CV-14215, 2014 WL 12199984, at *4 (S.D. Fla. Feb. 18, 2014) (Moore, J.). The Complaint does not contain any particularized allegations whatsoever (much less the required who, what, when, where, why allegations for fraud claims), and Plaintiff's civil RICO claims therefore cannot succeed. Plaintiff's sole description of the purported acts of fraud is that "[t]he Defendants committed wire fraud by electronically sending fake counterfeit shares they knew did not exist through my Webull and Robinhood account electronically" and that "[t]he Defendants committed counterfeiting by fabricating and counterfeiting fake synthetic shares and selling them into the market." (Compl. ¶ 17.) This gibberish falls far short of the heightened pleading requirements for civil RICO claims.

Plaintiff also improperly "lumps together all of the defendants in [his] allegations of fraud,"—for example, alleging that "[t]he Defendants committed wire fraud" (*id.*) without ever identifying which of the ten Defendants purportedly committed this serious crime. This is an independent basis to reject his civil RICO claims, *see Ambrosia Coal*, 482 F.3d at 1317, and the Complaint generally, *see Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-CV-60602, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the . . . Complaint fails to satisfy the minimum standard of Rule 8. As such, the individual defendants cannot determine from the face of the Complaint which acts or omissions the Plaintiffs seek to hold each of them liable.); *see also Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (a complaint

must give each defendant "adequate notice of the claims against them and the grounds upon which each claim rests").

Plaintiff also fails to allege any of the elements of any predicate act. "[T]o survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Rogers*, 241 F. App'x at 607. The elements of wire fraud under 18 U.S.C. § 1343 are (1) intentional participation in a scheme to defraud and (2) use of the interstate wires in furtherance of the scheme. *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003). "A scheme to defraud requires proof of material misrepresentations, or the omission or concealment of material facts, reasonably calculated to deceive persons of ordinary prudence." *Id.* at 1270-71 (internal citations omitted). Here, as discussed above with respect to his deficient Rule 9(b) pleading, Plaintiff identifies no material misrepresentation. Nor has Plaintiff established use of the interstate wires in furtherance of the purported scheme. Although construing the Complaint most charitably, Plaintiff alleges that "Defendants" "wired the stocks," Plaintiff never claims that this "wire" was in furtherance of the alleged scheme or even that it was an interstate wire. (Compl. ¶ 3.)

The counterfeiting statute, 18 U.S.C. § 471, provides that "Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States [shall be guilty of an offense against the United States]." 18 U.S.C. § 471. As an initial matter, Plaintiff fails to allege any "intent to defraud" by the unspecified Defendants alleged to have engaged in this "counterfeiting." (*See* Compl. ¶ 17.) Moreover, the products that Plaintiff alleges were counterfeited—GME and AMC shares—are not an "obligation or other security of the United States." 18 U.S.C. § 471. The term "obligation or other security of the United States" includes such instruments as "national bank currency," "United States notes," "bills, checks, or drafts for money, drawn by or upon authorized officers of the United States," and "stamps and other representatives of value, of whatever denomination, issued under any Act of Congress." 18 U.S.C. § 8. By no plausible measure does this definition encompass shares of stock in a publicly-traded company, which are issued by the company—not the United States. Nor, of course, does Plaintiff attempt to explain how the purportedly counterfeited private securities fall within the counterfeiting statute.

Because Plaintiff fails to allege with particularity any of the elements of a civil RICO claim, Plaintiff has not established a substantial likelihood of success as to that claim.

### 3.     Plaintiff Fails to Plead a Breach of Contract

To state a valid cause of action for breach of contract, a plaintiff must establish three elements: "(1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999). First, Plaintiff fails to allege the existence of a valid contract. As the Complaint makes clear, Plaintiff's claim does not refer to an actual, valid contract, but rather a figurative contract: he alleges that "[t]he SEC[,] FINRA[,] CFTC and DTCC had a Contract with the American people to insure an open and fair market." (Compl. ¶ 9.) Second, Plaintiff alleges merely that Defendants "breached the contract by turning a blind eye to the irregularities and illegal acts in the market." (*Id.* ¶ 1.) Plaintiff does not explain how these purported acts breached this alleged contract. As Plaintiff does not allege the existence of a valid contract or the breach thereof, he has not established a substantial likelihood of success on the merits as to his breach of contract claim.

## III.     PLAINTIFF FAILS TO ESTABLISH IRREPARABLE HARM

The PI Motion never identifies the supposed irreparable harm necessary to justify the drastic relief of a preliminary injunction. Indeed, the only harm identified at all in the PI Motion is a cursory assertion that Defendants' purported actions resulted in Plaintiff's "monetary losses." (PI Mot. at 4.) Even if Plaintiff's baseless allegations regarding his supposed injury were true—and they are not—monetary losses are precisely the type of injury redressable through a legal, rather than equitable, remedy, confirming that Plaintiff is not entitled to injunctive relief. *See Garcia-Lawson v. U.S. Auto. Ass'n*, No. 08-CV-80901, 2008 WL 3850681, at *1 (S.D. Fla. Aug. 14, 2008) ("The fact that Plaintiff believes that monetary damages can compensate her for the harm caused by Defendant militates against a finding of irreparable harm at this juncture."); *see also LaTele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, No. 15-11792, 2016 WL 6471201, at *5 (11th Cir. May 26, 2016) ("[S]elf-serving assertions unsupported by concrete facts are insufficient to establish irreparable harm.").

Plaintiff fails also to connect the ill-founded allegations in his Complaint to the purported need for an injunction. First, as explained above, Plaintiff has not established any harm that he has suffered as a result of the purported conspiracy (much less an irreparable one). Nor does Plaintiff explain how a mandatory injunction "barring defendants from continuing trading AMC and GME shares in the Dark Pools until a correct share count is done and verified by this [H]onorable [C]ourt" (PI Mot. at 2) would remedy any injury.

Second, with regard to Plaintiff's request to enjoin document destruction, Plaintiff has not even alleged that Defendants are destroying documents relevant to this dispute (nor are they), and Plaintiff fails to demonstrate a "real danger that acts to be enjoined will occur," *Humble Oil & Refining Company v. Harang*, 262 F. Supp. 39, 43 (E.D. La. 1966), by submitting "evidence either though affidavits or other evidence demonstrating that Defendants are likely to destroy documents," *Waters v. Cafesjian Fam. Found., Inc.*, No. 12-CV-648, 2012 WL 2904806, at *2 (D. Minn. June 27, 2012) (internal citation omitted), *report and recommendation adopted*, No. 12-CV-648, 2012 WL 2906573 (D. Minn. July 16, 2012).  Given the common law and Federal Rules of Civil Procedure governing document retention and spoliation, "[t]o further embellish the grave importance of document preservation, through an administratively demanding mechanism, seems inordinate, at best."  *In re Potash*, No. 3-93-197, 1994 WL 1108312, at *8 (D. Minn. Dec. 5, 1994) (citation omitted) (internal quotation marks omitted).  Plaintiff has failed to establish irreparable harm.

## IV.    PLAINTIFF FAILS TO ESTABLISH THE REMAINING REQUIREMENTS FOR A PRELIMINARY INJUNCTION

### A.    The Balance of the Hardships Does Not Favor Injunctive Relief

Plaintiff has failed to meet his burden of articulating how the balance of the hardships favors an injunction.  The mandatory injunction Plaintiff seeks would restrict the trading of securities for GME and AMC, thus harming Citadel Securities LLC, the business of which is to provide liquidity to the market and serve as a market maker by executing orders in those securities.  This factor favors denial of the PI Motion.

### B.    The Proposed Injunction Would Be Adverse to the Public Interest

A preliminary injunction may be granted if it "would not be adverse to the public interest."  *McDonald's Corp.*, 147 F.3d at 1306.  Plaintiff fails to articulate how the proposed injunction would further the public interest.  Nor can he: a halt on the execution of trades would limit liquidity in the market, including substantively and adversely impacting retail investors whose brokers rely on the ability of Citadel Securities LLC to fill and execute retail orders in GME and AMC.[2]

---

[2]    Although the Court has "the discretion to issue a preliminary injunction without requiring Plaintiffs to give security," Plaintiff here does not even address the issue of a bond.  *Tancogne v. Tomjai Enterprises Corp.*, 408 F. Supp. 2d 1237, 1252 (S.D. Fla. 2005).

**SA.31**

## V.    PLAINTIFF'S *PRO SE* STATUS DOES NOT EXCUSE HIS FAILURES

Although a court may generally afford a *pro se* plaintiff some leniency, this "does not excuse a plaintiff from making the showing required to obtain injunctive relief."  *Parker v. HSBC Mortg. Servs., Inc.*, No. 13-CV-00682, 2013 WL 12123751, at *1 (N.D. Ga. July 12, 2013) (denying *pro se* plaintiffs' request for preliminary injunctive relief); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) (a "*pro se* litigant must still meet minimal pleading standards").  Where, as here, a motion for preliminary injunction is "perfunctory and comprises only bare legal conclusions unsupported by fact," the motion should be denied, regardless of the movant's *pro se* status.  *Uppal v. Wells Fargo Bank*, No. 15-CV-68, 2015 WL 12765539, at *1 (M.D. Fla. Mar. 26, 2015); *accord Parker*, 2013 WL 12123751, at *1 (denying motion for preliminary injunction where, as here, *pro se* plaintiffs failed to "set forth any basis for the [c]ourt to grant such relief").

The Court should not excuse Plaintiff's failure to meet his burden of persuasion.  First, Plaintiff was an attorney before being disbarred.[3]  *See Clarke v. PNC Bank*, No. 21-CV-60852, 2021 WL 1647886, at *1 (S.D. Fla. Apr. 27, 2021) (the "general rule" that a *pro se* party's pleadings should be liberally construed is "attenuated" when that party has "formal training and considerable experience in the law" (internal quotation marks omitted)); *see also Yeh Ho v. Wells Fargo Bank, N.A.,* No. 15-CV-81522, 2019 WL 2061101, at *2 (S.D. Fla. May 9, 2019) ("Courts show leniency to *pro se* litigants not enjoyed by those with the benefits of a legal education.").  Even putting aside this legal training, a *pro se* party is charged with a duty to avoid frivolous legal arguments and to conduct a "reasonable inquiry into the law," including "to find clearly settled law which goes directly against them."  *Patterson v. Aiken*, 111 F.R.D. 354, 357 (N.D. Ga. 1986) (citing Fed. R. Civ. P. 11), *aff'd*, 841 F.2d 386 (11th Cir. 1988).  Here, even a minimal inquiry into the law should have alerted Plaintiff—a repeat litigant who has brought other meritless lawsuits in this District—to the proper legal standard for a private preliminary injunction motion.[4]

---

[3]    *See In re George*, 58 A.D.3d 267, 269 (2d Dep't 2008) ("[E]ffective immediately, the respondent, Donnahue G. George, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.").

[4]    Plaintiff has commenced at least two other actions in the Southern District of Florida, each of which was dismissed or otherwise rejected, affirmed by the Eleventh Circuit, and resulted in a denial of certiorari by the U.S. Supreme Court.  *See George v. Snyder*, 847 F. App'x 544 (11th Cir. 2021), *cert. denied,* No. 20-1585, 2021 WL 4507711 (U.S. Oct. 4, 2021); *George v. Comm'r of*

15

**SA.32**

## VI.    THE COURT NEED NOT HOLD A HEARING ON PLAINTIFF'S MOTION

The Court has reserved decision about whether it will hold a hearing on the PI Motion. (*See* ECF No. 21.) Here, the Court need not hold a hearing, as Plaintiff fails to satisfy any of the requirements for the issuance of a preliminary injunction. *See Scheall v. Nicaea Acad., Inc.*, No. 2:14-CV-653, 2015 WL 4478475, at *1, *3 (M.D. Fla. July 22, 2015) (finding that a hearing was unnecessary and denying plaintiff's motion for preliminary injunction where plaintiff "failed to clearly establish the burden of persuasion for each prong of the analysis"); *see also Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175-76 (3d Cir. 1990) ("Obviously, a hearing would not be necessary if the movant is proceeding on a legal theory which cannot be sustained, because then there could be no showing of a likelihood of success on the merits.").

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Motion for Preliminary Injunction should be denied without a hearing.

---

*Soc. Sec.*, 828 F. App'x 699 (11th Cir. 2020), *cert. denied sub nom. George v. Kijakazi*, No. 20-1764, 2021 WL 4507842 (U.S. Oct. 4, 2021). !

Dated:  October 14, 2021

Respectfully submitted,

By: */s/ Jason Sternberg*                       
Jason D. Sternberg
Fla. Bar No. 72887
**Quinn Emanuel Urquhart & Sullivan, LLP**
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (561) 213-5635
Email: jasonsternberg@quinnemanuel.com
Secondary:  olgagarcia@quinnemanuel.com

*Counsel for Defendants Ken Griffin, Citadel*
*Enterprise Americas LLC, and Citadel Securities*
*LLC*

17

**SA.34**

## <u>CERTIFICATE OF SERVICE</u>

   I HEREBY CERTIFY that on October 14, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: <u>/s/ Jason D. Sternberg</u>

Jason D. Sternberg

Fla. Bar No. 72887

jasonsternberg@quinnemanuel.com

## SERVICE LIST

All counsel of record, via ECF

Plaintiff Donnahue George, via ECF and certified mail
1012 NW 2nd Street
Fort Lauderdale, FL 33311
donnahuegeorge@gmail.com
Pro Se

# TAB 59

FILED BY_____ D.C.

NOV 15 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 21-cv-61719-KMM

**DONNAHUE GEORGE**                    **MOTION IN**

**OPPOSITION**

Plaintiff

v.

**KEN GRIFFIN**

**CITADEL SECURITIES MARKET MAKER**

**CITADEL CONNECT DARK POOL**

**CITADEL LLC HEDGE FUND**

**FINRA**

**CFTC**

**DTCC**

**ROBINHOOD**

**WEBULL**

Defendants

**PLAINTIFFS MOTION IN OPPOSITION OF THE DEFENDANTS
REFUSAL TO PARTICIPATE IN SUBMITTING JOINT SCHEDULNG
REPORT AS PER THIS COURTS ORDER #51 AND #5 AND PERSUANT
FEDERAL RULES OF CIVIL PROCEDURE 26. DUTY TO DISCLOSE
AND FED RULES OF CIVIL PROCEDUR 37. FAILURE TO MAKE
DISCLOSURES OR TO COOPERATE IN DISCOVERY SANCTIONS**

## **INTRODUCTION**

Plaintiff Donnahue George contacted all represented defendants attorneys by U.S.

mail and by email informing them of the courts order that we all meet in order to

prepare the joint scheduling report as per the courts order #5 and #53. Plaintiff

Donnahue George prepared a preliminary Joint scheduling report (see Exhibit A)

and emailed it to all the defendants so that they could review it and so that all the

defendants would be on the same page. It was Plaintiff Donnahue George hope that

the Defendants would review the proposed Joint scheduling report and then when

we had the conference scheduled for November 12, 2021 at 1300 we could go over

the proposed and make the necessary adjustments so that we could submit it to the

court the following Monday November 15, 2021.

The only Defendants attorney who responded to my email and regular mail request

was Attorney Jason Sternberg the attorney for defendants  Ken Griffin, Citadel

Securities and Citadel LLC. He informed plaintiff Donnahue George in an email

that a joint phone call was going to be held on November 12, 2021 at 1300 but he

had already spoken to the other defendants attorneys and that they were refusing to

participate in the joint scheduling report because all defendants were not served. I

explained to Jason Sternberg that explanation to refuse to follow the courts order

made no logical sense to me. Plaintiff Donnahue George also found it really strange that Jason Sternberg had the authority to speak for all the defendants.

Plaintiff Donnahue George called into the Zoom number that was provided by Attorney Jason Sternberg at 1255 on November 12, 2021. The Attorneys that were present on the Zoom call were Jason Sternberg for Ken Griffin, Citadel LLC and Citadel Securities, Attorney David Mandel for FNRA, Attorney Greg Boyle for DTCC and Gustavo Membiela for Robinhood. When all the Attorneys were on the Zoom call they informed Plaintiff Donnahue George that they were refusing to follow the courts order until all defendants were served. I explained to them that that made no logical sense to me and that I was going to be substantially prejudiced by their refusal to follow the courts order. I told the time was of the essence and that the Joint scheduling report had to be done. They then informed Plaintiff Donnahue George that the unserved defendants would be prejudiced if they completed the joint scheduling report. Plaintiff Donnahue George then explained to all the attorneys that we could submit the Joint scheduling report and then when the other defendants were served they could file a motion to have the joint scheduling report amended if the timeframe did not match their schedule. The attorneys informed Plaintiff Donnahue George that they were refusing to cooperate and follow the courts order and were adamant that they not going to assist in preparing the Joint scheduling report. Plaintiff Donnahue George then informed all

the attorneys that they were in violation of the courts order and that I would be filing that information with the courts on Monday November 15, 2021. Plaintiff Donnahue George then sent an email to all defendant attorneys(See Exhibit B) explaining in them in writing what I was going to do and also explained to them that I felt that their actions violated Fed, Rules of Civil procedures (26) and that they could be held liable under Fed. Rules of Civil procedures (37).

The Defendants have a distinct advantage because by delaying the scheduling conference they are delaying the decision on the preliminary injunction, which will cause plaintiff Donnahue George irrevocable harm and this also will give the defendants more time to possibly manipulate the data in regards to AMC and GME records

## **LEGAL ARGUMENT**

1. Rule 16(b)(2) Time to issue scheduling order. The Judge must issue the scheduling order as soon as practicable but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served or 60 days after a defendant has appeared. The attorneys for Citadel securities did not appear until 09/28/ 2021 so according to Rule 16(b)(2) 60 days from 09/28/2021 is 11/27/2021

2. Defendants have no legal argument to disobey the courts order #5 and #53 requiring them to participate in preparing the joint scheduling report. The only purpose their refusal to follow the courts order serve is to further prejudice the Plaintiff Donnahue George. The longer the defendants take to participate in preparing the joint scheduling report the more losses Plaintiff Donnahue George incurs because the Preliminary injunction has been denied as Moot and the Defendants continue to trade AMC and GME shares through the dark pools further manipulating the price of the stocks and clouding the true and accurate share count of AMC and GME shares

3. Fed. Rules of Civil procedures (37) gives the court the authority to obligate the defendants to follow the courts order to participate in preparing the joint scheduling report and if the Defendants still refuse to follow the courts orders Rule (37) gives the court the authority to impose extreme sanctions to the defendants for non compliance of the courts order. In *Epson Corp v. Kravchuk et al. 18-15124 & 18-15245 (9th Cir, Dec 27, 2019)* the courts issued the serverest sanction possible because the parties refused to follow the courts orders.

4. The SEC was served on November 10, 2021 (See exhibit C) The United States Courts are fair and transparent unlike the United States stock market. So Plaintiff Donnahue George is confident that if the attorneys for the SEC

filed a motion to have the courts adjust the Joint scheduling order to give them an opportunity to come up to speed the Courts would approve the adjustment and Plaintiff Donnahue George would not object to any adjustment to the current Joint Scheduling report that plaintiff prepared for the courts. The risk of any prejudice to any unserved defendant is absolutely zero, so the illogical argument that the defendants ae using to defy the courts order is absolutely ridiculous.

5. A district court has unquestionable authority to control its own docket and broad discretion in how best to manage cases before it *See Guice v Sec,y, Dep't of Labor 754 F. App x 789, 791, (11th Cir 2018}* The court has the authority to order the defendants to participate in the preparation of the joint scheduling report.

## CONCLUSION

Plaintiff Donnahue George requests that this honorable court order reopen the case and order all the parties to hold another conference within the next 7 days or accept the current joint scheduling report that was submitted by Plaintiff Donnahue George,  and  that this honorable court put the Preliminary Injunction back on the courts calendar so that a hearing can be  scheduled so Plaintiff and Defendants can

present their arguments to the court and whatever else this honorable court find fair

and equitable

Respectfully requested

Date November 14, 2021                                    Donnahue George

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-cv-61719-KMM**

**DONNAHUE GEORGE**

Plaintiff

v.

**KEN GRIFFIN et al**

**JOINT PROPOSED SCHEDULING REPORT**

Plaintiff Donnahue George has not met with any defendants Pursuant to Rule 16.1(b) of the local rules of the Southern District of Florida (S.D. Fla. L.R.) and the courts order dated 8/18.2021 Parties have not met because Defendants have not responded to Plaintiff Donnahue George request for conference by U.S. postal mail and by email.

**Information required by S.D. Fla. L.R.  16. 1(B)**

(A) **Likelihood of Settlement**

Defendants view Plaintiff allegations as wholly unfounded and without evidentiary support and have refused to participate in a conference to prepare the joint Scheduling report. Settlement is therefore unlikely at this time. But Plaintiff Donnahue George will attempt in good faith to meet with defemdants to resolve this matter and will notify the court if they do so

(B) **Likelihood of Appearance in the Action of Additional Parties**

It is likely that as the discovery process progress that other parties might appear in this action

(C) **Discovery Schedule**. The parties propose the following pre-trial discovery schedule, which is based on the standard case management track pursuant pursuant to S.D. Fla, L.R. 16.1.A.2

| Date | Action |
|---|---|
| 14 days after denial of defendants motion to dismiss | initial disclosures pursuant to to Rule 26(a)(1)(A) |
| May 11, 2022 | Deadline for joinder of additional parties |
| May 11, 2022 | Fact Discovery cut off |
| June 7, 2022 | Exchange of expert reports |
| June15, 2022 | Exchange of witness lists |
| July 9, 2022 | Exchange of Expert Rebuttal Reports |
| August 16, 2022 | Expert Discovery Cut off |

| | |
|---|---|
| August 31, 2022 | Last day to Select a Mediator |
| September 30, 2022 | Last day to file Summary Judgment |
| November 28, 2022 | Last day to complete mediation |
| December 22, 2022 | Deadline for pretrial motions |
| January 15, 2023 | Deadline for Joint Pretrial Stipulation |
| January 24, 2023 | Deadline for Resolution of Pretrial Motions |
| January 24, 2023 | Pretrial Conference |
| February 7, 2023 | Deadline proposed Jury instructions |
| February 14, 2023 | Deadline for filing of Deposition Designations |
| February 21, 2023 | Trial |

(D) Proposals for the formulation and simplification of issues. At this time, the parties do not have any proposals for the formulation and simplification of issues. As the case progresses, the parties will if appropriate, in good faith, confer to discuss proposals for the formulation and simplification of issues in this case.

(E) Necessity of Amendment to pleadings. An Amendment to Plaintiffs Complaint may be necessary depending on the outcome of the Defendants motion to dismiss. Defendants have not filed motions to dismiss as of this date

(F) Admissions and Stipulations which will avoid unnecessary Proof. The parties will work together to obtain admissions and stipulations that will avoid unnecessary proof at trial.

(G) Suggestions for the Avoidance of unnecessary proof and presentation of cumulative evidence at trial

(H) Referral pf Matters to a Magistrate Judge.  The Plaintiff does not consent to trial by a magistrate judge, nor to the disposition od dispositive pre-trial motions by a magistrate Judge.

(I) Preliminary estimate of the time required for Trial. Plaintiff believes this trial will last 2 weeks

(J) Pretrial Conference and Trial Dates The Plaintiff request that  the pretrial conference be scheduled for January 24, 2023 and the trial to commence on or after February 21, 2023

(K) Other information Helpful to the Court in setting the Case for Status or Pretrial Conference. At this time the Plaintiff is unaware of any other information that  might be helpful to the court in setting the case for pretrial conference other than the fact that the defendants have refused to contact me regarding this Joint scheduling order

Respectfully Submitted

Donnahue George(*pro se*)
Donnahuegeorge@gmail.com
1012 NW 2nd st
Fort Lauderdale FL 33311
Tel: 347-216-5257
*Plaintiff*

M Gmail                                                    **donnahue george <donnahuegeorge@gmail.com>**

---

## Donnahue George V Ken Griffin et al 21-cv-61719

---

**donnahue george** <donnahuegeorge@gmail.com>                    Mon, Nov 8, 6:23 PM
To: Jason Sternberg <jasonsternberg@quinnemanuel.com>, <dsm@mandel.law>, <gboyle@jenner.com>,
<gmembiela@huntonak.com>, <aryan@caravath.com>

Good evening,
I have mailed all the defendants requesting that they contact me so that we can go over the Joint Scheduling report
that has been requested by the judge. As of today November 8, 2021 No one has contacted me. The judge said that
defendants had until November 10, 2021 to contact me to prepare the report .If no defendants contact me I will just
submit a joint  scheduling report to the courts with just my information on it. I am available everyday at 347 216-5257
or can be reached at this email address
Respectfully
[Quoted text hidden]

EXHIBIT B

## AFFIDAVIT OF PROCESS SERVER

### United States District Court Southern District Of Florida

**DONNAHUE GEORGE**

      Plaintiff(s),

VS.

**KEN GRIFFIN, ET AL**

      Defendant(s).

Attorney: NONE

Donnahue George
1012 NW 2nd St
Fort Lauderdale FL 33311

**\*271035\***

**Case Number: 21-cv-61719-KMM**

Legal documents received by Same Day Process Service, Inc. on **10/27/2021** at **9:40 AM** to be served upon **SECURITIES EXCHANGE COMMISSION**, at **100 F St., NE, Washington, DC, 20549**

I, **Brandon Snesko**, swear and affirm that on **November 10, 2021** at **9:10 AM**, I did the following:

Served **SECURITIES EXCHANGE COMMISSION, a government agency** by delivering a conformed copy of this **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; PLAINTIFF'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION; EXHIBITS A THROUGH F; PROOF OF SERVICE; SUMMONS IN A CIVIL ACTION (ISSUED ON 08/17/21); AMENDED COMPLAINT JURY TRIAL DEMAND; CERTIFICATE OF SERVICE** to Alvarado Travis as **Authorized Agent** at **100 F St., NE , Washington, DC 20549** of the government agency and informing that person of the contents of the documents.

**Description of Person Accepting Service:**
Sex: Male Age: 30 Height: 5ft0in-5ft4in Weight: 161-200 lbs Skin Color: Hispanic Hair Color: Black

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

District of Columbia
Signed and sworn to (or affirmed) before me
on 11-10-2021 by Brandon Snesko

_____
Date            Name(s) of individual(s) making statement

_____
Signature of Notarial Officer

Notary
_____
Title of Office

My commission expires: 9-30-2026

Carolyn L. Elam
Notary Public, District of Columbia
My Commission Expires 9/30/2026

**Brandon Snesko**
Process Server
**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
(202)-398-4200
info@samedayprocess.com

Internal Job
ID:271035



EXHIBIT C

**donnahue george** <donnahuegeorge@gmail.com>        Nov 12, 2021, 1:25 PM (2 days ago)
to Jason, aunikowsky, dsm, gmembiela

Good afternoon

I appreciate the 4 of you meeting me today in the Confrence call at 1pm I am disappointed that you all hold the position that You will not participate in the joint scheduling report until all the parties are served.

That makes no logical sense to me and I am being irrevocably harmed by the delay. The court order Ed that the report had to be completed in order for the lawsuit to move forward

I believe that your refusal to participate in the discovery process is a violation of federal rules of Evidence 37 I will be filling an appropriate motion with the court Monday and the court will dictate how we move forward

Regards

Donnahue George

---

**Jason Sternberg**                     Nov 13, 2021, 12:10 PM (23 hours ago)
to me, aunikowsky@jenner.com, dsm@mandel.law, gmembiela@huntonak.com

Dear Mr. George,

As discussed on yesterday's call—and consistent with the Court's Pretrial Order—a scheduling conference should involve all of the parties, and the Served Defendants are willing to meet and confer with you regarding a scheduling conference within seven days after you finalize service on the remaining named defendants. Holding a scheduling conference at this time would prejudice the Served Defendants by forcing them to negotiate the scheduling report piecemeal, and prejudice the non-present defendants (the SEC, which you claim you served but was not represented at the meeting, along with the defendants you have not yet served) through the negotiation of deadlines (including for dispositive motions) without their participation or awareness.

As you said yesterday that you served the SEC and are in the process of serving the remaining defendants, there is no reason that a scheduling conference cannot occur in short order.

Regards,

**Jason Sternberg**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**
Phone: 561.213.5635
jasonsternberg@quinnemanuel.com
www.quinnemanuel.com

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing motion to accept joint scheduling order and to put Preliminary Injunction back on the courts calendar was served by U.S. Mail on November 15, 2021  to all counsel or parties of record on the Service List

Donnahue George

SERVICE LIST

**SEC**

100 F st NE Washington DC 20549

**Quinn Emmanuel trial Attorneys**

2601 s. Bayshore drive suite 1550 Miami FL 33133

**CITADEL CONNECT DARK POOL**

131 S Dearborn st Chicago IL 60603

**CITADEL LLC HEDGE FUND**

131 S Dearborn st   Chicago IL 60603

**Mandel & Mandel LLP**

169 East Flager st Suite 1224 Miami FL 33131

**DTCC**

55 Water St  New York NY 10041

**Cravath Swaine & Moore LLP**

825 8th ave New York NY 10019

**WEBULL FINANCIAL LLC**

44 Wall st Suite 501 New York NY 10005

# TAB 61

## AFFIDAVIT OF PROCESS SERVER

### United States District Court Southern District Of Florida

**DONNAHUE GEORGE**

          Plaintiff(s),

VS.

**KEN GRIFFIN, ET AL**

          Defendant(s).

Attorney: NONE

Donnahue George
1012 NW 2nd St
Fort Lauderdale FL 33311

**FILED BY** _____ **D.C.**

**NOV 15 2021**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

*271035*

**Case Number: 21-cv-61719-KMM**

Legal documents received by Same Day Process Service, Inc. on **10/27/2021** at **9:40 AM** to be served upon **SECURITIES EXCHANGE COMMISSION**, at 100 F St., NE, Washington, DC, 20549

I, Brandon Snesko, swear and affirm that on **November 10, 2021** at **9:10 AM**, I did the following:

Served **SECURITIES EXCHANGE COMMISSION, a government agency** by delivering a conformed copy of this **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; PLAINTIFF'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION; EXHIBITS A THROUGH F; PROOF OF SERVICE; SUMMONS IN A CIVIL ACTION (ISSUED ON 08/17/21); AMENDED COMPLAINT JURY TRIAL DEMAND; CERTIFICATE OF SERVICE** to Alvarado Travis as Authorized Agent at 100 F St., NE , Washington, DC 20549 of the government agency and informing that person of the contents of the documents.

**Description of Person Accepting Service:**
Sex: Male Age: 30 Height: 5ft0in-5ft4in Weight: 161-200 lbs Skin Color: Hispanic Hair Color: Black

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

District of Columbia
Signed and sworn to (or affirmed) before me
on _11-10-2021_ by _Brandon Snesko_
  Date        Name(s) of individual(s) making Statement

_____
Signature of Notarial Officer

Title of Office

My commission expires: _9-30-2026_

CAROLYN L. ELAM
Carolyn L. Elam
Notary Public, District of Columbia
My Commission Expires 9/30/2026

**Brandon Snesko**
Process Server
Same Day Process Service, Inc.
1413 K St., NW, 7th Floor
Washington DC 20005
(202)-398-4200
info@samedayprocess.com

Internal Job
ID:271035



# TAB 63

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61719-MOORE/SNOW

DONNAHUE GEORGE,

               Plaintiff,

      v.

KEN GRIFFIN, CITADEL SECURITIES
LLC, CITADEL CONNECT, CITADEL
LLC, SECURITIES EXCHANGE
COMMISSION, FINRA, CFTC, DTCC,
ROBINHOOD FINANCIAL LLC, and
WEBULL FINANCIAL LLC,

Defendants.

_____/

**DEFENDANTS KEN GRIFFIN, CITADEL ENTERPRISE
AMERICAS LLC, AND CITADEL SECURITIES LLC'S
OMNIBUS RESPONSE TO PLAINTIFF'S MOTION REGARDING
SCHEDULING CONFERENCE, SCHEDULING REPORT, AND MOTION TO REOPEN**

        Defendants Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC (the "Citadel Defendants") respectfully submit this omnibus response to Plaintiff's "Motion in Opposition of the Defendants Refusal to Participate" (ECF No. 59), Motion to Reopen (ECF No. 62) (together, the "Motions"), and "Joint" Scheduling Report (ECF No. 60) ("Scheduling Report").

        Plaintiff's filings on November 15 are the latest in a series of submissions by Plaintiff in this closed case that only exacerbate the procedural quagmire Plaintiff has created through his repeated failure to comply with the orders of this Court.  Even though the initial complaint was filed more than 90 days ago, Plaintiff has yet to serve multiple named Defendants (and has failed to move for an extension of time to do so pursuant to the Court's instructions, *see* ECF Nos. 5, 58), thus halting the orderly progression of this case and preventing the parties from holding a scheduling conference with input from all the parties.  Nonetheless, on November 12, 2021, the Defendants who have been served to date conferred with Plaintiff to discuss any major

case management issues, and offered to conduct a scheduling conference within seven days of the completion of service on the remaining named Defendants. Rather than agreeing to this sensible approach, Plaintiff filed the instant Motions and Scheduling Report.

Plaintiff's Motions should be denied and his purported Scheduling Report should be rejected. Despite representing to the Court that the Scheduling Report is a joint submission, the submission is in fact a unilateral submission that does not contain the input of the served or unserved Defendants. Second, Defendants have complied with the Court's Pretrial Order, which Defendants reasonably interpret as requiring the involvement of all Parties at the scheduling conference. Third, Defendants have repeatedly offered to hold a scheduling conference within seven days of Plaintiff serving the remaining named Defendants; any delay is a result of Plaintiff's failure to prosecute his case through timely service. Finally, the Court should give no weight to Plaintiff's vague and cursory references to discovery violations—no discovery has occurred and the case remains closed.

## BACKGROUND

On August 17, 2021, the Court issued its Pretrial Order, in which the Court directed the Parties to (i) hold a scheduling conference no later than twenty days after the filing of the first responsive pleading by the last responding defendant, or within sixty days after the filing of the complaint, provided all of the defendants have been served by the deadline, whichever occurs first, and (ii) file a joint scheduling report within ten days of the scheduling conference. (ECF No. 5.) The Court cautioned, "Failure of counsel to file a joint scheduling report within the deadlines … may result in dismissal, default, and the imposition of other sanctions including attorney's fees and costs." (*Id.*)

On October 29, 2021, the Court dismissed this action without prejudice for failure to timely file a joint scheduling report. (ECF No. 51.) In the week following dismissal, Plaintiff filed three motions—to reopen (ECF No. 52), to obligate Defendants to contact him (ECF No. 55) and for an extension of time to file a joint scheduling report (ECF No. 56)—along with an untimely second amended complaint (ECF No. 54). The Court denied each of Plaintiff's motions. (*See* ECF Nos. 53, 57, 58.)

In denying Plaintiff's motion for an extension of time, the Court reiterated that its Pretrial Order "requires a plaintiff to move for an extension of time when not all defendants have been served to accommodate a plaintiff's efforts to serve process" and found Plaintiff's motion

2

**SA.54**

without merit because Plaintiff did not seek the extension of time "to serve the remaining Defendants who have yet to be served."  (ECF No. 58.)  In Plaintiff's motion to obligate Defendants to contact him, Plaintiff asserted that he had written a letter to Defendants—a letter none of the Defendants had received at the time Plaintiff filed the motion—"requesting that they contact him to put together a joint report of proposed scheduling could be prepared for the courts."  (ECF No. 55.)  The Court denied Plaintiff's motion without prejudice as premature, noting that Plaintiff may refile his motion if Defendants make no attempt to contact him by November 10, 2021.  (ECF No. 57.)

On November 10, the Citadel Defendants contacted Plaintiff on behalf of the defendants that had been served or had waived service (in addition to the Citadel Defendants, Robinhood, DTCC, and FINRA, collectively, the "Served Defendants"), stating it would be most efficient to hold the scheduling conference after Plaintiff served the remaining defendants, and that the Served Defendants would participate in a scheduling conference within seven days of service of the remaining named defendants.  The Served Defendants offered to meet with Plaintiff on Friday, November 12, to answer any questions regarding the requirements of a joint scheduling report.  Plaintiff responded with three emails, including that he would "be submitting the Joint scheduling report after the meeting on Friday."

In response to Plaintiff's emails, the Served Defendants reiterated that they were willing to meet with Plaintiff, and to hold a scheduling conference within seven days of service on the remaining defendants, but that the Parties' meeting on November 12 would not be a scheduling conference, and that any scheduling report Plaintiff filed prior to a scheduling conference would not be a "joint" scheduling report.  Plaintiff replied that he would "be filing that preliminary report with the court without your input and will inform the court of your decision."  The Served Defendants responded that holding a scheduling conference at this time would prejudice the Served Defendants by forcing them to negotiate the scheduling report piecemeal, and prejudice the non-present Defendants.  The Served Defendants reiterated that they would be willing to promptly hold a scheduling conference, and that as Plaintiff said he was in the process of serving the remaining defendants, there is no reason that a scheduling conference could not occur in short order.  (*See* ECF No. 59, Ex. C.)  On November 15, Plaintiff filed the Motions and Scheduling Report.

## MEMORANDUM OF LAW

Plaintiff's motions should be denied for several independent reasons.  First, the Court has already explained that the Parties "may move to reopen this matter upon the Parties filing a joint scheduling report."  (ECF No. 51.)  Here, no joint scheduling report has been filed.  Instead, Plaintiff filed a unilateral scheduling report that is improperly labeled a "joint" scheduling report and that purports to provide Defendants' statements regarding the case.  (*See* ECF No. 60 ("Defendants view Plaintiff allegations [sic] as wholly unfounded…").)  Plaintiff made this filing notwithstanding that Defendants informed Plaintiff that (i) it was premature to file a scheduling report until—consistent with the Court's Pretrial Order—all defendants have been served; (ii) Plaintiff did not have permission to file any scheduling report on behalf of the Defendants;[1] and (iii) any scheduling report submitted prior to a scheduling conference is not a "joint" scheduling report.  Moreover, not all of the Defendants that Plaintiff claims to have served were present at the November 12 conference—Plaintiff told Defendants he had served the Securities & Exchange Commission ("SEC"),[2] yet the SEC was not represented at the meeting.  Further, there is no evidence in the record that WeBull Financial LLC or the CFTC have been served to date.

Second, Defendants have complied with the Court's orders, and Defendants at no time "informed Plaintiff Donnahue George that they were refusing to follow the courts order [sic] and were adamant that they were not going to assist in preparing the Joint scheduling report." (ECF No. 59 at 3.)  As this Court's Pretrial Order makes clear, the scheduling conference is to involve all Defendants, and "if all defendants have not been served by the expiration of the [deadline to hold a scheduling conference]," Plaintiff was required to "move for an enlargement of time to hold the scheduling conference."  (ECF No. 5.)  In addition, the Court reiterated last

---

[1]  Plaintiff, who practiced law as a member of the New York bar prior to being disbarred in 2008, should be aware that representing to the Court that a scheduling report is jointly submitted violates, among other things, fundamental rules of candor and honesty in dealings with the Court. *See In re George*, 58 A.D.3d 267, 269 (2d Dep't 2008) ("[E]ffective immediately, the respondent, Donnahue G. George, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.").

[2]  Plaintiff's recently-filed certificate of service as to the SEC (ECF No. 61) appears insufficient to establish service for several reasons, as it attests that a process server delivered copies of the summons and complaint to an SEC office, which alone is insufficient to serve a government agency under Rule 4(i)(2). *See Ferguson v. Soc. Sec. Admin.*, No. 14-CV-62923, 2015 WL 13683649, at *1 (S.D. Fla. May 21, 2015) (finding insufficient an attempt to serve a government agency through in-person delivery of summons and complaint to agency employee at an agency office).

4

week that its Pretrial Order "requires a plaintiff to move for an extension of time when not all defendants have been served to accommodate a plaintiff's efforts to serve process" and noted that Plaintiff did not seek an extension "to serve the remaining Defendants who have yet to be served." (ECF No. 58.)[3]  As Plaintiff has not served all of the named Defendants, it would not be consistent with the Court's orders to hold a scheduling conference at this time.[4]

Third, the Served Defendants have repeatedly informed Plaintiff that they will hold a scheduling conference promptly after service of the named Defendants that have not yet been served; any delay is a result of Plaintiff's failure to prosecute his case by serving the Defendants. Despite the Court's entry of the Pretrial Order on August 17, 2021 (*see* ECF No. 5), Plaintiff did not attempt to contact Defendants regarding a scheduling conference until November 2, 2021 (*see* ECF No. 55).  Moreover, and significantly, Plaintiff commenced this action more than 90 days ago, and still has not served all of the named Defendants.  In short, Plaintiff has failed to prosecute his case by serving all of the Defendants, failed to comply with the Court's Pretrial Order by seeking an extension of time to serve the Defendants, and now improperly accuses Defendants of delay.[5]  (ECF No. 59 at 4.)

Finally, Plaintiff suggests that Defendants' "actions violated Fed, Rules of Civil procedures (26) and that they could be liable under Fed. Rules of Civil procedures (37)."  Plaintiff has failed entirely to explain how Defendants have violated any Rules, let alone these rules governing discovery (particularly given that no discovery has occurred and the case remains closed).  Accordingly, the Court should give no weight to these cursory and incorrect assertions.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motions.

---

[3]   As Plaintiff never sought such an enlargement of time, it is unclear whether Plaintiff's request to hold a scheduling conference is timely.

[4]   Plaintiff arguments regarding prejudice ignore the prejudice involved in attempting to obtain an *ex parte* preliminary injunction against Defendants he has, inexplicably, still failed to serve.

[5]   In addition to the many unsupported statements in the Motions, Plaintiff has alleged publicly regarding this action that Defendants have "control over the court system." *See* Donnahue George, "Lawsuit Update Citadel influence is everywhere" (Nov. 5, 2021), YouTube, *available at* https://youtu.be/57pYNgsT5BY.

Dated:  November 16, 2021

Respectfully submitted,

By: */s/ Jason Sternberg*
Jason D. Sternberg
Fla. Bar No. 72887
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (561) 213-5635
Email: jasonsternberg@quinnemanuel.com
Secondary:  olgagarcia@quinnemanuel.com

***Counsel for Defendants Ken Griffin, Citadel
Enterprise Americas LLC, and Citadel Securities
LLC***

6

**SA.58**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By:  */s/ Jason Sternberg*
Jason D. Sternberg (FBN 72887)

# TAB CS

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated:  April 21, 2022

_/s/ Derek Shaffer_
Derek L. Shaffer

## SERVICE LIST

All counsel of record, via ECF

Plaintiff Donnahue George, via ECF and mail
1012 NW 2nd Street
Fort Lauderdale, FL 33311
donnahuegeorge@gmail.com
Pro Se