# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 21-14208

Donnahue George, Plaintiff -Appellant

v.

Ken Griffin et al

Defendant- Appellees

On Appeal from

the United States District Court

for the Southern District of Florida

Case No. 21-CV- 61719

**REPLY BRIEF OF PLAINTIFF- APPELLANT**

Donnahue George

1012 NW 2nd Street

Fort Lauderdale Fl 33311

(347) 216-5257

Email: DonnahueGeorge@gmail.com

1

# STATEMENT OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT

Plaintiff- Appellant does not have a parent corporation and is not a publicly held corporation.

Interested parties are as follows:

Ken Griffin, Defendant- Appellee

Citadel Securities. Defendant-Appellee

Citadel LLC, Defendant-Appellee

FINRA, Defendant-Appellee

DTCC, Defendant-Appellee

Robinhood, Defendant- Appellee

SEC, Defendant-Appellee

Donnahue George, Plaintiff- Appellant

Jason Sternberg, Attorney for Defendant

David Mandel, Attorney for Defendant

Adam Unikowsky, Attorney for Defendant

Gustavo Membiela, Attorney for Defendant

David Mandel, Attorney for Defendant

Honorable Judge K. Michael Moore U.S. District Court Judge

## **STATEMENT REGARDING ORAL ARGUMENT**

Plaintiff-Appellant requests Oral argument because Plaintiff-Appellant continues to suffer irrevocable losses because of the actions of the Defendants and he believes it could significantly aid in the decisional process in this case.

3

## TABLE OF CONTENTS

STATEMENT OF INTERESTED PERSONS……………………………..2
STATEMENT REGARDING ORAL ARGUMENT………..……..…..3
TABLE OF CONTENTS…………………………………………………..4
TABLE OF AUTHORITIES…………………………………………….5
ARGUMENT…………………………………………………..……...6
CONCLUSION……………………………………………...…………12
CERTIFICATE OF COMPLIANCE WITH FED.R. APP.P.32(a)………13
CERTIFICATE OF SERVICE……………………………………...…..14

# TABLE OF AUTHORITIES

**Cases**

*Audi AG & Volkswagen of America Inc v, George Izumi*
*204 F. Supp 2d 1014 (E.D, Mich 2002)*................................ 7

*In Re George 58 A.D.3d 267 (2d Dept 2008)*........................10

*Federal Statutes*

*Fed. R.Civ 60(b)(1)*........................................................7

*Fed R. Civ. P 26(a) Required Disclosures*........................12

## ARGUMENT

### 1. SEC Was Properly Served by the Process Server and Ken Griffin has No Standing to Contest that Service. All District Court Orders were Final and Appealing to the Court of Appeals was the Next Required Step in the Legal Process

The Defendant SEC was properly served by the process server on 11/10/2021 (See ECF#61) The Defendant SEC has not contested the service and Defendant Ken Griffin does not have standing to contest the service on defendant SEC. The Courts have held that the Defendants bare allegations without more are insufficient to establish that service was not properly effected. (See Audi AG & Volkswagen of America Inc v, George Izumi, 204 F. Supp 2d 1014 (E.D, Mich 2002)

On October 29, 2021 the Courts ruled that the case was dismissed without prejudice because the parties did not file the Joint Scheduling report and denying the preliminary injunction as moot, and that parties could reopen the case upon parties filing the joint scheduling report.(See ECF#51)

On November 2, 2021 Plaintiff filed a motion requesting that the court reopen the case pursuant to Fed. R.Civ 60(b)(1) and that the courts rule on the preliminary injunction (See ECF#52) on November 3, 2021 the courts denied that request. (See ECF#53)

6

Plaintiff Donnahue George then attempted to get the defendants together to prepare the Joint scheduling Report and the Defendants refused stating until all defendants were served they were not going to participate in preparing the joint scheduling report. On November 4, 2021 Plaintiff Donnahue George filed a motion with the courts requesting that the courts order the defendants to participate in preparing the Joint scheduling report (see ECF#55) and that motion was denied without prejudice on November 5, 2021(see ECF#57)

On November 5, 2021 Plaintiff Filed a request for enlargement of the time to prepare the Joint scheduling order pursuant to the judges order on October 18, 2021 because all the defendants had not been served. (See ECF#56) On November 8, 2021 the court denied the plaintiffs motion for an enlargement(See ECF#58) so that he could get all the defendants served and then get the Joint scheduling order prepared.

On November 15, 2021 Plaintiff Donnahue George filed a motion in opposition of Defendants motion to for refusal to participate in the joint scheduling order and requesting that courts sanction defendants for not participating in discovery and failure to make disclosure. (See ECF#59) Plaintiff Donnahue George also submitted a Joint Proposed scheduling order signed by Plaintiff Donnahue George(See ECF#60) On November 17, 2021 The courts denied Plaintiff Donnahue George motion for sanctions denied Plaintiffs Motion to order

7

Defendants to participate in preparing Joint scheduling report and refused to accept the Joint Scheduling report that was submitted by Plaintiff.(See ECF#64) Defendants said they were refusing to participate in preparing the Joint scheduling report because all defendants were not served even though there are federal rules in place to deal with that scenario. Plaintiff Donnahue George filed a notice of dismissal on November 29, 2021 in regards to CTFC and Webull so that would make all the defendants served. After Plaintiff Donnahue George filed the dismissal of CTFC and WEbull Now the Defendants were saying that they were not going to participate in preparing the Joint scheduling report because they were questioning the service to the SEC. Plaintiff Donnahue George explained to the Defendants that they did not have any standing to contest the service to the SEC and that they were required to participate in preparing the Joint Scheduling order and defendants refused.

On November 30, 2021 Plaintiff Donnahue George once again filed a motion for the courts to order the defendants to participate in preparing the Joint Scheduling order.

On December 3, 2021 The court denied Plaintiffs motion requesting that court order defendants to particpate in preparing the Joint Scheduling order.

The District court denied all Plaintiff Donnahue George motions and motions for reconsideration so these were final determinations by the District Court and

therefore gave the Court of Appeals Jurisdiction over the case once Plaintiff Donnahue George filed the Notice of Appeal.

## 2. Plaintiff Donnahue George Personal Tragedy in his Life 15 years ago has Nothing to Do with the Defendants Blatant Violation of U.S. Anti-Trust Laws and Supporting the Biggest Ponzi Scheme in U.S. History

Defendants have no legal defense to their blatant illegal manipulation of our stock market and violating U.S. anti-trust and monopoly laws so they attempt to attack Plaintiff Donnahue George character because of his disbarment from practicing law. In 2005 Plaintiff Donnahue George mother was diagnosed with cancer. She started taking chemo in order to fight the cancer. Plaintiffs mother started complaining that the chemo treatment was worse than the cancer and decided to stop doing the chemo. She then made a decision to move to Dominican Republic to live a more wholesome life. Plaintiff Donnahue George thought that his mother was going there to die and he was an emotional wreck. Plaintiff Donnahue George dropped everything and ran to the Dominican Republic to spend what he thought would be the last months with his mother. While Plaintiff Donnahue George was in Dominican Republic tending to his sick mother a client made a complaint to the Attorney Grievance committee that I was not handling her case. I did not get the complaint and I was suspended by default and then 6 months later disbarred by default (see In re George 58 A.D.3d

9

267 (2d Dept 2008) The only person that was negatively affected by my decision was myself and my family. No client of mine suffered any injuries from the decision I made when I was an emotional wreck.

Investopedia.com states that a Ponzi Scheme is a fraudulent investment scam which generates returns from earlier investors with money taken from later investors. The Failure to Delivers of AMC shares works exactly like a Ponzi Scheme in order for the scheme to continue it requires new counterfeit shares to replace the old counterfeit shares to give the appearance of covering, when in reality there are no real shares. The amount of Failure to Delivers of AMC shares are 780% higher than Apple which has a market cap more than 10 times that of AMC. The defendants are putting naked shorts into the market in order to illegally reduce the value of AMC shares. Investopedia.com states that Failure to delivers refers to not being able to meet ones trading obligations. They also state that Failure to Delivers can occur in derivatives or when selling short naked. Investopedia states that Naked shorting is an illegal practice of selling short shares that have not been affirmatively determined to exist.

The defendants are running a Ponzi Scheme or purposely turning a blind eye to the obvious corruption in the market even though they have taken an oath to protect the market and retail investors.

### 3. Plaintiffs Motion for Preliminary Injunction Should have been Granted because Defendants are illegally Using the Dark Pools to Manipulate the Price of AMC and GME Stocks Costing Plaintiff Losses Everyday.

Citadel Securities have continued to trade AMC shares in the dark pool after the lawsuit was filed. The Dark Pool was designed for large institutional trades to not disrupt the market, Yet Citadel Securities is using the dark pool to illegally manipulate the price of AMC stock by routing retail buy orders through the dark pool so that they are not reflected on the NYSE and therefore they can illegally manipulate the price. On September 2, 2021 68% of AMC shares were traded in the dark pool (see exhibit F)Investopedia states that " The prices at which trades are executed in the dark pools ,may diverge from prices displayed in the public Markets which puts retail investors at a huge disadvantage" if 10% of stock is traded in the dark pool that is considered excessive yet AMC shares are being traded at almost 70% in the dark pool . This abuse continued after the lawsuit was filed and sent by certified mail return receipt to all defendants. The Dark pool manipulation along with all the naked shorting has made it impossible to determine the actual number of real shares of AMC that are in the Market. The Dark Pool needs to be suspended until an accurate share count can be done of AMC and GME shares.

## CONCLUSION

Wherefore Plaintiff Donnahue George respectfully submits that substantial evidences supports that Defendants were legally required to participate in preparing the Joint Scheduling report and the Defendants failure to do so violated Fed. R. Civ. P 26(a) and therefore sanctions should have been issued The preliminary injunction was erroneously marked as a permanent injunction and should have been granted prior to the dismissal of this case in the District court because Defendants are still using Dark Pools daily to illegally manipulate the market and Plaintiff-Appellant signed Joint scheduling order should have been accepted by the District court. Plaintiff Appellant requests that this honorable court sanction the Defendants for not participating in preparing joint scheduling order, order that the district court has to accept Plaintiff Appellants Joint scheduling report, grant Plaintiff-Appellants Preliminary Injunction and send the case back to the district court so a trial can be held to determine the legitimacy of Plaintiff-Appellants allegations in his amended complaint and whatever else the courts finds just and equitable.

Respectfully Submitted

Date: April 28, 2022

Donnahue George
1012 NW 2nd Street
Fort Lauderdale Fl
33311
(347) 216-5257
Email: DonnahueGeorge@gmail.com

## CERTFICATE OF COMPLIANCE WITH FED .R.APP.P.32(a)

1. This brief complies with the type-volume limitations of Fed. R. App.P. 32 and Fed. R. P. 29 because it is less than 30 pages.

2. This brief complies with the typeface requirements of Fed.R. App. P. 32(a)(6) because it has been prepared in a proportionally- spaced typeface using Microsoft Word in 14- point Times New Roman

Dated April 28, 2022

*Donnahue George*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Appellants Reply Brief and Appendix by U.S. Mail and ECF system on April 28, 2022 to all counsel or parties of record on the Service List

*[signature]*

Donnahue-George

## SERVICE LIST

**SEC**

100 F st NE Washington DC 20549

**Quinn Emmanuel trial Attorneys**

2601 s. Bayshore drive suite 1550 Miami FL 33133

**CITADEL CONNECT DARK POOL**

131 S Dearborn st Chicago IL 60603

**CITADEL LLC HEDGE FUND**

131 S Dearborn st   Chicago IL 60603

**Mandel & Mandel LLP**

169 East Flager st Suite 1224 Miami FL 33131

**DTCC**

55 Water St  New York NY 10041

**Cravath Swaine & Moore LLP**

825 8th ave New York NY 10019